LATHAM & WATKINS LLP
Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Robert E. Sims (Bar No. 116680)
bob.sims@lw.com
David M. Friedman (Bar No. 209214)
david.friedman@lw.com
Risha N. Jamison (Bar No. 230820)
risha.jamison@lw.com
Christopher W. Johnstone (Bar No. 242621)
christopher.johnstone@lw.com
Heather L. Thompson (Bar No. 246321)
heather.thompson@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: 415.391.0600
Facsimile: 415.395.8095

Attorneys for Defendant
CARL W. JASPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CARL W. JASPER,<br><br>Defendant. | CASE NO. CV 07-6122 (JW)<br><br>CARL JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Judge: Hon. James Ware<br>Date: April 7, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8, Fourth Floor |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CORRECTED CONSOLIDATED DERIV. COMPLAINT

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 7, 2008 at 9:00 a.m., or as soon thereafter as the matter maybe heard, in the above-captioned Court, defendant Carl Jasper will and hereby does move this Court for an order dismissing this action, or in the alternative, striking certain portions of the First Amended Complaint. This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) for failure to state a claim upon which relief may be granted and, in the alternative, pursuant to Federal Rule of Civil Procedure 12(f).

By this Motion, Mr. Jasper moves this Court:

1. to dismiss the Amended Complaint for failure to state a claim under Rules 9(b) and 12(b)(6); or in the alternative, to strike each allegation which fails to state a claim under Rule 12(f);
2. to dismiss each of Plaintiff's fraud claims for failure to allege materiality under Rules 9(b) and 12(b)(6);
3. to dismiss each of Plaintiff's fraud claims for failure to allege scienter under Rules 9(b) and 12(b)(6);
4. to bar certain untimely allegations for failure to state a claim under Rule 12(b)(6); and
5. to strike or restrict certain prayers for relief pursuant to Rule 12(f).

**STATEMENT OF ISSUES**

1. Should the Amended Complaint be dismissed for failure to comply with the requirements of Rule 9(b)?
2. Should Plaintiff's claims be dismissed for failure to sufficiently plead that the alleged misstatements and omissions were material?
3. Should Plaintiff's claims be dismissed for failure to plead that Mr. Jasper acted with the requisite scienter?
4. Does the statute of limitations, 28 U.S.C. § 2462, bar certain claims and allegations contained in the Amended Complaint?

5. Should Plaintiff be permitted to seek and restitution and relief under Section 304 of the Sarbanes-Oxley Act of 2002?

6. Should Plaintiff be permitted to seek disgorgement?

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. SUMMARY OF ALLEGATIONS ........ 2

III. ARGUMENT ........ 4

A. Plaintiff's Entire Complaint Should be Dismissed For Failure to Plead With Particularity as Required Under Rule 9(b) ........ 4

1. All of Plaintiff's Causes of Action Are Subject to the Heightened Pleading Standard of Rule 9(b) ........ 4

2. Plaintiff Fails to State With Particularity Which Grants Form the Basis of Its Complaint ........ 5

3. Plaintiff Fails to Describe the Alleged Fraudulent Conduct With The Requisite Particularity ........ 6

4. Plaintiff Fails to Plead Particularized Facts Demonstrating Scienter ........ 7

5. Plaintiff Fails to Plead With Particularity Facts to Suggest the Alleged Omissions and Misstatements Were Material ........ 8

B. The Statute of Limitations Bars The Majority of Plaintiff's Claims ........ 9

C. Plaintiff's Prayer for Relief Cannot Be Recovered as a Matter of Law ........ 10

1. Section 304 Cannot Be Applied Retroactively ........ 10

2. Plaintiff's Request for Disgorgement Should Be Stricken ........ 11

IV. CONCLUSION ........ 12

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Aaron v. SEC*,
446 US 680 (1980) ... 7

*Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*,
89 F.3d 1399 (9th Cir. 1996) ... 6

*Asdar Group v. Pillsbury, Madison, and Sutro*,
99 F.3d 289 (9th Cir. 1996) ... 10

*Bruns v. Ledbetter*,
583 F. Supp. 1050 (S.D. Cal. 1984) ... 6

*Clayton v. Landsing Pac. Fund, Inc.*,
2002 U.S. Dist. LEXIS 9446 (N.D. Cal. May 9, 2002) ... 10

*Desaigoudar v. Meyercord*,
223 F.3d 1020 (9th Cir. 2000) ... 4

*Durning v. Citibank, Int'l*,
990 F.2d 1133 (9th Cir. 1993) ... 10

*Humetrix, Inc., v. Gemplus S.C.A.*,
268 F.3d 910 (9th Cir. 2001) ... 11

*In re AFC Enterprises, Inc. Deriv. Litig.*,
224 F.R.D. 515 (N.D. Ga. 2004) ... 11

*In re CNET Networks, Inc.*,
483 F. Supp. 2d 947 (N.D. Cal. 2007) ... 7

*In re CornerStone Propane Partners, L.P. Sec. Litig.*,
355 F. Supp. 2d 1069 (N.D. Cal. 2005) ... 7

*In re Ditech Networks, Inc. Derivative Litig.*,
2007 U.S. Dist. LEXIS 51524 (N.D. Cal. July 16, 2007) ... 10

*In re Enron Corp. Sec., Derivative, & ERISA Litig.*,
310 F. Supp. 2d 819 (S.D. Tex. 2004) ... 10

*In re Goodyear Tire & Rubber Co. Derivative Litig.*,
2007 U.S. Dist. LEXIS 1233 (N.D. Ohio Jan. 5, 2007) ... 11

*In re Linear Tech. Corp. Deriv. Litig.*,
2006 U.S. Dist. LEXIS 90986 (N.D. Cal. Dec. 7, 2006) ... 7

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*In re McKesson HBOC Secs. Litig.*,
126 F. Supp. 2d 1248 (N.D. Cal. 2000) ........ 4, 5, 6

*In re VeriSign Deriv. Litig.*,
2007 U.S. Dist. LEXIS 72341 (N.D. Cal. Sept. 14, 2007) ........ 7

*INS v. St. Cyr*,
533 U.S. 289 (2001) ........ 11

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,
416 F.3d 940 (9th Cir. 2005) ........ 9

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) ........ 4

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) ........ 4

*Oscar Private Equity Investments. v. Allegiance Telecom, Inc.*,
487 F.3d 261 (5th Cir. 2007) ........ 9

*Provenz v. Miller*,
102 F.3d 1478 (9th Cir. 1996) ........ 8

*SEC v. Cohen*,
2007 U.S. Dist. LEXIS 28934 (E.D. Mo. April 19, 2007) ........ 12

*SEC v. Cross Fin. Servs.*,
908 F. Supp. 718 (C.D. Cal. 1995) ........ 12

*SEC v. Druffner*,
353 F. Supp. 2d 141 (D. Mass. 2005) ........ 7

*SEC v. First Pac. Bancorp.*,
142 F.3d 1186 (9th Cir. 1998) ........ 11

*SEC v. JT Wallenbrock & Assoc.*,
440 F.3d 1109 (9th Cir. 2006) ........ 11

*SEC v. Kornman*,
391 F. Supp. 2d 477 (N.D. Tex. 2005) ........ 8

*SEC v. Phan*,
500 F.3d 895 (9th Cir. 2007) ........ 8

*SEC v. Rind*,
991 F.2d 1486 (9th Cir. 1993) ........ 11

*SEC v. Steadman*,
967 F.2d 636 (D.C. Cir. 1992) ........ 7

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*SEC v. Todd*, 2007 U.S. Dist. LEXIS 38985 (S.D. Cal. May 30, 2007)........................................ 11, 12

*SEC v. Yuen*, 221 F.R.D. 631 (D. Cal. 2004)........................................................................... 4

*Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985) ...................................................................... 4, 5

*Sparling v. Daou (In re Daou Sys.)*, 411 F.3d 1006 (9th Cir. 2005) ................................................................... 5, 8

*TSC Indus. v. Northway*, 426 U.S. 438 (U.S. 1976)............................................................................... 9

*Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097 (9th Cir. 2003) ........................................................................ 4

**STATUTES**

15 U.S.C. § 10(b) ..................................................................................... 1, 7, 10

15 U.S.C. § 13(a) ............................................................................................. 1

15 U.S.C. § 13(b) ............................................................................................. 1

15 U.S.C. § 14(a) ............................................................................................. 1

15 U.S.C. § 17(a) .......................................................................................... 1, 7

15 U.S.C. § 7243.................................................................................... 2, 11, 12

28 U.S.C. § 2462.......................................................................................... 2, 9

**RULES**

Fed. R. Civ. P. 12(b)(6)................................................................................ 12

Fed. R. Civ. P. 12(f) ..................................................................................... 12

Fed. R. Civ. P. 9(b) ................................................................................. passim

SEC Rule 13......................................................................................................... 1

SEC Rule 14......................................................................................................... 1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

vi

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In this First Amended Complaint ("Amended Complaint" or "FAC"), the Securities and Exchange Commission sues Carl Jasper, the former Chief Financial Officer of Maxim Integrated Products, Inc. ("Maxim") for his alleged role in the purported backdating of options at Maxim. The SEC alleges that Mr. Jasper committed fraud, and asserts eleven separate causes of action under § 10(b) of the Exchange Act, § 17(a) of the Securities Act, and aiding and abetting in submitting false and misleading financial in violation of Exchange Act §§ 13(a), 13(b), and 14(a) and Rules 13 and 14.

Yet after 18 months of investigation and two attempts to comply with federal pleading standards, Plaintiff still does not comply with the specificity pleading requirements of Rule 9(b). Most importantly, Plaintiff fails to identify each grant which allegedly supports its claim that Mr. Jasper backdated stock options over a five-year period. Rather, out of the thousands of options granted during this period, Plaintiff only identifies four specific grants – the October, 2 2001 employee grant, the October 1, 2001 new hire grant, the February 28, 2002 new hire grant, and the June 30, 2003 employee grant – and claims that these are "examples" of Mr. Jasper's backdating. *See* FAC Section C(b). One wonders why the SEC – so experienced in federal fraud suits – resorts to such vague pleading, if it indeed has hard evidence of the misconduct it alleges. The Court should hold Plaintiff to the basic requirements of Rule 9(b), and limit the Amended Complaint's reach to only those allegations which are pled with the detail and particularity required by law.

Similarly, Plaintiff does not plead specific facts to demonstrate that Mr. Jasper acted with the requisite scienter – i.e., deliberate recklessness or intentional misconduct. One cannot presume some evil intent by the sparse facts alleged in the Amended Complaint. For example, nowhere does the Amended Complaint articulate any reason that Mr. Jasper would have joined the alleged scheme. To the contrary, Plaintiff alleges that Mr. Jasper did not receive any backdated options or other fruits of the alleged backdating at Maxim.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's Amended Complaint is also defective as most of the allegations against Mr. Jasper are time-barred. Many of the specific allegations date back to more than five years before the filing of this action and are therefore barred by the statute of limitations. *See* 28 U.S.C. § 2462. Indeed, of the four specific grants that are alleged to be backdated, three occurred more than five years before this action was initiated.

Finally, the Court should strike the requests for disgorgement, restitution, and remedies under Section 304 of Sarbanes-Oxley . Since the Amended Complaint contains no allegations that Mr. Jasper received any backdated options or any other fruits of the alleged scheme, disgorgement is unavailable. Without allegations that would establish unjust enrichment, the Court should dismiss all claims predicated on these remedies and strike the request for such relief from the Amended Complaint. Additionally, Plaintiff's request for relief under Section 304 must be limited to conduct alleged to have occurred after the enactment of that statute.

## II. SUMMARY OF ALLEGATIONS

Maxim Integrated Products, Inc. designs and manufactures semiconductors and other integrated circuits. See FAC ¶1. Defendant Carl Jasper joined Maxim in May of 1998 as its Principal Accounting Officer. From April of 1999 until January of 2007, Mr. Jasper served as Maxim's Vice President and Chief Financial Officer. *Id.*

This action was initiated on December 4, 2007. On the same date, Plaintiff filed a separate complaint against Maxim and Maxim's Chief Executive Officer ("Maxim Complaint"), John Gifford, regarding the same alleged activities in connection with Maxim's options granting process. See Request for Judicial Notice ("RJN") Ex. A. In this separate action, Mr. Gifford was not charged with fraud. *Id.* [1]

---

[1] On December 4, 2007, Plaintiff announced that it had reached a settlement with Maxim and Mr. Gifford. RJN Ex. E. On January 23, 2008, this settlement was approved and a final judgment with Maxim and Mr. Gifford was entered before Judge Whyte in the San Jose Division of the Northern District of California. RJN Exs. B and C.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

On December 21, 2007, Plaintiff filed an Amended Complaint against Mr. Jasper. Plaintiff alleges in the FAC that between 2000 and at least 2005, "Maxim, through Jasper and others" routinely backdated stock options to dates corresponding to historical lows in Maxim's stock price and then failed to account properly for these "in-the-money grants" in its financial statements as required under then existing accounting principles. *See* FAC ¶¶1-2. Plaintiff alleges that Maxim frequently, and falsely, represented to its shareholders that the Company generally granted stock options "at-the-money," not "in-the-money," and that as a consequence, Maxim did not report compensation expenses for stock options. Plaintiff also alleges that Mr. Jasper, "with others" prepared these alleged false statements, but it does not say who these "others" were, or what Mr. Jasper's involvement was in the preparation of each of these allegedly false statements. *See, e.g.,* FAC ¶42 ("Jasper drafted or reviewed Maxim's proxy statement . . .").

As to the alleged backdating scheme, Plaintiff does not allege which specific option grants were backdated (except for a few examples during the five year period), nor does it describe with any particularity Mr. Jasper's involvement in the five-year "scheme." It merely alleges that Mr. Jasper, with "others," backdated grants to employees and directors (but not to officers or Mr. Jasper himself), and that Jasper was aware that Maxim's CEO, Gifford, and Maxim's stock option administrator, were using hindsight to grant stock options. *See* FAC ¶23. It also alleges that Jasper on "certain occasions" provided the grant date to the stock administrator, but does not allege when the dates he supposedly provided to the stock administrator were in fact chosen with hindsight.[2]

---

[2] After this Amended Complaint was filed, Maxim announced that it would be restating its financial statements for fiscal years 1997 through 1999, and that the Company may need to restate its financial statements for the years 1995 and 1996 due to its stock option practices. RJN Ex. D. In other words, the problems relating to Maxim's stock option practices pre-date Mr. Jasper's employment at the Company, and cannot be attributed to him.

## III. ARGUMENT

### A. Plaintiff's Entire Complaint Should be Dismissed For Failure to Plead With Particularity as Required Under Rule 9(b)

#### 1. All of Plaintiff's Causes of Action Are Subject to the Heightened Pleading Standard of Rule 9(b)

It is well established that fraud-related claims are subject to the strict particularity requirements of Federal Rule of Civil Procedure 9(b): "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (fraud under Rule 9(b) must be pled "with a high degree of meticulousness"). This particularity requirement obligates the plaintiff to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charge . . . and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Allegations which are vague and conclusory are insufficient to satisfy Rule 9(b). *Neubronner v. Milken*, 6 F.3d 666, 673 (9th Cir. 1993); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

The particularity requirement functions to "identify the circumstances of the alleged fraud, so that the defendant can prepare an adequate answer." *SEC v. Yuen*, 221 F.R.D. 631, 634 (D. Cal. 2004). Therefore, adequate pleading under Rule 9(b) "requires factual specificity regarding the "who, what, where, when, and how" of each defendant's respective roles." *In re McKesson HBOC Secs. Litig.*, 126 F. Supp. 2d 1248, 1266 (N.D. Cal. 2000). In addition, "the complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner*, 6 F.3d at 672. In the instant case, Plaintiff has failed to satisfy these particularly requirements; accordingly its fraud claims must be dismissed.

Moreover, the entirety of the Amended Complaint is grounded in the charge that "Mr. Jasper and others" engaged in fraud by backdating stock options and preparing financial statements and other documents that concealed the alleged backdating scheme. Therefore each of Plaintiff's eleven claims is subject to Rule 9(b)'s heightened pleading requirement. *See Vess*

*v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-1104 (9th Cir. 2003) (cases that are "grounded in fraud" or "sound in fraud" must satisfy Rule 9(b) particularity requirement); *Sparling v. Daou (In re Daou Sys.),* 411 F.3d 1006 (9th Cir. 2005) (finding that plaintiff's Section 11 claim was subject to Rule 9(b) because the complaint relied entirely on allegations of fraud).

**2. Plaintiff Fails to State With Particularity Which Grants Form the Basis of Its Complaint**

Despite conducting an 18 month investigation into the alleged backdating scheme at Maxim, Plaintiff has failed to allege with sufficient particularity the conduct Mr. Jasper is purported to have engaged in.

Most importantly, Plaintiff fails to identify the grants that it alleges Mr. Jasper backdated. Instead, Plaintiff lists four grants that it alleges were backdated, and labels them as "examples" of the alleged backdating that occurred from 2000-2005. *See* FAC ¶¶28-30. Rule 9(b) requires more. It requires Plaintiff to identify the "who, what, where, when, and how" of its fraud allegations. *In re McKesson*, 126 F. Supp. 2d at 1266. In failing to identify each grant it contends were backdated by Mr. Jasper, Plaintiff has failed to allege the requisite "what" and "when" of Rule 9(b). Moreover, Plaintiff has not sufficiently described *how* Mr. Jasper was involved in even these four specific grants (*see infra*). The Court, at a minimum, should limit the totality of the grants at issue in this case to those four grants specifically pled within the Amended Complaint.

Similarly, although the Amended Complaint charges that Mr. Jasper "on repeated occasions" prepared falsely dated memorandum, only one such occasion is described. *Compare* FAC ¶1 *with* FAC ¶30. Mr. Jasper is left to guess what other "occasions" are obliquely referenced and to wonder if these should be considered part of the factual pleading against him. Mr. Jasper is entitled to know – and Plaintiff is required to identify – "the circumstances constituting fraud" so that the Defendant may prepare an adequate answer. *Semegen,* 780 F.2d at 731. These "occasions" do not accord with Rule 9(b) and, as a consequence, should be stricken from the Amended Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**3. Plaintiff Fails to Describe the Alleged Fraudulent Conduct With The Requisite Particularity**

Not only does Plaintiff fail to plead with specifics as to what the alleged wrongdoing is and when it occurred, it fails to plead with particularity facts indicating *how* Mr. Jasper was involved. For instance, Plaintiff claims: "Maxim, through Jasper and others" backdated 10 quarterly option grants made to current employees between 2002 and 2004. *See* FAC ¶20. The Amended Complaint, however, is entirely devoid of any allegation of any specific role with respect to these grants to Maxim's rank and file employees. Indeed, Plaintiff fails to allege any facts regarding Mr. Jasper or for that matter, any participant's misconduct in connection with the quarterly grants. Plaintiff's failure to state Mr. Jasper's role in the alleged fraud concerning the quarterly grants is fatal to the charge. *See In re McKesson*, 126 F. Supp. at 1266; *Bruns v. Ledbetter*, 583 F. Supp. 1050, 1052 (S.D. Cal. 1984) (plaintiff must "enlighten each defendant as to his or her part in the alleged fraud").[3]

In the few instances in which the Amended Complaint does allege details, those alleged facts do not amount to a fraud. For example, Plaintiff alleges that Mr. Jasper falsely dated option memorandum, and specifically cites to a memorandum prepared in April 2002 by Mr. Jasper. Plaintiff claims that this memo was designed to document a grant made on March 25, 2002. FAC ¶ 30. Notably, Plaintiff does not allege that the grant, made by the Chief Executive Officer, was made with hindsight. Because Plaintiff fails to allege that the option was not, in fact, granted on March 25, 2002, it cannot follow that Mr. Jasper's alleged act of drafting a non-contemporaneous document could constitute fraud. Under Rule 9(b) a plaintiff must "set forth an explanation as to why the statement or omission complained of was false or misleading." *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1404 (9th Cir. 1996) (citation omitted). Plaintiff fails to provide this explanation as to this specific grant.

---

[3] Similarly, on three occasions the Plaintiff alleges, "Jasper at times provided the grant date and price to Maxim's stock administration department." *See* FAC ¶¶ 22, 24, 25. It is unclear whether this is an allegation of fraud, or whether Mr. Jasper was merely communicating the dates in which the options were in fact selected. Assuming that it is an allegation of fraud, the Plaintiff again has failed to articulate how Mr. Jasper's conduct gives rise to liability.

Ultimately, Plaintiff has failed to plead particularized facts as to which option grants were backdated, or how Mr. Jasper participated in the alleged scheme. As a consequence, Plaintiff's claims must be dismissed. *See In re VeriSign Deriv. Litig.*, 2007 U.S. Dist. LEXIS 72341, at *78-80 (N.D. Cal. Sept. 14, 2007); *cf In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 958 (N.D. Cal. 2007); *In re Linear Tech. Corp. Deriv. Litig.*, 2006 U.S. Dist. LEXIS 90986, at *9 (N.D. Cal. Dec. 7, 2006).

**4. Plaintiff Fails to Plead Particularized Facts Demonstrating Scienter**

Because the Amended Complaint is subject to the heightened pleading standard of Rule 9(b), Plaintiff must plead particularized facts demonstrating that Mr. Jasper acted with scienter to state a claim for violations of Section 10(b) and 17(a). Plaintiffs have not done so.

Scienter is defined as "[a] mental state embracing intent to deceive, manipulate or defraud." *Aaron*, 446 U.S. at 686 n.5. "[E]xtreme recklessness may also satisfy this intent requirement." *SEC v. Steadman*, 967 F.2d 636, 641 (D.C. Cir. 1992). Courts have consistently held that allegations of departures from established accounting rules like GAAP are insufficient to establish scienter *even under* a deliberate recklessness standard. *In re CornerStone Propane Partners, L.P. Sec. Litig.*, 355 F. Supp. 2d 1069, 1091 (N.D. Cal. 2005) ("The majority of circuits have clearly held that standing alone, allegations of violations of GAAP or SEC regulations do not establish scienter.").

Here, the Amended Complaint does not contain any facts other than purported violations of GAAP to establish the requisite scienter. Plaintiff has not offered any evidence of a mental state embracing an intent to deceive or manipulate whatsoever. Indeed, the Amended Complaint does not contain any facts that even suggest why Mr. Jasper would have engaged in this purported backdating scheme. Mr. Jasper is not alleged to have received any backdated options or any other financial remuneration for his purported involvement in the scheme to backdate options. This failure to offer any motive for Mr. Jasper's alleged conduct is further evidence of Plaintiff's non-compliance with Rule 9(b). *See, e.g., SEC v. Druffner*, 353 F. Supp. 2d 141, 150 (D. Mass. 2005) (Plaintiff "must plead specific facts giving rise to a 'strong inference' of fraudulent intent.") (citation omitted); *SEC v. Kornman*, 391 F. Supp. 2d 477, 493

(N.D. Tex. 2005) (requiring SEC to plead "specific facts that support an inference of fraud" on scienter issue).

Nor has Plaintiff alleged facts demonstrating extreme and deliberate recklesness beyond allegations that Mr. Jasper failed to comply with GAAP. This is plainly insufficient. *Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996)("The mere publication of inaccurate accounting figures, or failure to follow GAAP, without more, does not establish scienter").

**5. Plaintiff Fails to Plead With Particularity Facts to Suggest the Alleged Omissions and Misstatements Were Material**

Plaintiff also has not met the heightened pleading standard in alleging that the false statements and omissions were material. Materiality is an essential element of most of Plaintiff's claims, and because Plaintiff has not pled particularized facts to demonstrate materiality, these claims must be dismissed. *See SEC v. Phan*, 500 F.3d 895 (9th Cir. 2007), 907-08.

Plaintiff alleges that, "[a]s a result of the backdating at Maxim, Maxim materially understated its expenses and overstated its net income in the financial statements." Based on this allegation, Plaintiff concludes that "Maxim's financial statements included in its annual reports for its fiscal years 2003 through 2005 overstated the Company's net income by more than 10 percent. *See* FAC ¶ 37. However, Plaintiff has not alleged any facts to support this conclusion. Mr. Jasper has no way of knowing how Plaintiff arrived at this conclusion that net income was overstated by 10 percent. More importantly, Plaintiff has not alleged any facts to suggest that Mr. Jasper was responsible for this purported 10 percent overstatement of net income. Plaintiff has not described how each alleged misstatement by Mr. Jasper or his purported involvement in the four allegedly backdated options rendered the financial statements false and misleading, and if so, by how much. Without this information, it is impossible to determine whether the false and misleading statements attributed to Mr. Jasper are material, and as a consequence, the claims against Mr. Jasper must be dismissed. *See In re Daou,* F.3d 1006 at 1016-17. ("[A]lthough overstatement of revenues in violation of GAAP may support a plaintiff's claim of fraud, the plaintiff must show with particularity how the adjustments affected the company's financial

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

statements and whether they were material in light of the company's overall financial position"*)*; *see also Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946-947 (9th Cir. 2005) (materiality adequately pled where plaintiff alleges with particularity: the company's true financial status, the amount defendant stated it to be, the difference between these two, and that this difference was material).[4]

In sum, Plaintiff has not alleged particularized facts regarding how Mr. Jasper was involved in the purported backdating scheme, when he was involved, whether he acted with the requisite scienter, or whether the alleged false and misleading statements attributed to him were material.

**B. The Statute of Limitations Bars The Majority of Plaintiff's Claims**

Most of Plaintiff's claims are also barred by the statute of limitations. Indeed, three of the four specific grants which Plaintiff claims are backdated occurred more than five years before this action was initiated, and as a consequence, claims relating to these grants should be dismissed or stricken.

Under 28 U.S.C. § 2462, "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise . . . shall not be entertained unless commenced within five years from the date when the claim first accrued." Therefore, any portion of the SEC's claim which relies on conduct alleged to have occurred prior to December 4, 2002 – five years after the date of the filing of this action - is time-barred and must be stricken.

The Amended Complaint charges that four grants were backdated: the October 2, 2001 employee grant, the October 1, 2001 new hire grant, the February 28, 2002 new hire grant, and the June 30, 2003 employee grant. All but the June 30, 2003 grant fall outside of the statute of limitations. Similarly, Plaintiff alleges that Mr. Jasper falsely dated a memorandum in April

---

[4] It is also worth noting that Maxim's stock price did not react to the revelation of the alleged backdating scheme. This fact, which the Court can take judicial notice of, is further evidence that the alleged misstatements and omissions attributed to Mr. Jasper were not viewed by reasonable investors as "important," and are therefore not material. *See TSC Indus. v. Northway*, 426 U.S. 438 (U.S. 1976); *see also Oscar Private Equity Investments. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 264-65 (5th Cir. 2007).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

of 2002, falsely communicated to Board members in 2002 and 2004 and refers to 10 consecutive quarterly grants allegedly backdated beginning in 2002 (Mr. Jasper's role here is unspecified). As is clear, the vast majority these acts occurred prior to December 4, 2002 and are therefore time-barred. Similarly, each books and records violation alleged in Claims IV through VI which relies on conduct outside of the five year period allowed under the statute of limitations is time-barred.

Plaintiff's conclusory allegations that these examples of alleged misconduct were part of an ongoing scheme cannot circumvent the statute of limitations. The statute of limitations for a claim brought under 10(b) "begins to run when an act occurs that gives rise to liability." *Asdar Group v. Pillsbury, Madison, and Sutro*, 99 F.3d 289, 294-95 (9th Cir. 1996); *Clayton v. Landsing Pac. Fund, Inc.*, 2002 U.S. Dist. LEXIS 9446, at *6-9 (N.D. Cal. May 9, 2002) (fraud claim accrues upon the initial purchase or sale of the security). Moreover, this Circuit has held in derivative cases alleging the backdating of stock options, that the date on which a claim first accrues is "the date the option grant was made." *In re Ditech Networks, Inc. Derivative Litig.*, 2007 U.S. Dist. LEXIS 51524, at *20 (N.D. Cal. July 16, 2007); *Durning v. Citibank, Int'l*, 990 F.2d 1133, 1136 (9th Cir. 1993) (ruling that a cause of action under Rule 10b-5 accrues at the completion of the sale of the security). Thus, the relevant inquiry is when the alleged backdating first occurred, and in this case, most of the alleged conduct occurred five years before the filing of the complaint. For that reason, most of the allegations regarding Mr. Jasper are time-barred and should be dismissed or stricken from the Amended Complaint. *See In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 310 F. Supp. 2d 819, 844-49 (S.D. Tex. 2004) (first discrete act of alleged fraud triggers limitations period).

### C. Plaintiff's Prayer for Relief Cannot Be Recovered as a Matter of Law

In addition to failing to state a claim, the relief Plaintiff seeks cannot be recovered as a matter of law.

#### 1. Section 304 Cannot Be Applied Retroactively

Plaintiff petitions this Court to order Mr. Jasper to forfeit bonuses and stock profits pursuant to Section 304 of Sarbanes-Oxley Act of 2002, for misconduct that it alleges

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

occurred between 2000 and 2005. *See* FAC at ¶1 and Prayer for Relief (V). Section 304 allows for forfeiture of a CEO or CFO bonus if: (1) an issuer is required to prepare an accounting restatement (2) due to the material noncompliance of the issuer (3) as the result of misconduct. *See* § 304 Sarbanes-Oxley, 15 U. S. C. § 7243.

Relief under Section 304, however, cannot be applied retroactively. First, the presumption against retroactively legislation prevails absent a clear intent to the contrary by Congress. *INS v. St. Cyr*, 533 U.S. 289, 316 (2001) ("the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic"); *Humetrix, Inc., v. Gemplus S.C.A.*, 268 F.3d 910, 922 (9th Cir. 2001) (same). Moreover, although the Ninth Circuit has yet to consider the question, the only two courts who have addressed the issue of whether Section 304 can be applied retroactively, have both held that it cannot be. *See In re AFC Enterprises, Inc. Deriv. Litig.*, 224 F.R.D. 515, 521 (N.D. Ga. 2004); *In re Goodyear Tire & Rubber Co. Derivative Litig.*, 2007 U.S. Dist. LEXIS 1233, at *25 (N.D. Ohio Jan. 5, 2007). Because Congress has not expressed an intention to apply Section 304 retroactively, Plaintiff's request for relief should be limited to only acts alleged to have occurred after the enactment of Section 304 on July 30, 2002.

**2. Plaintiff's Request for Disgorgement Should Be Stricken**

Disgorgement is intended to force a defendant to surrender his unjust enrichment. *SEC v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993); *SEC v. First Pac. Bancorp.*, 142 F.3d 1186, 1192 (9th Cir. 1998). It is not designed to be a punitive remedy. *SEC v. Todd*, 2007 U.S. Dist. LEXIS 38985, at *53 (S.D. Cal. May 30, 2007). The SEC must be able to demonstrate the unjust enrichment, and that the disgorgement it requests is a reasonable approximation of a defendant's ill-gotten gains. *See SEC v. JT Wallenbrock & Assoc.*, 440 F.3d 1109, 1113-14 (9th Cir. 2006). In addition, there must be a causal connection between the unjust enrichment and the requested disgorgement. *See Todd*, 2007 U.S Dist. LEXIS, at *53; *SEC v. Cohen*, 2007 U.S. Dist. LEXIS 28934, at *65 (E.D. Mo. April 19, 2007). The calculation should include "all gains flowing from the illegal activities." *SEC v. Cross Fin. Servs.*, 908 F. Supp. 718, 734 (C.D. Cal. 1995).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

In its prayer for relief, Plaintiff seeks disgorgement of "any wrongfully obtained benefits, including prejudgment interest" from Mr. Jasper. Compl. at 19. The Complaint, however, fails to identify or describe the "wrongfully obtained benefits" the SEC seeks to recoup. This is due to the fact that Mr. Jasper never received any profits from the alleged backdating or other remuneration – a point Plaintiff concedes. *See* FAC ¶¶ 28-30. Consequently, there are no alleged ill-gotten profits that Plaintiff may pursue. Second, there is no nexus between the alleged backdating of options and Mr. Jasper's salary. *See Todd*, 2007 U.S Dist. LEXIS, at *53 (ruling that the SEC failed to establish the requisite nexus between the supposed ill-gotten gains and the requested disgorgement; *SEC v. Cohen*, 2007 U.S. Dist. LEXIS, at *65 (disgorgement inappropriate where salary was unrelated to the underlying securities violation). As a result, the Plaintiff's request for disgorgement should be stricken from the Complaint.

## IV. CONCLUSION

For all of the forgoing reasons, this Amended Complaint must be dismissed for failure to state a claim pursuant to Rule 12(b)(6) and failure to allege fraud with particularity pursuant to Rule 9(b); in the alternative certain allegations of fact should be stricken pursuant to Rule 12(f). Finally, the claims for forfeiture and remedies under Section 304 must be stricken or restricted pursuant to Rule 12(f).

Dated: February 4, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
Steven M. Bauer
Robert E. Sims
David F. Friedman
Risha N. Jamison
Heather L. Thompson

By /S/

Risha N. Jamison
Attorneys for Defendant
Carl W. Jasper

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

CARL W. JASPER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT