1    LATHAM & WATKINS LLP
        Steven M. Bauer (Bar No. 135067)
2          steven.bauer@lw.com
        Robert E. Sims (Bar No. 116680)
3          bob.sims@lw.com
        David M. Friedman (Bar No. 209214)
4          david.friedman@lw.com
        Risha N. Jamison (Bar No. 230820)
5          risha.jamison@lw.com
        Christopher W. Johnstone (Bar No. 242621)
6          christopher.johnstone@lw.com
        Heather L. Thompson (Bar No. 246321)
7          heather.thompson@lw.com
      505 Montgomery Street, Suite 2000
8    San Francisco, California 94111-2562
      Telephone:   415.391.0600
9    Facsimile:   415.395.8095

10   Attorneys for Defendant
      CARL W. JASPER
11

12                   UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                        SAN JOSE DIVISION

15   SECURITIES AND EXCHANGE              CASE NO. CV. 07-6122 JW
      COMMISSION,
16                                         **CARL W. JASPER'S REQUEST FOR
                    Plaintiff,             JUDICIAL NOTICE IN SUPPORT OF HIS
17                                         MOTION TO DISMISS**
            v.
18                                         Judge: Hon. James Ware
      CARL W. JASPER,                      Date:  April 7, 2008
19                                         Time:  9 a.m.
                    Defendant.             Courtroom: 8, Fourth Floor
20

21

22

23

24

25

26

27

28

Pursuant to Federal Rule of Evidence 201, Carl W. Jasper hereby requests the Court to take judicial notice of the content of the following documents in support of his Motion to Dismiss the Complaint :

| | |
|---|---|
| Exhibit A: | Complaint in *Securities and Exchange Commission v. Maxim Integrated Products, Inc. and John F. Gifford*, Case No. 07-6121(RMW). |
| Exhibit B: | Final Judgment as to Defendant John F. Gifford in Case No. 07-6121 (RMW), entered January 23, 2008. |
| Exhibit C: | Final Judgment as to Defendant Maxim Integrated Products, Inc. in Case No. 07-6121 (RMW), entered January 23, 2008. |
| Exhibit D: | Maxim Integrated Products, Inc.'s January 17, 2008 Press Release entitled "Maxim Provides Update on its Restatement." |
| Exhibit E: | The Security and Exchange Commissions' December 4, 2007 Press Release entitled "SEC sues Maxim Integrated Products and Former Senior Officers in Stock Option Backdating Scheme." |

## I.    ARGUMENT

Judicial notice of the documents identified in Exhibits A, B and C above is appropriate because these are court documents filed in another proceeding which are "directly related" to this motion. See, e.g., *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir. 1992)(taking notice of a California state court's final judgment); *Adobe Systems, Inc. v. St. Paul Fire and Marine Ins. Co*., 2007 WL 3256492 at *2 (N.D.Cal 2007)("The complaint is subject to judicial notice pursuant to Federal Rule of Evidence 201."); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006)(A court may take judicial notice of public records). It is appropriate to consider such documents on a motion to dismiss. *US v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003)(In evaluating a rule 12(b)(6) motion, a court may properly consider documents external to the complaint by judicial notice.).

As to Exhibit D and E a Court may take judicial notice of documents which are "integral to plaintiffs' claims" and whose "authenticity is not disputed", even where the documents are not explicitly incorporated into the complaint.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998*); In re Calpine Corp Securities Litig.*, 288 F.Supp.2d 1054, 1076 (N.D.Cal 2003)("In a securities action, a court may take judicial notice of public filings when adjudicating a complaint for failure to state a claim upon which relief can be granted.").   Press releases concerning the SEC's inquiry into Maxim's stock option practices as well as Maxim's restatement are "integral to plaintiffs' claims" and are the sort of public document of which a court may take judicial notice.  *Jones ex re. CSK Auto Corp. v. Jenkins*, 503 F.Supp.2d 1325, 1339 (D. Ariz. 2007)("Judicial notice is appropriate for SEC filings, press releases and accounting rules.")(Internal citation omitted).   Further, a court may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. *Id.*

For those reasons, Mr. Jasper respectfully requests that the Court take judicial notice of the contents of Exhibits A, B, C, D, and E.

Dated:  February  4, 2008

LATHAM & WATKINS LLP
Steven M. Bauer
Robert E. Sims
David M. Friedman
Risha N. Jamison
Christopher W. Johnstone
Heather L. Thompson

By: _____ /S/ _____

Risha N. Jamison
Attorneys for Defendant Carl W. Jasper