# **EXHIBIT A**

Westlaw.

Slip Copy                                                                                                                                   Page 1
Slip Copy, 2007 WL 841694 (E.D.Cal.)
**(Cite as: Slip Copy)**

Campbell v. Pricewaterhouse Coopers, LLP
E.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,E.D. California.
Jason CAMPBELL and Sarah Sobek, individually, and on behalf of all other similarly situated current and former employees of PricewaterhouseCoopers, LLP, Plaintiffs,
v.
PRICEWATERHOUSE COOPERS, LLP, a Limited Liability Partnership, and Does 1-100, inclusive, Defendant.
No. CIV. S-06-2376 LKK/GGH.

March 20, 2007.

Stuart C. Talley, William A. Kershaw, Kershaw, Cutter and Ratinoff LLP, Sacramento, CA, for Plaintiffs.
Julie A. Totten, Orrick, Herrington & Sutcliffe LLP, Sacramento, CA, Victoria Rose Carradero, Menlo Park, CA, for Defendant.

### ORDER

LAWRENCE K. KARLTON, United States District Court Senior Judge.

*1 Plaintiffs Jason Campbell and Sarah Sobek bring this action against defendant, PricewaterhouseCoopers LLP, on behalf of themselves and a class of similarly situated non-licensed accountants employed by the defendant. Pending before the court are defendant's motion to dismiss and its motion to strike certain portions of the second amended complaint. First, defendant moves to dismiss on the grounds that collateral estoppel bars class certification. Second, defendant moves to dismiss plaintiffs' claims under California Labor Code Section 226.7 on the grounds that no private right of action exists for these claims. Third, defendant moves to strike any reference to punitive damages because plaintiff is not entitled to them as a matter of law. For the reasons set forth below, the court denies the motions.

### I. Background

The present action stems from the allegation that the defendant misclassified plaintiffs as exempt employees. Specifically, plaintiffs maintain that defendant erroneously classified non-licensed associate accountants as exempt employees and thereby denied them the various statutory rights afforded to non-exempt employees, including, for example, the right to overtime pay.

The court takes judicial notice of the Los Angeles Superior Court's December 8, 2003 Order in *Ruiz v. PricewaterhouseCoopers LLP,* Case No. BC 287920, in which that court sustained defendant's demurrer without leave to amend. Def.'s Request for Judicial Notice, Ex. 5. In that case, Anthony Ruiz brought a representative action under California's Unfair Competition Law, Cal. Bus. Prof.Code § 17200 ("UCL"), alleging that non-licensed accountants were wrongly classified as exempt and should have been eligible for overtime pay.[FN1] *Id.* at 2. The court dismissed Ruiz's claims with prejudice, finding that Ruiz was not a competent representative and that the suit was inappropriate for a representative action. *Id.*

> FN1. Notably, *Ruiz* was brought prior to the passage of Proposition 64, which requires that all representative actions proceed as class action under California law.

### II. Standard

**A. Motion to Dismiss for Failure to State a Claim**

On a motion to dismiss, the allegations of the complaint must be accepted as true. See *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See *Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn,* 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See *id.; see also Wheeldin v. Wheeler,* 373 U.S. 647, 648, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963) (inferring fact

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                              Page 2
Slip Copy, 2007 WL 841694 (E.D.Cal.)
**(Cite as: Slip Copy)**

from allegations of complaint).

In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged."Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

**B. Motion to Strike**

*2 Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter."A party may bring on a motion to strike within 20 days after the filing of the pleading under attack. The court, however, may make appropriate orders to strike under the rule at any time on its own initiative. Thus, the court may consider and grant an untimely motion to strike where it seems proper to do so. See5A Wright and Miller, *Federal Practice and Procedure:* Civil 2d § 1380.

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. See5A C. Wright & A. Miller, *Federal Practice and Procedure:* Civil 2d § 1380; *See also* Hanna v. Lane, 610 F.Supp. 32, 34 (N.D.Ill.1985). If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. See 5A Wright & Miller, *supra,* at § 1380.

### III. Analysis

Defendant's motion to dismiss is premised on two claims: (1) that the doctrine of collateral estoppel bars plaintiffs from certifying as a class under Rule 23 of the Federal Rules of Civil Procedure, and (2) that California Labor Code Section 226.7 does not provide for a private right of action. Defendant's motion to strike is premised on the grounds that plaintiffs are barred from seeking punitive damages. For the reasons set forth below, the motion to dismiss and motion to strike are denied.

**A. Collateral Estoppel**

Defendant argues that collateral estoppel bars the present action because the issue of class certification was previously decided in *Ruiz.*The doctrine of collateral estoppel applies if (1) the present issue is identical to the issue decided in a prior proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4) the decision was final and on the merits; and (5) preclusion is sought against a party in the prior proceeding or a person in privity with a party to the prior proceeding. Alvarez v. May Dept. Stores, 143 Cal.App.4th 1223, 1223, 49 Cal.Rptr.3d 892 (2006). As explained below, the court finds that the first requirement (identity of issues) and the last requirement (privity) are lacking.

**1. Identity of Issues**

The language of the first prong of the collateral estoppel analysis could not be clearer: the issues must be identical-not merely similar, or even substantially similar. See Pacific Lumber Co. v. State Water Resources Control Bd., 37 Cal.4th 921, 943, 38 Cal.Rptr.3d 220, 126 P.3d 1040 (2006) ( "[T]he issue sought to be precluded from relitigation must be identical to that decided in a former proceeding."). Requiring identity of issues, as opposed to mere similarity, serves the important purpose of ensuring that the rights of those estopped are not unnecessarily circumscribed.

*3 Here, the issues between *Ruiz* and the present action may be similar, but they are not identical. Defendant notes that Ruiz, like the plaintiffs here, brought a claim under the UCL, on the same underlying dispute regarding misclassification, and sought the same recovery, but none of this overcomes the fact that Ruiz commenced suit as a private

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

attorney general, whereas the plaintiffs here have brought a class action.[FN2] With the former, a plaintiff purports to act as a representative of the general public, whereas with the latter, a plaintiff seeks relief on behalf of a defined (and certified) group of individuals. Accordingly, in *Ruiz,* the parties never litigated, and the court never decided, the issue of class certification.

> FN2. Defendant's attempt to characterize the *Ruiz* action as one brought on behalf of a narrow class of individuals relies upon out of context quotations from the complaint. Furthermore, as the caption makes clear, Ruiz brought the action "on behalf of the general public."*Ruiz* Compl. at 1.

It is true that there are similarities between the requirements for proceeding as a private attorney general under the UCL and those for class certification. For example, courts examining whether a case should be permitted to proceed as a private attorney general under the UCL (i.e., on a non-class, representative basis) have analyzed the competence of the plaintiff, *Kraus v. Trinity Mgmt. Servs., Inc.,* 23 Cal.4th 116, 138, 96 Cal.Rptr.2d 485, 999 P.2d 718 (2000), and the factual similarities between those the plaintiff seeks to represent, *Lazar v. Trans Union LLC,* 195 F.R.D. 665, 672-73 (C.D.Cal.2000). Similarly, to certify a class under Rule 23, the plaintiff must prove common questions of law or fact to the class and that the representation will adequately represent the interests of the class.

Relying on these similarities, defendant argues that the reason why Ruiz was not permitted to proceed in a representative capacity is equally applicable to why plaintiffs should not be permitted to proceed in their class action. When *Ruiz* was decided, a representative action required the plaintiff to show that his "individual claim should be afforded private attorney general status."*Id.* (citing *South Bay Chevrolet v. General Motors Acceptance Corp.,* 72 Cal.App.4th 861, 891, 85 Cal.Rptr.2d 301 (1999)). In making its determination regarding the appropriateness of representative status, the *Ruiz* court considered whether the case would accommodate the " 'streamlined' procedure envisioned by the [California] Legislature."*Id.* at 6, 85 Cal.Rptr.2d 301. It held that, rather than accommodating a streamlined procedure, the case would require "numerous mini-trials," and as such, was inappropriate for a representative action. *Id.*

This is not the identical issue that is posed by whether plaintiffs' class should be certified in the present action. Presumably, defendant equates the "streamlined procedure" consideration under the UCL with the "common question of law or fact" requirement under Rule 23. But it is not at all clear that the two are coterminous with one another. Even if the reasoning that would lead the *Ruiz* court to find that a representative action would not facilitate a "streamlined procedure" would also lead it to conclude that there are no common questions of law or fact, this would be mere speculation. Certainly, a hypothesized holding-even one that should logically follow from an earlier ruling-does not satisfy the stringent requirement that the issue in earlier suit be "identical" to that in the present suit.

**\*4** Defendant responds that plaintiffs have placed form over substance. In support, it relies heavily on *Alvarez,* in which the court stated that the "[a]lthough the causes of action are not identical, the principle of collateral estoppel does not depend on the legal theory used but the primary rights asserted."143 Cal.App.4th at 1237, 49 Cal.Rptr.3d 892. This quote is taken out of context, as the next sentence reads: "The primary right asserted in each case was the right to litigate claims in a class action lawsuit."*Id.* Because the plaintiffs in *Ruiz* did not assert "the right to litigate claims in a class action lawsuit," the plaintiffs in this case are not estopped from doing so.

**2. Privity**

Under the fifth prong of the collateral estoppel analysis, the plaintiff must be in privity with the party in the prior proceeding. *Alvarez,* 143 Cal.App.4th at 1223, 49 Cal.Rptr.3d 892. Defendant argues that Ruiz was a "virtual representative" of all non-licensed accountants, which is the same group of individuals as those whom plaintiffs seek to certify as a class. *See Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n,* 60 Cal.App.4th 1053, 1070, 71 Cal.Rptr.2d 77 (1998) ("A party is adequately represented for purposes of the privity rule if his or her interests are so similar to a party's interest that the latter was the former's virtual representative in the earlier action.") (internal quotation marks omitted).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The argument is unavailing for the same reasons addressed above: Ruiz was purporting to act on behalf of the general public, not the narrow class of non-licensed accountants. Furthermore, it could hardly be said that Ruiz had the same interests as those of the plaintiffs here, when Ruiz was found to have had a conflict of interest. *See Ruiz,* 3-4 (noting that employees could seek more extensive remedies than a plaintiff proceeding in a UCL action). As defendant successfully argued in the earlier proceeding, Ruiz was a professional plaintiff, was not an employee of defendant, had no relationship with defendant, and had suffered no injury.

Defendant relies *In re Bridgestone/Firestone, Inc., Tires Product Liability Litigation* for the proposition that putative class members to a second class action motion are the same parties to the first denial of class certification. 333 F.3d 763, 768 (7th Cir.2003) ("[A]s they receive the fruits of victory, so an adverse decision is conclusive against them."). Here, however, there was no initial denial of class certification in *Ruiz;* there was only a denial of private attorney general status. As *In re Bridgestone/Firestone* made clear, "outside the domain of class actions, precedent rather than preclusion is the way one case influences another." *Id. at 769.* Accordingly, the court finds that collateral estoppel is also inapplicable for the independent reason that the element of privity is lacking.

**B. California Labor Code Section 226.7**

Defendant next argues that Labor Code Section 226.7 does not provide for a private right of action and that the legislative history confirms that no private right of action was intended. The court disagrees. When interpreting a statute, the court's task is to discern the legislative intent. *Wells v. One2One Learning Foundation,* 39 Cal.4th 1164, 1190, 48 Cal.Rptr.3d 108, 141 P.3d 225 (2006). If the words are not ambiguous, the statute's plain meaning prevails. *Id.* However, "if the language allows more than one reasonable construction, [the court] may look to such aids as the legislative history." *Id.* Here, the court finds the law is unambiguous and that it need not resort to legislative history.

**\*5** Section 226.7 requires that employers pay "one additional hour of pay" for each day an employee is not provided with a meal or rest period. The law provides that:
   (1) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare commission.
   (2) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab.Code § 226.7.

By itself, Section 226.7 does not contain language creating a private cause of action. But it need not do so where the same language is provided elsewhere. As plaintiffs correctly point out, California Labor Code Section 218 provides in relevant part that "[n]othing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article." Cal. Lab.Code § 218. Because Section 226.7 falls within the same article (i.e., Sections 200-243) as Section 218, the legislature has provided in unmistakably clear language that a private right of action exists under Section 226.7.

Defendant urges that Section 218 does not constitute an affirmative right to sue but merely states that nothing in the article limits an otherwise existing right to sue. This flatly contradicts well-settled case law. *See Smith v. Rae-Venter Law Group,* 29 Cal.4th 345, 350, 127 Cal.Rptr.2d 516, 58 P.3d 367 (2002) (holding that employee may file civil action under Section 218); *Reynolds v. Bement,* 36 Cal.4th 1075, 1084, 32 Cal.Rptr.3d 483, 116 P.3d 1162 (2005) (same); *Sampson v. Parking Serv.2000 Com, Inc.,* 117 Cal.App. 212, 220 (2004) ("Section 218 authorizes an employee ... to 'sue directly' for any unpaid wages or penalty owed under the Labor Code.").

Defendant also points out that other provisions of the Labor Code expressly provide for a right to sue, suggesting that the absence of similar provisions elsewhere is intentional. Furthermore, defendant argues that to read Section 218 as providing a blanket private right of action would render these provisions

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

superfluous. But this ignores the fact that these provisions do more than simply reiterate an employee's right to sue. For example, the provisions cited by defendant also specify when suit may be brought, Cal. Lab.Code § 203, whether attorney's fees and costs of suit are recoverable, Cal. Lab.Code § 1194, and whether intent is relevant for liability, Cal. Lab.Code § 203.1. More importantly, though, to infer from the silence of Section 226.7 an intention not to create a private right of action would import that which Section 218 expressly prohibited: a limitation on the right to sue.

**C. Punitive Damages**

Last, defendant argues that because each statute giving rise to plaintiff's claims provides for specific remedies and penalties, plaintiff cannot recover punitive damages. The court disagrees.

**\*6** When a statute imposes a penalty, that imposition 12 generally does not foreclose recovery of punitive damages.[FN3]*Trumbull & Trumbull v. ARA Transportation, Inc.,* 219 Cal.App.3d 811, 826, 268 Cal.Rptr. 856 (1983). If, however, a new right that did not exist at common law is created by statute and a remedy for the violation of that right is provided, "such remedy is exclusive of all others unless the statutory remedy is inadequate."*Id.* (citing *Orloff v. Los Angeles Turf Club,* 30 Cal.2d 110, 112-113, 180 P.2d 321 (1947); *Strauss v. A.L. Randall Co.,* 144 Cal.App.3d 514, 194 Cal.Rptr. 520 (1983)).

> FN3. Plaintiffs may be required to elect a remedy where there is a statutory penalty for conduct that also violates common law, but the election is not made at the pleading stage. *Trumbull & Trumbull,* 219 Cal.App.3d at 826, 268 Cal.Rptr. 856.

Although some of the statutes under which plaintiffs have brought suit do provide for a penalty, defendant has failed to meet its burden of demonstrating why such a penalty forecloses the recovery of punitive damages with respect to any of plaintiffs' claims.[FN4]Defendant merely asserts that the wages and penalties that plaintiffs seek were not recoverable at common law. Because recovery of punitive damages is not generally foreclosed by the mere provision a statutory penalty, the court denies defendant's motion to strike.

> FN4. The complaint merely asks for punitive damages generally, SAC Prayer for Relief ¶ 8, and while defendant argues that punitive damages may not be recovered under certain provisions of the Labor Code, *see, e.g., Czechowski v. Tandy Corp.,* 731 F.Supp. 406, 410 (N.D.Cal.1990) (holding that punitive damages are not recoverable under Labor Code § 203), this does not meet its burden of showing that such relief is unavailable under any of plaintiffs' claims.

**IV. Conclusion**

The motion to dismiss is hereby DENIED.

The motion to strike is hereby DENIED.

IT IS SO ORDERED.

E.D.Cal.,2007.
Campbell v. Pricewaterhouse Coopers, LLP
Slip Copy, 2007 WL 841694 (E.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.