# **EXHIBIT B**

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 33223384 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Lynx Ventures LP v. Canadian Imperial Bank of Commerce
C.D.Cal.,2000.
Only the Westlaw citation is currently available.
United States District Court, C.D. California.
LYNX VENTURES LP
v.
CANADIAN IMPERIAL BANK OF COMMERCE.
**No. CV 99-07160RSWLMANX.**

April 18, 2000.

LEW, District Judge.

**\*1** Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for forum non conveniens.[FN1]

> FN1. The motion is brought on behalf of all Defendants.

The motion was filed on Septmeber 9, 1999. At that time, the presiding district judge was Judge William D. Keller. After noticing the hearing for October 25, 1999, Judge Keller removed the hearing from calendar and took the matter under submission. On October 29, 1999, Plaintiff filed an ex parte application for leave to file a surreply to respond to the arguments set forth in Defendants' reply memorandum. On November 1, 1999, Defendants filed an opposition to the ex parte application and a response to the surreply.

On November 2, 1999, the case was transferred to this Court and on December 21, 1999, the case was transferred from this Court to create the calendar for District Judge Virginia A. Phillips. However, by order of Chief Judge Terry J. Hatter, the matter was returned to this Court on February 29, 2000. The Court now GRANTS Plaintiff's ex parte application for leave to file a surreply. Because the parties are familiar with the case, the Court need not recite the facts and allegations.

After considering all of the papers filed with the Court, the Court hereby DENIES the motion to dismiss in its entirety.

1. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Motions to dismiss under Rule 12(b)(6) should test the sufficiency of the complaint, rather than address the merits of the case. The Court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. *Klarfeld v. United States,* 944 F.2d 583, 585 (9th Cir.1991). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Complaints alleging securities fraud must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires particularized allegations of the circumstances constituting fraud. Fed.R.Civ.P. 9(b). To allege fraud with particularity, the "plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Securities Litigation,* 42 F.3d 1541, 1548 (9th Cir.1994). "Of primary importance in understanding the particularity requirement of Rule 9(b) is the recognition that it does not render the general principles set forth in Rule 8 entirely inapplicable to pleadings alleging fraud; rather, the two rules must be read in conjunction with each other." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1298 (2d ed.1990).

Defendants argue that Plaintiff has failed to plead loss causation with the particularity required by Rule 9(b). While Plaintiff must prove that the misrepresentations or omissions caused the financial loss, allegations of loss causation need not be pled with particularity. As stated above, Rule 9(b) is satisfied if the allegations set forth what is false or misleading and why it is false. Plaintiff has clearly done so.

**\*2** Under the Private Securities Litigation Reform Act ("PSLRA"), the pleading standard in securities fraud cases has been made more rigorous, beyond mere 9(b) requirements. *Marksman Partners,*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 5:07-cv-06122-JW   Document 19-3   Filed 02/29/2008   Page 3 of 3

Not Reported in F.Supp.2d                                                                                    Page 2
Not Reported in F.Supp.2d, 2000 WL 33223384 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

*L.P. v.. Chantal Pharmaceutical,* 927 F.Supp. 1297, 1308 (C.D.Cal.1996). The PSLRA requires that a complaint alleging securities fraud "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information an belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Like Rule 9(b), PSLRA does not apply heightened pleading standards to the element of loss causation.

Accordingly, the Court finds that Plaintiff's claims for fraud, conspiracy to defraud, and violation of Rule 10b-5 of the Securities Exchange Act are adequately pled; thus Defendants' motion to dismiss for failure to state a claim is DENIED.

2. Motion to Dismiss on Grounds of Forum Non Conveniens

Defendants also move for dismissal under the doctrine of forum non conveniens on the ground that the Ontario Superior Court is the appropriate forum to litigate this dispute.

"A party moving in the trial court to dismiss on the grounds of forum non conveniens has the burden of showing that there is an adequate alternative forum, and that choice of law and the balance of private and public interest factors favor dismissal." *Alpha Therapeutic Corp. v. Nippon Hoso Kyokaj,* 199 F.3d 1078, 1090 (9th Cir.1999) (citing *Ceramic Corp. of America v. Inka Maritime Corp. Inc.,* 1 F.3d 947, 949 (9th Cir.1993). "Unless the balance is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed." *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1335-6 (9th Cir.1984) (citations omitted).

The parties do not dispute that Canada provides an adequate alternative forum for Plaintiff's claims. However, Defendants do not establish that Canada has a stronger interest in adjudicating Plaintiff's claim, and therefore do not show that foreign law should apply. Moreover, the private interest factor does not weigh in favor of dismissal because party and nonparty witnesses, as well as documentary evidence, are likely to be located in both countries. As for the public interest factor, there exists "a strong local and national interest in enforcing the securities laws of this country in order to maintain the integrity of the markets." *In re Livent, Inc. Securities Litigation,* 78 F.Supp.2d 194, 211 (S.D.N.Y.1999) (citations omitted). In sum, Defendants have not made a showing sufficient to overcome the great deference due Plaintiff.

Accordingly, Defendants' motion to dismiss on the ground of forum non conveniens is DENIED.

IT IS SO ORDERED.

C.D.Cal.,2000.
Lynx Ventures LP v. Canadian Imperial Bank of Commerce
Not Reported in F.Supp.2d, 2000 WL 33223384 (C.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.