MARC J. FAGEL (Cal. Bar No. 154425)
JUDITH L. ANDERSON (Cal Bar No. 124281)
  andersonj@sec.gov
MARK P. FICKES (Cal. Bar No. 178570)
  (fickesm@sec.gov)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  (schneidere@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>   vs.<br><br>CARL W. JASPER,<br><br>       Defendant. | Case No. CV 07-6122 JW<br><br>PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE AND OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OFFERED IN SUPPORT OF HIS MOTION TO DISMISS<br><br>Date:  April 7, 2008<br>Time:  9:00 a.m.<br>Location:  Courtroom 8, Fourth Floor<br>         Hon. James Ware |

Plaintiff Securities and Exchange Commission ("Commission") submits its objections to Exhibits A, B, C, D and E to Carl W. Jasper's Request for Judicial Notice in Support of His Motion to Dismiss. The Commission also opposes defendant's Request for Judicial Notice in its entirety. Consequently, the Commission asks that the Court disregard all exhibits submitted by the defendant and all of defendant's arguments based on those exhibits.

I. **OBJECTIONS TO EVIDENCE**

| Evidence | Objection |
|---|---|
| **Exhibit A:** Complaint in *Securities and Exchange Commission v. Maxim Integrated Products, Inc. and John F. Gifford*, Case No. CV 07-6121 RMW. | The Commission objects to Exhibit A on the ground that it has no direct relation to the allegations against defendant Jasper presented in the Commission's complaint that are at issue in his motion to dismiss. In a motion to dismiss, the Court is limited generally to the allegations of the Complaint. Federal Rules of Evidence ("FRE") §§ 401, 402; *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (in ruling on a motion to dismiss, a district court generally may not consider any document that is not referenced in the complaint.) A court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to the matters at issue. *U.S. ex rel Robinson Rancheria Citizens Council v, Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of proceedings before California Supreme Court that were "directly related to this appeal and may in fact be dispositive"). The mere fact that the Commission filed a separate complaint against different defendants regarding their conduct does not satisfy the above standard. Accordingly, Exhibit A is irrelevant and cannot be considered by this Court on the present motion. |

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 | **Exhibit B:** Final Judgment as to Defendant John F. Gifford in Case No. CV 07-6121 RMW, entered January 23, 2008. | The Commission objects to Exhibit B on the ground that it has no direct relation to the allegations against defendant Jasper presented in the Commission's complaint that are at issue in his motion to dismiss. In a motion to dismiss, the Court is limited generally to the allegations of the Complaint. FRE §§ 401, 402; *Branch*, 14 F.3d at 453 (in ruling on a motion to dismiss, a district court generally may not consider any document that is not referenced in the complaint.) A court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to the matters at issue. *U.S. ex rel Robinson Rancheria Citizens Council*, 971 F.2d at 248 (taking judicial notice of proceedings before California Supreme Court that were "directly related to this appeal and may in fact be dispositive"). The mere fact that judgment has been entered against a different defendant is not dispositive here and does not satisfy the above standard. Accordingly, Exhibit B is irrelevant and cannot be considered by this Court on the present motion. |
| 18 19 20 21 22 23 24 25 26 27 28 | **Exhibit C:** Final Judgment as to Defendant Maxim Integrated Products, Inc. in Case No. CV 07-6121 RMW, entered January 23, 2008. | The Commission objects to Exhibit C on the ground that it has no direct relation to the allegations against defendant Jasper presented in the Commission's complaint that are at issue in his motion to dismiss. In a motion to dismiss, the Court is limited generally to the allegations of the Complaint. FRE §§ 401, 402; *Branch*, 14 F.3d at 453 (in ruling on a motion to dismiss, a district court generally may not consider any document that is not referenced in the complaint.) A court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to the matters at issue. *U.S. ex rel Robinson* |

| | | |
|---|---|---|
| | | *Rancheria Citizens Council*, 971 F.2d at 248 (taking judicial notice of proceedings before California Supreme Court that were "directly related to this appeal and may in fact be dispositive"). The mere fact that judgment has been entered against a different defendant is not dispositive here and does not satisfy the above standard. Accordingly, Exhibit C is irrelevant and cannot be considered by this Court on the present motion. |
| | **Exhibit D:** Maxim Integrated Products Inc.'s January 17, 2008 press release entitled "Maxim Provides Update on its Restatement." | The Commission objects to Exhibit D on the ground that it is hearsay and there is no foundation that the document qualifies for an exception. FRE §§ 801, 802, 803. Exhibit D is irrelevant because in a motion to dismiss, the Court is limited generally to the allegations of the Complaint. FRE §§ 401, 402; *Branch*, 14 F.3d at 453. |
| | **Exhibit E:** The Security and Exchange Commission's December 4, 2007 press release entitled "SEC sues Maxim Integrated Products and Former Senior Officers in Stock Option Backdating Scheme." | The Commission objects to Exhibit E on the ground that it is hearsay and there is no foundation that the document qualifies for an exception. FRE §§ 801, 802, 803. Exhibit E is irrelevant because in a motion to dismiss, the Court is limited generally to the allegations of the Complaint. FRE §§ 401, 402; *Branch*, 14 F.3d at 453. |

## II.    OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

In addition to the evidentiary objections set forth above, the Commission also asks the Court to Defendant Jaspers's Request For Judicial Notice In Support Of His Motion To Dismiss (the "Request"). Specifically, the Commission requests that the Court deny the Request as to Exhibits A through C for the reasons set forth in the Objections above. In addition, the Commission requests that the Court deny the Request as to: (1) Exhibit D – Maxim Integrated Products Inc.'s January 17,

1  2008 press release entitled "Maxim Provides Update on its Restatement" and (2) Exhibit E – The
2  Security and Exchange Commission's December 4, 2007 press release entitled "SEC sues Maxim
3  Integrated Products and Former Senior Officers in Stock Option Backdating Scheme" for the reasons
4  explained below:

5      Federal Rule of Evidence 201(b) provides that a court may take judicial notice of facts not
6  subject to reasonable dispute in that they are either (1) generally known within the territorial
7  jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources
8  whose accuracy cannot be reasonably questioned. Fed. R. Evid. § 201(b). There is nothing in these
9  two press releases that meet the criteria of Section 201(b). Specifically, there is nothing in these
10 press releases that is "generally known" within the Court's territorial jurisdiction. In addition, the
11 defendant appears to offer Exhibit D to show that that Maxim Integrated Products, Inc. ("Maxim")
12 "would be restating its financial statements for fiscal years 1997 through 1999, and that the Company
13 may need to restate its financial statements for the years 1995 and 1996 due to its stock option
14 practices." (Motion to Dismiss at 3, fn. 2.) From this, defendant concludes that "the problems
15 relating to Maxim's stock options practices pre-date Mr. Jasper's employment at the Company, and
16 cannot be attributed to him." *Id.*

17     Contrary to Jasper's erroneous assertion that the Maxim's problems predate his tenure, the
18 press release actually states that "Maxim expects to restate its financial statements from Fiscal 1997
19 through **Fiscal 2005** and the related interim periods through **March 25, 2006**, and to record non-cash
20 compensation expense during Fiscal 1997 through **Fiscal 2006** in the estimated range of $550 to $650
21 million on a pre-tax basis and $360 to $425 million on an after-tax basis." *See* Request, Ex. D
22 (emphasis added). Thus, Exhibit D does not even stand for the proposition for which it is offered.
23 (Jasper apparently seeks to avoid the fact that Maxim's backdating practices persisted after he arrived
24 at Maxim in 1999.) Moreover, Exhibit D clearly shows how Jasper's false statements were material.
25 Finally, it is improper to offer extrinsic evidence on a motion to dismiss. *Branch*, 14 F.3d at 453.
26 Likewise, the Court should not take judicial notice of Exhibit E.

27     Finally, Jasper asks the Court to take judicial notice of the purported fact that Maxim's stock
28 price did not decline when Jasper's fraud was made public. (Motion to Dismiss at 9, fn. 4.) As

1  explained above, the Court should not consider this evidence.  *Branch*, 14 F.3d at 453.  Moreover,
2  Jasper has not told the whole story.  As noted above, on January 17, 2008, Maxim announced for the
3  first time that it expected to restate its financial statements (for fiscal years 1997 through 2005 and
4  the related interim period through March 25, 2006) to record additional stock compensation expense
5  in the estimated range of $550 to $650 million on a pre-tax basis ($360 to $425 million after-tax).  As
6  a result, Maxim's closing stock price decreased from $23.63 on the day prior to $20.80, an 11.9%
7  decrease.  Accordingly, if the Court considers Jasper's purported "evidence", it also should consider
8  the drop in Maxim's stock price after its January 17 announcement detailing the expected magnitude
9  of its restatement.

## III.  CONCLUSION

For the foregoing reasons, the Commission requests that the Court sustain its objections to Exhibits A, B, C, D and E to the Request and deny Jasper's request for judicial notice of Exhibits D and E.  The Commission also asks that the Court disregard all exhibits submitted by the defendant and all of defendant's arguments based on those exhibits.

Dated:  February 29, 2008           Respectfully submitted,


     /s/ Mark P. Fickes
Judith L. Anderson
Mark P. Fickes
Erin E. Schneider
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION