1  LATHAM & WATKINS LLP
     Steven M. Bauer (Bar No. 135067),
2     steven.bauer@lw.com
     Robert E. Sims  (Bar No. 116680),
3     bob.sims@lw.com
     David M. Friedman (Bar No. 209214),
4     david.friedman@lw.com
     Risha N. Jamison (Bar No. 230820),
5     risha.jamison@lw.com
     Christopher W. Johnstone (242152),
6     chris.johnstone@lw.com
     Heather L. Thompson (Bar No. 246321),
7     heather.thompson@lw.com
   505 Montgomery Street, Suite 2000
8  San Francisco, California  94111-6538
   Telephone:  +1.415.391.0600
9  Facsimile:  +1.415.395.8095

10 Attorneys for Defendant
   Carl W. Jasper
11

12 UNITED STATES DISTRICT COURT

13 NORTHERN DISTRICT OF CALIFORNIA

14 SAN JOSE DIVISION

15

16 SECURITIES AND EXCHANGE             CASE NO. CV 07-6122 (JW)
   COMMISSION,
17                                     **CARL JASPER'S REPLY REQUESTING
              Plaintiff,               JUDICIAL NOTICE IN SUPPORT OF HIS
18                                     MOTION TO DISMISS**
         v.
19                                     Judge: Hon. James Ware
   CARL W. JASPER,                     Date: April 7, 2008
20                                     Time: 9:00 a.m.
              Defendant.               Courtroom: 8, Fourth Floor
21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CARL W. JASPER'S REPLY REQUESTING
JUDICIAL NOTICE IN SUPPORT OF
HIS MOTION TO DIMISS

1    In support of our motion to dismiss, we request the Court take judicial notice of
2 five documents, the authenticity of which are beyond dispute.  Three of these documents are
3 judicial filings that relate to the SEC's enforcement actions against John F. Gifford and Maxim
4 Integrated Products, Inc. ("Maxim" or the "Company") (Exhibits A-C to the Request for Judicial
5 Notice ("RJN")). The other two documents are press releases that relate to Maxim's future
6 restatement of earnings and the SEC's cases against Mr. Gifford and Maxim.  (Exhibits D and E
7 to the RJN, respectively).

8    The SEC objects to the Court taking judicial notice of these documents,
9 contending that the documents are irrelevant to the allegations against Mr. Jasper and his motion
10 to dismiss.  The SEC also suggests that some of these documents are not subject to judicial
11 notice.  Both arguments lack merit.

12    As an initial matter, the law is clear that all of these documents may be noticed by
13 the district court at the dismissal stage.  *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504
14 (9th Cir. 1986) ("[o]n a motion to dismiss, we may take judicial notice of public record outside
15 the pleadings").  First, district courts may take judicial notice of court filings from other cases.
16 *See In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 984 n.14 (9th Cir. 1999) (taking judicial
17 notice of five complaints from other cases); *U.S. ex rel. Robinson Rancheria Citizens Council v.*
18 *Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of a final judgment,
19 finding that notice may be taken "of proceedings in other courts…if those proceedings have a
20 direct relation to matters at issue") (citation omitted).  Thus, Exhibits A, B, and C are properly
21 noticeable by this Court.  Second, courts may also take judicial notice of matters of public
22 record, such as press releases and SEC filings.  *See In re Turnstone Sys., Inc. Sec. Litig.*, 2003
23 U.S. Dist. LEXIS 26709, at *110 (N.D. Cal. Feb. 4, 2003) (taking judicial notice of news articles
24 and press releases); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003)
25 (taking judicial notice of SEC filings); *In re Nuko Info. Sys. Sec. Litig.*, 199 F.R.D. 338, 341
26 (N.D. Cal. 2000) (same).  Exhibits D and E are therefore also noticeable by this Court.  Though
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

CARL W. JASPER'S REPLY REQUESTING
JUDICIAL NOTICE IN SUPPORT OF
HIS MOTION TO DIMISS

1  the SEC opposes the Court taking judicial notice of Exhibits A-E, it makes no effort square its
2  position with the relevant authority.[1]

3  Instead, the SEC asserts that the materials contained in Exhibits A-E are not
4  related to its case against Mr. Jasper, and therefore not relevant to the motion to dismiss. *See*
5  Pl.'s Obj. at 2-3. This position, however, is contradicted by the SEC's formal attempt to relate
6  its cases against both Mr. Gifford and the Company to its case against Mr. Jasper. On December
7  7, 2007, the SEC filed an administrative motion requesting that its cases against Mr. Gifford and
8  Maxim be related to its case against Mr. Jasper pursuant to Civil Local Rule 3-12. Civil Local
9  Rule 3-12 permits cases to be related if they concern "substantially the same parties, property,
10 transaction, or event."

11 Now, however, the SEC seeks to distance itself from this position, and argues that
12 the court filings in those cases (and the related press release) are not relevant to our case and the
13 motion to dismiss. But this argument ignores our criticism of the Amended Complaint. We
14 moved to dismiss the Amended Complaint because of the SEC's failure to plead with
15 particularity. In response, the SEC repeatedly alludes to the alleged role of Mr. Gifford in the
16 alleged backdating of options. *See* Pl.'s Opp. at 1, 4, 6 (stating "Jasper was also aware that
17 Maxim's CEO at times selected grant dates with hindsight"). But, as indicated in our motion to
18 dismiss and reply, the SEC did not charge Mr. Gifford with any fraudulent conduct. We are left
19 wondering with whom he is alleged to have conspired. *See* Jasper Reply in Support of Mot. to
20 Dismiss at 6. The Court should take notice of these court filings and the related press release as
21 they assist the Court with evaluating the specific allegations, and lack thereof, against Mr. Jasper.

---

[1] Plaintiff repeatedly cites to *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) for the blanket statement that "the Court is limited generally to the allegations in the Complaint." *See* Pl.'s Obj. at 2-4. But this fails to account for any circumstances where judicial notice is appropriate. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001) (discussing the district court's ability to take notice of matters of public record under the Federal Rules of Evidence).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CARL W. JASPER'S REPLY REQUESTING
JUDICIAL NOTICE IN SUPPORT OF
HIS MOTION TO DIMISS

1 | The January 17, 2008 press release concerning Maxim's restatement of earnings is also relevant to Plaintiff's allegations and Mr. Jasper's motion to dismiss. Plaintiff contends that Mr. Jasper conspired with others to backdate options and knowingly, or with recklessness, made false statements concerning the Company's financials. The January 17, 2008 press release, which was filed with the SEC, announced that Maxim will be restating earnings due to option accounting problems for a time period *before* Mr. Jasper was even an employee at the Company. Given the fact that the Company's option accounting problems evidently pre-date Mr. Jasper, the Court should consider this judicially noticeable fact in evaluating the allegations against him.

Because Exhibits A-E are directly related to Plaintiff's allegations against Mr. Jasper, we respectfully request the Court take judicial notice of these five documents for purposes of scrutinizing the Complaint.

Dated: March 17, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
   Steven M. Bauer
   Robert E. Sims
   David M. Friedman
   Risha N. Jamison
   Christopher W. Johnstone
   Heather L. Thompson

By       /S/      
   Risha N. Jamison
   Attorneys for Defendant
   Carl W. Jasper

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CARL W. JASPER'S REPLY REQUESTING
JUDICIAL NOTICE IN SUPPORT OF
HIS MOTION TO DIMISS