MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal. Bar No. 178570)
 fickesm@sec.gov
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
 schneidere@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  vs.<br><br>CARL W. JASPER,<br><br>    Defendant. | Case No. CV 07-6122 JW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 7, 2008<br>Time: 10:00 a.m.<br>Location:  Courtroom 8, 4th Floor<br>             Hon. James Ware |

Pursuant to the Northern District's March 1, 2007 Standing Order, plaintiff Securities and Exchange Commission (the "Commission") and defendant Carl W. Jasper ("Jasper") submit this Joint Case Management Statement.

**1.     JURISDICTION AND SERVICE**

This is a civil enforcement action brought by the Commission alleging fraud, in violation of the federal securities laws.  The Commission brings this action pursuant to Sections 20(b) and 20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77t(d)] and Sections 21(d)

and 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d) and 78u(e)].

The Court has jurisdiction over this action pursuant to Sections 20(c) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(c) and 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa]. The Commission alleges that Jasper, directly or indirectly, has made use of the means and instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the acts, practices and courses of business alleged in this complaint.

Venue is proper in this District pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v], and Section 27 of the Exchange Act [15 U.S.C. § 78aa]. Jasper resides in the Northern District of California, and acts or transactions constituting violations occurred in this district.

There are no issues regarding personal jurisdiction or venue, and there are no other parties to be served.

**2.   FACTS**

**A.  Plaintiff's Description of the Case**

This case involves the Commission's allegations of improper stock option backdating at Maxim Integrated Products, Inc. ("Maxim" or the "Company"), a Sunnyvale, California semiconductor company. The Commission alleges that defendant Carl W. Jasper ("Jasper"), Maxim's former Chief Financial Officer, engaged in a scheme to illegally backdate stock options granted to Maxim employees and directors, concealing millions of dollars in expenses from investors and significantly overstating the Company's income. Jasper was aware of instances of backdating, and on repeated occasions prepared for the signature of Maxim's then Chief Executive Officer falsely dated option grant approval documents to make it appear as though the options had been granted at the market price on an earlier date. Jasper also knew, or was reckless in not knowing, that the Company did not properly account for such options or accurately disclose Maxim's option granting practices.

Under well-settled accounting principles in effect throughout the relevant period, Maxim was not required to record an expense in its financial statements for options granted at the market price ("at-the-money"), but *was* required to record expenses for any options granted below the current

1  market price ("in-the-money"). The Commission alleges that, in order to provide Maxim employees
2  and outside directors with potentially far more lucrative "in-the-money" options, while avoiding
3  having to inform shareholders of millions of dollars in compensation expenses, Maxim routinely
4  backdated stock options to dates corresponding to historical lows in Maxim's stock price, and
5  falsified records to make it appear as though the options were granted "at-the-money" on the earlier
6  date. For ten consecutive quarters, from the second quarter of fiscal year 2002 to the fourth quarter
7  of fiscal year 2004, Maxim granted options to employees with an exercise price equal to the lowest
8  price of the quarter. Maxim fraudulently failed to record compensation expenses for those backdated
9  options, thus overstating its income by millions of dollars and falsely representing in certain filings
10 that it had incurred no expense for option grants.

11    The Commission alleges that Jasper was aware that Maxim granted options on purported
12 dates that had been selected with hindsight, which resulted in the issuance of undisclosed "in-the-
13 money" options to Maxim employees and directors. Jasper also knew, or was reckless in not
14 knowing, that Maxim was failing to report expenses for its "in-the-money" stock options and was
15 falsely reporting that it only granted options at fair market value. Contrary to Jasper's assertion
16 below, the Commission is not required to prove "extreme" recklessness. Finally, the Commission
17 notes that in *SEC v. Maxim Integrated Products and John Gifford*, Case No. CV 07:6121 (N.D. Cal.),
18 the Commission charged Maxim with fraud based on Jasper's misconduct.

19    **B. Mr. Jasper's Description of the Case**

20    Mr. Jasper denies each and every substantive allegation set forth by the Commission above.
21 Specifically, Mr. Jasper denies that he participated in any alleged scheme to defraud Maxim. In fact,
22 nowhere does the Amended Complaint suggest any reason why Mr. Jasper would have joined the
23 alleged scheme. The Commission does not allege – as it cannot - that Mr. Jasper ever received a
24 single option that was allegedly backdated, or that he tried to backdate his own options or that his
25 salary or bonuses were tied to the alleged scheme. As further conceded by the Amended Complaint,
26 Mr. Jasper had no authority to grant options at Maxim; rather this authority was vested solely in
27 Maxim's CEO and one-man option-granting committee, whom Mr. Jasper trusted. Accordingly, Mr.
28

Jasper denies that he could have had the necessary state of mind – extreme and deliberate recklessness - to violate any securities laws or regulations.

In addition, the Amended Complaint does not alleged facts to suggest that Mr. Jasper made any material misstatements or omissions in connection with the alleged scheme; rather it argues that Maxim failed to comply with GAAP regulations – this is insufficient to establish materiality as a matter of law.   On the basis of these facts, Mr. Jasper filed a Motion to Dismiss and Strike the Amended Complaint (Docket No. 16) on February 4, 2008.  Mr. Jasper further argues that the majority of the Commission's claims for relief and the alleged conduct on which these are based are time-barred under the statute of limitations at 28 U.S.C. § 2462, and that the prayers for relief are not recoverable as a matter of law.  *See* Mr. Jasper's Motion to Dismiss and Strike, which sets out Mr. Jasper's description of the case in greater detail.

Finally, Mr. Jasper notes that the Commission filed and settled claims against Maxim and Maxim's CEO (and one-man option granting committee) based on the same facts alleged in the Amended Complaint.  *See SEC v. Maxim Integrated Products and John Gifford*, Case No. CV 07:6121 (N.D. Cal.).  The Commission did not charge Maxim's CEO with fraud in that case.

### C. Principal Facts in Dispute

#### (1) The Commission

The Commission believes that the principal issues of fact in dispute will likely be: (1) whether Maxim's Stock Option Committee actually met and approved certain grants on the purported grant date as opposed to selecting grant dates with the benefit of hindsight; (2) for those grants that the Commission and Jasper agree were picked with hindsight, whether Jasper had the requisite scienter to appreciate the wrongfulness of his alleged conduct; and (3) whether any "measurement date" accounting errors for the option grants in question were material to Maxim's financial statements and/or stock price.

#### (2)  Mr. Jasper

Mr. Jasper disputes each of the factual allegations that the Commission sets forth above. In addition, but without limitation, Mr. Jasper disputes: 1) that he participated in a fraudulent scheme to backdate options at Maxim, 2) that he falsely certified Maxim's financial statements or intended to

1  conceal stock option expenses, 3) that he knew or should have known of the alleged backdating of
2  grants, 4) that he knew that Maxim did not properly account for its option grants, 5) that he falsely
3  dated grant approval documents for the purpose of hiding "in-the-money" grants, or 6) that the
4  alleged accounting errors were material. *See* Mr. Jasper's Description of the Case, *supra* for
5  additional areas of factual dispute.

6  **3.   LEGAL ISSUES**

7  For each of the Commission's claims for relief, the parties dispute whether Mr. Jasper
8  committed violations of the Securities Act, Exchange Act, or any rules promulgated thereunder, and
9  whether the Commission is entitled to any relief. Specifically, the parties dispute: 1) whether Mr.
10 Jasper acted with the requisite scienter, 2) whether the alleged misstatements or omissions were
11 material, 3) whether the statute of limitations at 28 U.S.C. § 2462 bars certain of the Commission's
12 claims and allegations, 4) whether the Commission is entitled to restitution and relief under the
13 Sarbanes-Oxley Act of 2002, and 5) whether the Commission is entitled to disgorgement and other
14 injunctive relief.

15 **4.   MOTIONS**

16 Jasper has filed a motion to dismiss and strike pursuant to Federal Rules of Civil Procedure 9,
17 12(f) and 12(b)(6). Jasper's motion will be heard on April 7, 2008.

18 **5.   AMENDMENT OF PLEADINGS**

19 If Jasper does not prevail on his motion, the parties do not expect to add or dismiss any
20 parties, claims or defenses.

21 **6.   EVIDENCE PRESERVATION**

22 The Commission has taken steps to preserve documents in its possession, obtained from third
23 parties, including copying of paper copies to electronic data. In addition, certain of the relevant
24 evidence in this case consists of paper and electronic documents in the possession of Maxim or its
25 outside auditors or other third-parties that are aware of this litigation and other litigation concerning
26 Maxim's options practices.
27 Mr. Jasper believes that the relevant documents in this matter are in the custody and control of
28 Maxim, Maxim's auditors, and other individuals identified in Mr. Jasper's Rule 26(a)(1) Initial

1  Disclosures. To the extent that Mr. Jasper is in possession of documents which are in the custody and
2  control of Maxim and other third-parties, he has taken steps to preserve these documents.

3  **7.   DISCLOSURES**

4  Pursuant to Fed. R. Civ. P. Rule 26(f), a telephonic meeting was held on March 4, 2008 at
5  3:00 pm with Mark Fickes and Erin Schneider, counsel for the Commission, and David Friedman and
6  Risha Jamison, counsel for Jasper. At the telephonic meeting, counsel for the parties agreed to make
7  their disclosures pursuant to Federal Rule of Civil 26 on March 21, 2008. In addition, Mr. Jasper's
8  counsel advised that he would not produce certain unspecified documents as part of his disclosures
9  based on his Fifth Amendment privilege. In its disclosures, the Commission identified 55 people
10 likely to have discoverable information that it may use to support its claims. In addition, the
11 Commission provided an index to the boxes of documents it previously obtained from third parties,
12 and copies of the transcripts of investigative testimony taken prior to filing this litigation. The
13 Commission produced CDs containing more than 100,000 pages of documents in an electronic to
14 Jasper.

15 Jasper has completed his initial disclosures. He has identified 18 people likely to have
16 discoverable information that he may use to support his claims or defenses. In addition, Mr. Jasper
17 believes that the relevant documents in this matter are in the custody and control of Maxim, Maxim's
18 auditors, and other individuals identified in Mr. Jasper's Rule 26(a)(1) Initial Disclosures. Mr. Jasper
19 did not personally produce any additional documents as part of this Rule 26 disclosures, beyond those
20 gathered by Maxim and previously produced to the SEC. He believes that the SEC has all or nearly
21 all documents in his possession, with the possible exception of: (a) some documents received by his
22 counsel under a protective order in other litigation; and (b) documents protected by asserted attorney-
23 client privileges or Mr. Jasper's Fifth Amendment privilege. As disclosed previously, Mr. Jasper
24 continues to assert his privilege at this time, but of course reserves the right to reconsider that
25 position as discovery proceeds.

26 **8.   DISCOVERY**

27 The parties met and conferred about the scope of discovery and jointly propose that the Court
28 permit each party to take up to 40 depositions without further leave of the Court. The Commission

1 anticipates taking between 15 and 20 depositions of percipient witnesses but recognizes that
2 additional depositions may be warranted.  If after taking 40 depositions, either party determines that
3 more depositions are necessary, the party may apply to the Court for further expansion of the number.
4 In addition to depositions, the Commission anticipates further discovery requests, for documents or
5 other information, to third parties, and to the defendant, including by subpoena or document or
6 inspection requests, interrogatories, and requests for admissions.

      **A. Plaintiff's Discovery Proposal**

      The Commission proposes the following reasonable discovery schedule:

          Last day for fact discovery:  May 29, 2009

          Last day to identify expert witnesses:  June 26, 2009

          Last day to complete expert discovery:  August 25, 2009

      **B. Mr. Jasper's Discovery Proposal**

      Mr. Jasper agrees to the proposal above with the following additions:

          Last day for parties to exchange initial expert reports: July 3, 2009

          Last day for parties to exchange rebuttal reports: July 17, 2009

**9.   CLASS ACTIONS**

      Query v. Maxim Integrated Products, Inc., Cark W. Jasper and John Gifford, Case No. CV 08-08832 PVT (N.D. Cal.).

**10.   RELATED CASES**

      As defined by the Northern District of California Local Rules, there are no related cases.

**11.   RELIEF**

      The Commission seeks the following relief:

      a.   <u>Injunctive Relief</u>:  An injunction against Jasper from directly or indirectly violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Sections 10(b), 13(b)(5), and 14(a) of the Exchange Act  [15 U.S.C. §§ 78j(b), 78m(b)(5), and 78n(a)], and Rules 10b-5, 13a-14, 13b2-1, 13b2-2, 14a-9 thereunder [17 C.F.R. §§ 240.10b-5, 240.13b2-1, 140.13b2-2, and 240.14a-9], and from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act

[15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] thereunder;

    b.  <u>Officer and Director Bar</u>:  An order prohibiting Jasper, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], from serving as an officer or director of any entity having a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78*o*(d)];

    c.  <u>Disgorgement</u>:  An order directing Jasper to disgorge unlawful profits, including prejudgment interest.  The amount of disgorgement may require detailed factual analysis and expert opinion.

    d.  <u>Penalties</u>:  An order imposing civil monetary penalties on Jasper, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

    e.  <u>Repayment</u>:  An order requiring Jasper to repay bonuses and stock profits, pursuant to Section 304 of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243].

**12.    SETTLEMENT AND ADR**

The parties have met and conferred regarding an ADR plan and filed a Notice of Need for ADR Phone Conference [Docket No. 18].  An ADR phone conference has not been set.  At present, the Commission and Jasper believe it will be necessary to develop the facts through discovery before there can be any real chance to settle the case.  The parties recommend that the Court refer this case for a settlement conference with a judicial officer at a date after the completion of discovery and motions for summary judgment, if any.

**13.    CONSENT TO MAGISTRATE JUDGE**

The parties do not consent to proceed before a magistrate judge.

**14.    OTHER REFERENCES**

The Commission and Jasper do not believe this case is suitable for binding arbitration.  However, as noted above, the parties recommend that a settlement judge be appointed following the completion of discovery and motions for summary judgment.

**15. NARROWING OF ISSUES**

The parties have not yet identified any issues that can be narrowed by agreement or motion.

**16. EXPEDITED SCHEDULE**

This case is not suitable for expedited scheduling.

**17. SCHEDULING**

    **A. The Commission's Proposed Schedule:**

        Last day for fact discovery:  May 29, 2009

        Last day to identify expert witnesses:  June 26, 2009

        Last day to complete expert discovery:  August 25, 2009

        Last day to hear dispositive motions:  October 12, 2009

        Pre-trial conference:  November 9, 2009

        Trial:  December 7, 2009

    **B. Mr. Jasper's Proposed Schedule:**

Mr. Jasper agrees to the proposal above with the following additions:

        Last day for parties to exchange initial expert reports: July 3, 2009

        Last day for parties to exchange rebuttal reports: July 17, 2009

**18. TRIAL**

The Commission has not requested a jury and estimates the trial will take approximately 15 days.  Mr. Jasper has not yet requested a trial by jury but will do so in accordance with the Federal Rules of Civil Procedure.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Local Rule 3-16(a), the Commission is not required to file a Certificate of Interested Entities or Persons.  Mr. Jasper filed a Certificate Interested Entities or Persons on February 4, 2008 [Docket No. 17] indicating that he was unaware of any interested persons or entities.

1 | **20.    OTHER MATTERS**
2 |     None.

4 | DATED:   March 26, 2008        Respectfully Submitted,

/s/ Mark P. Fickes
Mark P. Fickes
Erin E. Schneider
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

/s/ Steven M. Bauer
Steven M. Bauer
Robert E. Simms
David M. Friedman
Risha Jamison
Attorneys for Defendant
CARL W. JASPER