UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>   v.<br><br>CARL W. JASPER,<br><br>              Defendant. | CASE NO. CV 07-6122 (JW)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY |

WHEREAS, the parties in the above-captioned action (the "Action") may be requested to produce personal and confidential financial information, or information containing competitive, proprietary, and confidential business activities of third-party Maxim Integrated Products, Inc. or other third parties, including information that is subject to a protective order in an action styled *Ryan v. Gifford*, CA No. 2213-CC in the Delaware Court of Chancery ("Delaware Protective Order", attached hereto); and

WHEREAS, disclosure and discovery in this Action may require the production and use of the same confidential, proprietary and private information from the parties bound under the Delaware Protective Order; and

WHEREAS, the Parties to this Action believe that it is more efficient to enter into a protective order in this Action that is similar to the Delaware Protective Order.

IT IS HERBY AGREED AND ORDERED THAT the following Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, trial testimony and any other information produced, given or exchanged by and among the parties and any non-parties to this Action in connection with discovery or trial in the Action (such information hereinafter referred to as "Discovery Material"):

1. Discovery Material may be designated as "Confidential" or "Highly Confidential" in the manner and subject to the terms and conditions set forth herein. The confidentiality of any information so designated, whether such information is provided orally, by a document, or otherwise shall be maintained, and shall not be disclosed to any person or entity, except as set forth herein.

2. The party (or, if applicable, non-party) designating Discovery Material as "Confidential" or "Highly Confidential" shall be referred to for purposes of this Order as the "Designating Party." Counsel for any Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order only if such counsel in good faith believes that such Discovery Material contains "Confidential Information" or "Highly Confidential Information" as defined below. The designation by any Designating Party of Discovery Material as "Confidential" or "Highly Confidential" shall constitute a representation that such Discovery Material has been reviewed by counsel for the Designating Party and that there is a valid basis for such designation.

3. For purposes of this Order, "Confidential Information" is information which has not been made public and which concerns or relates to trade secrets, processes, operations, style of work, apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other commercially or personally sensitive or proprietary information or other information that the Designating Party is required by contract to keep confidential. Notwithstanding the foregoing, "Confidential Information" shall not mean information or documents produced or disclosed that are or become, without any violation of this Order, and apart from production or disclosure in

1  connection with this Action, a matter of public record or publicly available by law or otherwise.

2      4.    For purposes of this Order, "Highly Confidential Information" is information which has not been made public and which concerns, contains or relates to personal medical information.

    5.    Discovery Material, or information derived therefrom, shall be used solely for purposes of this Action, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

    6.    The designation of Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Order shall be made in the following manner by any Designating Party:

    a.    Documents or other tangible Discovery Material shall, at the time of their production, be so designated by affixing the legend "Confidential" or "Highly Confidential" or a comparable notice to each page containing any Confidential Information, except that in the case of multi-page documents bound together by staple or other permanent binding, the notice need only be stamped on the first page of the document in order for the entire document to be treated as having been designated "Confidential" or "Highly Confidential";

    b.    Documents or other tangible Discovery Material produced by a non-party to the Action shall be so designated by the Designating Party providing written notice, within five (5) business days from the date of production, to counsel of record for the parties (and to counsel of record, if any, for the non-party who produced such documents or other tangible Discovery Material) of the Bates numbers or number range or other sufficiently definite description of the documents to be designated as "Confidential" or "Highly Confidential." The parties and their counsel shall not permit documents or materials produced by a non-party to be distributed to persons beyond those specified in Paragraph 8 (in the case of Confidential Information) or 9 (in the case of Highly Confidential Information) below until the relevant period for the designation has expired;

    c.    Deposition testimony shall be designated "Confidential" or "Highly Confidential" (a) at the taking of the deposition by a statement on the record, by counsel

at the time of such disclosure, or (b) by written notice sent to counsel of record for all parties (and if the deponent is a non-party, to counsel of record, if any, for the deponent) within five (5) business days after receiving the final certified copy of the transcript thereof identifying the specific pages thereof designated as "Confidential" or "Highly Confidential." In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential – Subject to Protective Order" or "Highly Confidential- Subject to Protective Order" be affixed to the portions of the original and all copies of the transcript containing any Confidential or Highly Confidential Information. Counsel shall not permit deposition transcripts to be distributed to persons beyond those specified in Paragraph 8 (in the case of Confidential Information) or 9 (in the case of Highly Confidential Information) below until the relevant period for the designation has expired. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition without further order of the Court.

7. Inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential" or "Highly Confidential" or in a manner consistent with Paragraph 6 and the prompt transmittal of replacement copies with appropriate designations. The party receiving such supplemental written notice shall treat materials so designated as "Confidential" or "Highly Confidential" and such materials shall be fully subject to this Order as if they had been initially so designated until it receives replacement copies, and, upon receipt of replacement copies, shall destroy the undesignated copies. A person who has disclosed Discovery Material (or information contained therein) that is subsequently designated as "Confidential" or "Highly Confidential" shall in good faith assist the Designating Party in retrieving such Discovery Material (or information) from all recipients not entitled to receive such Discovery Material under the terms of this Order and prevent further disclosures except as authorized under the terms of this Order.

8. Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

      a.    Parties and counsel who represent parties and have appeared in the Action (and members of their firm), and regular and temporary employees of such counsel (including outside copying services and outside litigation support services) necessary to assist in the conduct of the Action for use in accordance with this Order;

      b.    Experts or consultants who are not officers, directors, managers or employees of any party who are necessary to assist counsel of record in the conduct of this Action, provided, however, that any such persons receiving any Discovery Material designated as "Confidential" shall execute a Declaration of Compliance substantially in the form annexed hereto as Exhibit A;

      c.    Witnesses or deponents, and their counsel, during the course, or, to the extent necessary, in preparation for their depositions or testimony in the Action;

      d.    The Court and Court personnel;

      e.    Court reporters and videographers employed in connection with this Action; and

      f.    Any other person only upon order of the Court or upon prior written consent of the Designating Party.

9.    Discovery Material designated as "Highly Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

      a.    Outside counsel who represent parties and have appeared in the Action (and members of their firm), and regular and temporary employees of such counsel (including outside copying services and outside litigation support services) necessary to assist in the conduct of the Action for use in accordance with this Order;

      b.    Experts or consultants who are not officers, directors, managers or employees of any party who are necessary to assist counsel of record in the conduct of this Action, provided, however, that any such persons receiving any Discovery Material designated as "Highly Confidential" shall execute a Declaration of Compliance substantially in the form annexed hereto as Exhibit A;

      c.     The Court and Court personnel;

      d.     Court reporters and videographers employed in connection with this Action; and

      e.     Any other person only upon order of the Court or upon prior written consent of the Designating Party.

10. Notwithstanding Paragraphs 8(b) and 9 above, Discovery Material designated as "Confidential" or "Highly Confidential" may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action.

11. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested Persons, a Party may not file in the public record in this action any Protected Material. When a Party seeks to file under seal any Protected Material, the parties must comply with all provisions of Civil Local Rule 79-5 including Civ. L.R. 79-5(d).

13. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

14. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring (whether orally or in writing) directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may not seek judicial intervention unless it has first engaged in this meet and confer process.

15. A Party that elects to press a challenge to a confidentiality designation, after considering the justification offered by the Designating Party, may file and serve a motion under

Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. The motion shall include a competent declaration that affirms that the movant complied with the Protective Order and specifies the justification given by the Designating Party during the meet and confer. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question "Confidential" treatment under the terms of this Protective Order.

16. The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery as work-product or by reason of any other applicable privilege or immunity, including without limitation the attorney-client privilege, and no party shall be held to have waived any rights by such inadvertent production. If the claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another party, such other party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made and all copies thereof, and the party returning such material shall not use the information with respect to which a claim of inadvertent production has been made for any purpose other than in connection with a motion to compel. The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering said Order the fact or circumstance of the inadvertent production or the substance (as opposed to the type or nature) of the material; nor shall such motion include or otherwise disclose, as an attachment or exhibit or otherwise, the material (or any portion thereof) which is the subject of such motion.

17. Entering into, agreeing to, producing, or receiving Discovery Material designated as "Confidential" or "Highly Confidential" pursuant to, and/or otherwise complying with the terms of, this Order, or the taking of any action hereunder shall not:

   a. Constitute or operate as an admission by any party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret or any other type of Confidential Information;

   b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Information;

   c. Prejudice in any way the rights of any party to object to the relevancy, authenticity, or admissibility into evidence of any document, material, testimony, or thing subject to this Order, or otherwise constitute or operate as an admission by any party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing;

   d. Prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential or Highly Confidential Information should be subject to the terms of this Order;

   e. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential or Highly Confidential Information; and/or

   f. Prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

  18. This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Information, including Discovery Material designated as "Confidential" or "Highly Confidential" for any purpose. Nothing herein (i) shall prevent a party from disclosing "Confidential" or "Highly Confidential" Discovery Material to officers, directors, employees, agents, or advisors, including investment bankers and accountants, of the Designating Party; or (ii) shall impose any restrictions on the use or disclosure by a party of documents, materials, or information designated "Confidential" or "Highly Confidential" if such documents, materials, or information was both lawfully obtained by and lawfully retained in the possession of such party independently of the discovery proceedings in this Action.

  19. In the event additional persons or entities become parties to the Action,

none of such parties' counsel, or experts or consultants retained to assist said counsel, or such parties themselves, shall have access to Confidential or Highly Confidential Information produced by or obtained from any other producing person until said party has executed and filed with the Court its agreement to be fully bound by this Order.

20. It is the present intention of the parties that the provisions of this Order shall govern discovery in this Action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Order, or relief therefrom, by application to the Court on notice to the other parties hereto.

21. The provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all actions between the parties in which Discovery Material designated as "Confidential" or "Highly Confidential" is permitted to be used, including the exhaustion of all permissible appeals, all persons and entities having received Discovery Material designated as "Confidential" or "Highly Confidential" shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such Discovery Material designated as "Confidential" or "Highly Confidential" and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party. Outside counsel for the parties shall be entitled to retain all Filings, court papers, deposition and trial transcripts, and attorney work product (regardless of whether such materials contain or reference Discovery Materials designated as "Confidential" or "Highly Confidential" by any party or non-party), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party. All materials, if any, returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

22. If any person receiving Discovery Material pursuant to this Order (the

"Receiver") is (i) subpoenaed in another action, (ii) served with a demand in another action to which the Receiver is a party by one not a party to this Action, or (iii) served with any other legal process by one not a party to this Action, seeking Discovery Material that was designated as "Confidential" or "Highly Confidential" by someone other than the Receiver, the Receiver shall give actual written notice, by hand or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, or legal process, to the Designating Party. The Receiver shall not produce any of the Discovery Material designated as "Confidential" or "Highly Confidential" by the Designating Party, unless otherwise ordered by a court of competent jurisdiction or agreed in writing by the Designating Party, for a period of at least five (5) business days after providing the required notice to the Designating Party. If, within five (5) business days of receiving such notice, the Designating Party gives notice to the Receiver that the Designating Party opposes production of its "Confidential" or "Highly Confidential" Discovery Material, the Receiver shall not thereafter produce such Discovery Material except pursuant to a court order requiring compliance with the subpoena, demand, or other legal process. The Designating Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" or "Highly Confidential" Discovery Material covered by this Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

23.    Any person seeking enforcement of this Order may petition the Court by properly noticed motion, pursuant to this Court's rules applicable to the Action, including a concise statement of the specific relief sought.

24.    This Order is deemed equally drafted by the Parties. It shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been revised or edited by counsel for one of the Parties; it is recognized as the result of arm's length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of the Stipulation.

25.    This Order is subject to revocation or modification by order of the Court

upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

DATED: July 2, 2008           Respectfully Submitted,


/s/ Mark P. Fickes
Mark P. Fickes
Erin E. Schneider
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION


/s/ Steven M. Bauer
Steven M. Bauer
Robert E. Sims
David M. Friedman
Risha N. Jamison
Attorneys for Defendant
CARL W. JASPER


## ORDER

PURSUANT TO STIPULATION.  IT IS SO ORDERED.

DATED: _____          _____

                                        Howard R. Lloyd
                                        United States Magistrate Judge

[PROPOSED] PROTECTIVE ORDER