*E-FILED 7/15/2008*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

           Plaintiff,

    v.

CARL W. JASPER,

           Defendant.

CASE NO. CV 07-6122 (JW)

~~[PROPOSED]~~ STIPULATED PROTECTIVE
ORDER GOVERNING CONFIDENTIALITY

**(MODIFIED BY THE COURT)**

WHEREAS, the parties in the above-captioned action (the "Action") may be requested to produce personal and confidential financial information, or information containing competitive, proprietary, and confidential business activities of third-party Maxim Integrated Products, Inc. or other third parties, including information that is subject to a protective order in an action styled *Ryan v. Gifford*, CA No. 2213-CC in the Delaware Court of Chancery ("Delaware Protective Order", attached hereto); and

WHEREAS, disclosure and discovery in this Action may require the production and use of the same confidential, proprietary and private information from the parties bound under the Delaware Protective Order; and

WHEREAS, the Parties to this Action believe that it is more efficient to enter into a protective order in this Action that is similar to the Delaware Protective Order.

1    IT IS HERBY AGREED AND ORDERED THAT the following Order shall

2  govern the handling of documents, depositions, deposition exhibits, interrogatory responses,

3  admissions, trial testimony and any other information produced, given or exchanged by and

4  among the parties and any non-parties to this Action in connection with discovery or trial in the

5  Action (such information hereinafter referred to as "Discovery Material"):

6    1.    Discovery Material may be designated as "Confidential" or "Highly

7  Confidential" in the manner and subject to the terms and conditions set forth herein. The

8  confidentiality of any information so designated, whether such information is provided orally, by

9  a document, or otherwise shall be maintained, and shall not be disclosed to any person or entity,

10  except as set forth herein.

11    2.    The party (or, if applicable, non-party) designating Discovery Material as

12  "Confidential" or "Highly Confidential" shall be referred to for purposes of this Order as the

13  "Designating Party." Counsel for any Designating Party may designate any Discovery Material

14  as "Confidential" under the terms of this Order only if such counsel in good faith believes that

15  such Discovery Material contains "Confidential Information" or "Highly Confidential

16  Information" as defined below. The designation by any Designating Party of Discovery Material

17  as "Confidential" or "Highly Confidential" shall constitute a representation that such Discovery

18  Material has been reviewed by counsel for the Designating Party and that there is a valid basis

19  for such designation.

20    3.    For purposes of this Order, "Confidential Information" is information

21  which has not been made public and which concerns or relates to trade secrets, processes,

22  operations, style of work, apparatus, or to the production, sales, shipments, purchases, transfers,

23  identification of customers, inventories, amount or source of any income, profits, losses, or

24  expenditures of any person, firm, partnership, corporation, or other organization, or other

25  commercially or personally sensitive or proprietary information or other information that the

26  Designating Party is required by contract to keep confidential. Notwithstanding the foregoing,

27  "Confidential Information" shall not mean information or documents produced or disclosed that

28  are or become, without any violation of this Order, and apart from production or disclosure in

2

[PROPOSED] PROTECTIVE ORDER

1    connection with this Action, a matter of public record or publicly available by law or otherwise.

2        4.    For purposes of this Order, "Highly Confidential Information" is

3    information which has not been made public and which concerns, contains or relates to personal

4    medical information.

5        5.    Discovery Material, or information derived therefrom, shall be used solely

6    for purposes of this Action, and shall not be used for any other purpose, including, without

7    limitation, any business or commercial purpose or any other litigation.

8        6.    The designation of Discovery Material as "Confidential" or "Highly

9    Confidential" for purposes of this Order shall be made in the following manner by any

10   Designating Party:

11       a.    Documents or other tangible Discovery Material shall, at the time

12   of their production, be so designated by affixing the legend "Confidential" or "Highly

13   Confidential" or a comparable notice to each page containing any Confidential Information,

14   except that in the case of multi-page documents bound together by staple or other permanent

15   binding, the notice need only be stamped on the first page of the document in order for the entire

16   document to be treated as having been designated "Confidential" or "Highly Confidential";

17       b.    Documents or other tangible Discovery Material produced by a

18   non-party to the Action shall be so designated by the Designating Party providing written notice,

19   within five (5) business days from the date of production, to counsel of record for the parties

20   (and to counsel of record, if any, for the non-party who produced such documents or other

21   tangible Discovery Material) of the Bates numbers or number range or other sufficiently definite

22   description of the documents to be designated as "Confidential" or "Highly Confidential." The

23   parties and their counsel shall not permit documents or materials produced by a non-party to be

24   distributed to persons beyond those specified in Paragraph 8 (in the case of Confidential

25   Information) or 9 (in the case of Highly Confidential Information) below until the relevant period

26   for the designation has expired;

27       c.    Deposition testimony shall be designated "Confidential" or

28   "Highly Confidential" (a) at the taking of the deposition by a statement on the record, by counsel

[PROPOSED] PROTECTIVE ORDER

1    at the time of such disclosure, or (b) by written notice sent to counsel of record for all parties

2    (and if the deponent is a non-party, to counsel of record, if any, for the deponent) within five (5)

3    business days after receiving the final certified copy of the transcript thereof identifying the

4    specific pages thereof designated as "Confidential" or "Highly Confidential." In both of the

5    foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential –

6    Subject to Protective Order" or "Highly Confidential- Subject to Protective Order" be affixed to

7    the portions of the original and all copies of the transcript containing any Confidential or Highly

8    Confidential Information. Counsel shall not permit deposition transcripts to be distributed to

9    persons beyond those specified in Paragraph 8 (in the case of Confidential Information) or 9 (in

10    the case of Highly Confidential Information) below until the relevant period for the designation

11    has expired. The parties may modify this procedure for any particular deposition through

12    agreement on the record at such deposition without further order of the Court.

13          7.     Inadvertent failure to designate Discovery Material as "Confidential" or

14    "Highly Confidential" shall not constitute a waiver of such claim and may be corrected by

15    prompt supplemental written notice designating such Discovery Material as "Confidential" or

16    "Highly Confidential" or in a manner consistent with Paragraph 6 and the prompt transmittal of

17    replacement copies with appropriate designations. The party receiving such supplemental

18    written notice shall treat materials so designated as "Confidential" or "Highly Confidential" and

19    such materials shall be fully subject to this Order as if they had been initially so designated until

20    it receives replacement copies, and, upon receipt of replacement copies, shall destroy the

21    undesignated copies. A person who has disclosed Discovery Material (or information contained

22    therein) that is subsequently designated as "Confidential" or "Highly Confidential" shall in good

23    faith assist the Designating Party in retrieving such Discovery Material (or information) from all

24    recipients not entitled to receive such Discovery Material under the terms of this Order and

25    prevent further disclosures except as authorized under the terms of this Order.

26          8.     Discovery Material designated as "Confidential" may be disclosed,

27    summarized, described, characterized or otherwise communicated or made available in whole or

28    in part only to the following persons:

[PROPOSED] PROTECTIVE ORDER

1        a.      Parties and counsel who represent parties and have appeared in the

2  Action (and members of their firm), and regular and temporary employees of such counsel

3  (including outside copying services and outside litigation support services) necessary to assist in

4  the conduct of the Action for use in accordance with this Order;

5        b.      Experts or consultants who are not officers, directors, managers or

6  employees of any party who are necessary to assist counsel of record in the conduct of this

7  Action, provided, however, that any such persons receiving any Discovery Material designated

8  as "Confidential" shall execute a Declaration of Compliance substantially in the form annexed

9  hereto as Exhibit A;

10        c.      Witnesses or deponents, and their counsel, during the course, or, to

11  the extent necessary, in preparation for their depositions or testimony in the Action;

12        d.      The Court and Court personnel;

13        e.      Court reporters and videographers employed in connection with

14  this Action; and

15        f.      Any other person only upon order of the Court or upon prior

16  written consent of the Designating Party.

17      9.      Discovery Material designated as "Highly Confidential" may be disclosed,

18  summarized, described, characterized or otherwise communicated or made available in whole or

19  in part only to the following persons:

20        a.      Outside counsel who represent parties and have appeared in the

21  Action (and members of their firm), and regular and temporary employees of such counsel

22  (including outside copying services and outside litigation support services) necessary to assist in

23  the conduct of the Action for use in accordance with this Order;

24        b.      Experts or consultants who are not officers, directors, managers or

25  employees of any party who are necessary to assist counsel of record in the conduct of this

26  Action, provided, however, that any such persons receiving any Discovery Material designated

27  as "Highly Confidential" shall execute a Declaration of Compliance substantially in the form

28  annexed hereto as Exhibit A;

[PROPOSED] PROTECTIVE ORDER

1        c.      The Court and Court personnel;

2        d.      Court reporters and videographers employed in connection with

3    this Action; and

4        e.      Any other person only upon order of the Court or upon prior

5    written consent of the Designating Party.

6        10.     Notwithstanding Paragraphs 8(b) and 9 above, Discovery Material designated as

7    "Confidential" or "Highly Confidential" may be provided to experts or consultants only to the

8    extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify,

9    or to assist counsel in the prosecution or defense of this Action.

10       11.     Without written permission from the Designating Party or a court order secured

11   after appropriate notice to all interested Persons, a Party may not file in the public record in this

12   action any Protected Material.  When a Party seeks to file under seal any Protected Material, the

13   parties must comply with all provisions of Civil Local Rule 79-5 including Civ. L.R. 79-5(d).

14       13.     Unless a prompt challenge to a Designating Party's confidentiality designation is

15   necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later

16   significant disruption or delay of the litigation, a Party does not waive its right to challenge a

17   confidentiality designation by electing not to mount a challenge promptly after the original

18   designation is disclosed.

19       14.     A Party that elects to initiate a challenge to a Designating Party's confidentiality

20   designation must do so in good faith and must begin the process by conferring (whether orally or

21   in writing) directly with counsel for the Designating Party.  In conferring, the challenging Party

22   must explain the basis for its belief that the confidentiality designation was not proper and must

23   give the Designating Party an opportunity to review the designated material, to reconsider the

24   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

25   designation.  A challenging Party may not seek judicial intervention unless it has first engaged in

26   this meet and confer process.

27       15.     A Party that elects to press a challenge to a confidentiality designation, after

28   considering the justification offered by the Designating Party, may file and serve a motion under

[PROPOSED] PROTECTIVE ORDER

1   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies

2   the challenged material and sets forth in detail the basis for the challenge.  The motion shall

3   include a competent declaration that affirms that the movant complied with the Protective Order

4   and specifies the justification given by the Designating Party during the meet and confer.  The

5   burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until

6   the court rules on the challenge, all parties shall continue to afford the material in question

7   "Confidential" treatment under the terms of this Protective Order.

8        16.    The inadvertent production of any Discovery Material shall be without

9   prejudice to any claim that such Discovery Material is privileged or protected from discovery as

10  work-product or by reason of any other applicable privilege or immunity, including without

11  limitation the attorney-client privilege, and no party shall be held to have waived any rights by

12  such inadvertent production. If the claim of inadvertent production is made pursuant to this

13  Paragraph with respect to information then in the custody of another party, such other party shall

14  promptly return to the claiming party or person that material as to which the claim of inadvertent

15  production has been made and all copies thereof, and the party returning such material shall not

16  use the information with respect to which a claim of inadvertent production has been made for

17  any purpose other than in connection with a motion to compel. The party returning such material

18  may then move the Court for an Order compelling production of the material, but said motion

19  shall not assert as a ground for entering said Order the fact or circumstance of the inadvertent

20  production or the substance (as opposed to the type or nature) of the material; nor shall such

21  motion include or otherwise disclose, as an attachment or exhibit or otherwise, the material (or

22  any portion thereof) which is the subject of such motion.

23       17.    Entering into, agreeing to, producing, or receiving Discovery Material

24  designated as "Confidential" or "Highly Confidential" pursuant to, and/or otherwise complying

25  with the terms of, this Order, or the taking of any action hereunder shall not:

26            a.    Constitute or operate as an admission by any party that any

27  particular document, material, testimony, or thing does or does not contain, reflect, or constitute

28  a trade secret or any other type of Confidential Information;

[PROPOSED] PROTECTIVE ORDER

1    b.  Prejudice in any way the rights of any party to object to the

2 production of documents it considers not subject to discovery, or operate as an admission by any

3 party that the restrictions and procedures set forth herein constitute adequate protection for any

4 particular information deemed by any party to be Confidential or Highly Confidential

5 Information;

6    c.  Prejudice in any way the rights of any party to object to the

7 relevancy, authenticity, or admissibility into evidence of any document, material, testimony, or

8 thing subject to this Order, or otherwise constitute or operate as an admission by any party that

9 any particular document, material, testimony, or thing is or is not relevant, authentic, or

10 admissible into evidence at any deposition, at trial, or in a hearing;

11    d.  Prejudice in any way the rights of a party to seek a determination

12 by the Court whether any Discovery Material or Confidential or Highly Confidential Information

13 should be subject to the terms of this Order;

14    e.  Prejudice in any way the rights of a party to petition the Court for a

15 further protective order relating to any purportedly Confidential or Highly Confidential

16 Information; and/or

17    f.  Prevent the parties to this Order from agreeing to alter or waive the

18 provisions or protections provided for herein with respect to any particular Discovery Material.

19   18.  This Order has no effect upon, and shall not apply to, the parties' use of

20 their own Confidential Information, including Discovery Material designated as "Confidential"

21 or "Highly Confidential" for any purpose. Nothing herein (i) shall prevent a party from

22 disclosing "Confidential" or "Highly Confidential" Discovery Material to officers, directors,

23 employees, agents, or advisors, including investment bankers and accountants, of the

24 Designating Party; or (ii) shall impose any restrictions on the use or disclosure by a party of

25 documents, materials, or information designated "Confidential" or "Highly Confidential" if such

26 documents, materials, or information was both lawfully obtained by and lawfully retained in the

27 possession of such party independently of the discovery proceedings in this Action.

28   19.  In the event additional persons or entities become parties to the Action,

1  none of such parties' counsel, or experts or consultants retained to assist said counsel, or such

2  parties themselves, shall have access to Confidential or Highly Confidential Information

3  produced by or obtained from any other producing person until said party has executed and filed

4  with the Court its agreement to be fully bound by this Order.

5       20.    It is the present intention of the parties that the provisions of this Order

6  shall govern discovery in this Action. Nonetheless, each of the parties hereto shall be entitled to

7  seek modification of this Order, or relief therefrom, by application to the Court on notice to the

8  other parties hereto.

9       21.    The provisions of this Order shall, absent written permission of the Designating

10  Party or further order of the Court, continue to be binding throughout and after the conclusion of

11  the Action, including without limitation any appeals therefrom. Within thirty (30) days after

12  receiving notice of the entry of an order, judgment, or decree finally disposing of all actions

13  between the parties in which Discovery Material designated as "Confidential" or "Highly

14  Confidential" is permitted to be used, including the exhaustion of all permissible appeals, all

**(other than the Court)**

15  persons and entities having received Discovery Material designated as "Confidential" or "Highly

16  Confidential" shall either make a good faith effort to return such material and all copies thereof

17  (including summaries and excerpts) to counsel for the Designating Party or destroy all such

18  Discovery Material designated as "Confidential" or "Highly Confidential" and copies thereof

19  (including summaries and excerpts) and certify that fact to counsel for the Designating Party.

20  Outside counsel for the parties shall be entitled to retain all Filings, court papers, deposition and

21  trial transcripts, and attorney work product (regardless of whether such materials contain or

22  reference Discovery Materials designated as "Confidential" or "Highly Confidential" by any

23  party or non-party), provided that such outside counsel, and employees and agents of such

24  outside counsel, shall not disclose any Confidential Information contained or referenced in such

25  materials to any person except pursuant to court order or agreement with the Designating Party.

26  ~~All materials, if any, returned to the parties or their counsel by the Court likewise shall be~~

27  ~~disposed of in accordance with this Paragraph.~~

28       22.    If any person receiving Discovery Material pursuant to this Order (the

[PROPOSED] PROTECTIVE ORDER

1   "Receiver") is (i) subpoenaed in another action, (ii) served with a demand in another action to

2   which the Receiver is a party by one not a party to this Action, or (iii) served with any other legal

3   process by one not a party to this Action, seeking Discovery Material that was designated as

4   "Confidential" or "Highly Confidential" by someone other than the Receiver, the Receiver shall

5   give actual written notice, by hand or facsimile transmission, within three (3) business days of

6   receipt of such subpoena, demand, or legal process, to the Designating Party. The Receiver shall

7   not produce any of the Discovery Material designated as "Confidential" or "Highly Confidential"

8   by the Designating Party, unless otherwise ordered by a court of competent jurisdiction or agreed

9   in writing by the Designating Party, for a period of at least five (5) business days after providing

10  the required notice to the Designating Party. If, within five (5) business days of receiving such

11  notice, the Designating Party gives notice to the Receiver that the Designating Party opposes

12  production of its "Confidential" or "Highly Confidential" Discovery Material, the Receiver shall

13  not thereafter produce such Discovery Material except pursuant to a court order requiring

14  compliance with the subpoena, demand, or other legal process. The Designating Party shall be

15  solely responsible for asserting any objection to the requested production. Nothing herein shall

16  be construed as requiring the Receiver or anyone else covered by this Order to challenge or

17  appeal any order requiring production of "Confidential" or "Highly Confidential" Discovery

18  Material covered by this Order, or to ~~subject such person to any penalties for non-compliance~~ disobey

19  ~~with~~ any legal process or order, or to seek any relief from this Court.

20      23.    Any person seeking enforcement of this Order may petition the Court by

21  properly noticed motion, pursuant to this Court's rules applicable to the Action, including a

22  concise statement of the specific relief sought.

23      24.    This Order is deemed equally drafted by the Parties.  It shall not be construed

24  more strictly against one party than another merely by virtue of the fact that it, or any part of it,

25  may have been revised or edited by counsel for one of the Parties; it is recognized as the result of

26  arm's length negotiations between the Parties, and all Parties have contributed substantially and

27  materially to the preparation of the Stipulation.

28      25.    This Order is subject to revocation or modification by order of the Court

1  upon written stipulation of the parties, or upon motion and reasonable notice, including

2  opportunity for hearing and presentation of evidence.

3      **26.  For a period of six months after the final termination of this action, this court shall**

4  **retain jurisdiction to enforce the terms of this order.**

5  DATED:  July 2, 2008                    Respectfully Submitted,

6

7                                    /s/ Mark P. Fickes
                                    Mark P. Fickes
8                                    Erin E. Schneider
                                    Attorneys for Plaintiff
9                                    SECURITIES AND EXCHANGE COMMISSION

10

11                                   /s/ Steven M. Bauer
                                    Steven M. Bauer
12                                   Robert E. Sims
                                    David M. Friedman
13                                   Risha N. Jamison
                                    Attorneys for Defendant
14                                   CARL W. JASPER

15

16                              **ORDER**

17                        **(AS MODIFIED BY THE COURT)**

18          PURSUANT TO STIPULATION.  IT IS SO ORDERED
                                          ^

19

20  DATED:  ___July 15, 2008___          _____

21                                       Howard R. Lloyd
                                         United States Magistrate Judge

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER

1

**STIPULATED PROTECTIVE ORDER:  EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

I, _____ [print or type full name], of _____ [print or type

4

full address], declare under penalty of perjury that I have read in its entirety and understand the

5

Stipulated Protective Order Governing Confidentiality that was issued by the United States

6

District Court for the Northern District of California on _____ in the case of *Securities and*

7

*Exchange Commission v. Carl W. Jasper*, CV 07-6122 JW (HRL).  I agree to comply with and to

8

be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

9

that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

10

I solemnly promise that I will not disclose in any manner any information or item that is subject

11

to this Stipulated Protective Order to any person or entity except in strict compliance with the

12

provisions of this Order.  I further agree to submit to the jurisdiction of the United States District

13

Court for the Northern District of California for the purpose of enforcing the terms of this

14

Stipulated Protective Order, even if such enforcement proceedings occur after termination of this

15

action.  I hereby appoint _____ [print or type full name] of _____

16

_____ [print or type full address and telephone number] as my California agent

17

for service of process in connection with this action or any proceedings related to enforcement of

18

this Stipulated Protective Order.

19

Date: _____

20

City and State where sworn and signed: _____

21

Printed name: _____

22

[printed name]

23

Signature: _____

24

[signature]

25

26

27

28

STIPULATED PROTECTIVE ORDER