MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal. Bar No. 178570)
  fickesm@sec.gov
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

**IT IS SO ORDERED AS MODIFIED**
*/s/ James Ware*
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>CARL W. JASPER,<br><br>　　Defendant. | Case No. CV 07-6122 JW<br><br>**STIPULATED DISCOVERY PLAN and [PROPOSED] ORDER** |

　　Pursuant to this Court's September 30, 2008 Order granting in part and denying Mr. Jasper's motion to dismiss (Docket No. 35), plaintiff Securities and Exchange Commission (the "Commission") and defendant Carl W. Jasper ("Mr. Jasper") hereby agree and stipulate to the following Stipulated Discovery Plan.  Although the September 30, 2008 Order directed the parties to develop a discovery plan with the assistance of the assigned Magistrate Judge, the parties were able to resolve all disputes without the need for the Magistrate's assistance, and therefore present this Stipulated Discovery Plan.

**A.   Noticing and Taking Depositions in Excess of the Limitations Provided by FRCP 30(a)(2)(A)**

Each party shall be entitled to notice and take up to 40 depositions of percipient witnesses. The parties agree that no further leave of the Court, pursuant to FRCP 30(a)(2)(A), shall be required in order for a party to notice and take up to 40 such depositions. Any party's exercise of the right to cross-examine a witness noticed by another party will not count toward its deposition limit. The foregoing limits on fact witness depositions are exclusive of expert witness depositions.

Prior to noticing any deposition in excess of the 40 depositions limit, the noticing party must comply with the following steps:

(1) Meet and confer with the opposing party, identifying the person sought to be deposed and why that deposition is needed, in order to obtain agreement that the deposition should go forward.

(2) If agreement that the deposition may go forward is reached between the parties, no further action is required and the party wishing to take the deposition need not seek further leave of Court pursuant to FRCP 30(a)(2) to notice and take the deposition.

(3) If, after meeting and conferring, the parties are unable to reach agreement that the deposition may go forward, the party wishing to take the deposition may seek leave from the Court (Magistrate Judge Lloyd) to take the deposition.

(4) Any application to the Court to take a deposition in excess of the initial 40 depositions shall be in the form of a short and concise statement (less than 4 pages) setting forth the need for the particular deposition and the reasons the parties have not been able to reach agreement. The party opposing the deposition may respond, within three business days after receipt of the opposing party's statement, with a short and concise statement (less than 4 pages) setting forth why the particular deposition is unnecessary and the reasons the parties did not reach agreement. If the opposing party does not so respond, the deposition may proceed.

**B.     Noticing and Taking of Depositions In Excess of the Limitations Provided by FRCP 30(d)(1)**

(1)     To the extent that a party considers a deposition to require time in addition to the single day of seven hours provided by FRCP 30(d)(1), prior to taking the deposition and in connection with scheduling the deposition (per Section C, below) the party will meet and confer first with the opposing party to determine whether agreement can be reached among the parties to a longer period, and then with the deponent (or his or her counsel), informing each why additional deposition time is needed, in order to obtain agreement that the deposition should be extended beyond one day of seven hours.

(2)     If agreement regarding the time to be allocated for the deposition is reached between the parties and the deponent, no further action is required and the party wishing to take the deposition need not seek further leave of Court pursuant to FRCP 30(d)(1) to extend the time of the deposition beyond the seven hour limitation.

(3)     If, after meeting and conferring, the parties or the deponent are unable to reach agreement as to the time to be allotted to the deposition, the party wishing to take the deposition may seek leave from the Court (Magistrate Judge Lloyd) to extend the deposition.

(4)     Any application to the Court to extend the time for a deposition shall be in the form of a short and concise statement (less than 4 pages) setting forth the need for additional time for the deposition and the reasons agreement was not reached.  The person (either a party or a deponent) opposing the deposition may respond, within three business days after receipt of the statement requesting additional time, with a short and concise statement (less than 4 pages) setting forth why the additional time for deposition is unnecessary and the reasons agreement was not reached.  If no response is timely filed, the deposition may proceed with the extended time.

(5)     This agreement does not limit a party's rights under FRCP 30(d)(1) to seek additional opportunity to examine a person after the first day or first seven hours of a deposition to the extent the party makes a showing of need for additional time due to the deponent or another person, or other circumstances, impeding or delaying the examination.

**C.     Scheduling Depositions: Required Meet and Confer**

The parties agree that each will cooperate in good faith in scheduling depositions. To the maximum extent possible, prior to noticing a deposition, a party will contact the opposing party and the deponent (or his or her counsel) to learn of availability and any obstacles to availability during the time period contemplated for the deposition. A party will also notify the opposing party and the deponent (or his or her counsel) if the party believes that the deposition will require more than one day of seven hours to complete, as described in Section B., above.

In offering dates for a deposition, the noticing party will provide alternative dates unless the deponent is unavoidably available only on a single date; if a deponent is temporarily unavailable during most or all of the desired period for taking his or her deposition, the noticing party should first attempt to accommodate him or her and opposing counsel by seeking a deposition during another period.

**D.     Conducting Depositions**

The parties agree to the following procedure for dividing the time allocated for cross-noticed depositions and interposing objections during a deposition:

(1)     In those depositions that are cross-noticed by the SEC or Mr. Jasper, the parties shall cooperate with each other in advance of the deposition to allocate deposition time and to determine the order in which parties shall conduct the examination.

(2)      Only one attorney per party may ask questions or interpose objections during a deposition, unless stipulated otherwise by the opposing party's counsel.

**E.     Schedule for the Remainder of the Litigation**

As set forth in the Court's April 2, 2008 Scheduling Order (Docket No. 30), the following schedule is in place:

| | |
|---|---|
| Last Day to Disclose Expert Witnesses | June 22, 2009 |
| Last Day to Disclose Rebuttal Expert Witnesses | July 6, 2009 |
| Preliminary Pretrial Conference Statement on File | July 10, 2009 |
| Last Day to File Motions Re Objections to Experts | July 13, 2009 |
| Preliminary Pretrial Conference | July 20, 2009 |

| | | |
|---|---|---|
| 1 | Last Day to Hear Motions Re Objections to Experts | August 17, 2009 |
| 2 | Close of Discovery | August 24, 2009 |
| 3 | Last Day to File Dispositive Motions | September 21, 2009 |
| 4 | Last Day to Hear Dispositive Motions | October 26, 2009 |

**F.     Request for Modifications to Expert Discover Schedule**

The parties stipulate to, and request that the Court grant, the following modifications to the above discovery schedule:

| | |
|---|---|
| Last Day to Disclose Rebuttal Expert Witnesses | July 22, 2009 |
| Last Day to File Motions Re Objections to Experts | September 21, 2009 |

**G.     Request for Further Case Management Conference**

On April 1, 2008, the parties participated in an ADR phone conference with G. Daniel Bowling, ADR Program Staff Attorney. The parties indicated their preference for a Settlement Conference before a United States Magistrate Judge to take place after the parties had taken some discovery. The parties believe that they will be able to participate in meaningful settlement discussions by March 2009, and request that the Court set a further case management conference for March 16, 2008 for the purpose of referring this matter to a Magistrate Judge for settlement discussions.

IT IS SO STIPULATED:


DATED:   November __, 2008         /s/ Mark P. Fickes
                                   Mark P. Fickes
                                   Erin E. Schneider
                                   Attorneys for Plaintiff
                                   SECURITIES AND EXCHANGE COMMISSION



                                   /s/  Risha Jamison
                                   Steven M. Bauer
                                   Robert E. Sims
                                   David M. Friedman
                                   Risha Jamison
                                   Attorneys for Defendant
                                   CARL W. JASPER

**[PROPOSED] ORDER AS TO STIPULATED DISCOVERY PLAN**

The parties shall comply with the above terms and procedures as agreed to in their Stipulated Discovery Plan.

The Case Management Conference presently set for November 17, 2008 is hereby vacated and a Further Case Management Conference will be held on March 16, 2009 at 10:00 a.m. On or before March 6, 2009, the parties shall file a Joint Status report to update the Court on the discovery process as well as any settlement efforts between the parties.

IT IS SO ORDERED.

Dated: November 12, 2008

_____
James Ware
UNITED STATES DISTRICT JUDGE