LATHAM & WATKINS LLP
   Steven M. Bauer (Bar No. 135067)
     steven.bauer@lw.com
   Robert E. Sims (Bar No. 116680)
     bob.sims@lw.com
   Margaret A. Tough (Bar No. 218056)
     margaret.tough@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone:   415.391.0600
Facsimile:   415.395.8095

Attorneys for Defendant
CARL W. JASPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>   v.<br><br>CARL W. JASPER,<br><br>           Defendant. | CASE NO. CV 07-6122 JW (HRL)<br><br>DECLARATION OF MARGARET A. TOUGH IN SUPPORT OF DEFENDANT CARL W. JASPER'S MOTION TO COMPEL RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. CV 07-6122 JW (HRL)
TOUGH DECL. ISO JASPER'S MOTION TO COMPEL
RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

I, Margaret A. Tough, declare as follows:

1. I am a member of the bar of the State of California and am an associate of that law firm of Latham & Watkins LLP, counsel of record for defendant Carl W. Jasper. I have personal knowledge of the facts stated herein, unless otherwise indicated, and could and would testify to such facts.

2. On or about May 30, 2008, counsel for Mr. Jasper served plaintiff Securities and Exchange Commission ("SEC") with Mr. Jasper's First Set of Requests For Document Production, a true and correct copy of which is attached hereto as Exhibit 1.

3. On or about July 3, 2008, the SEC served its Response To Defendant Carl W. Jasper's First Set of Requests For Production, a true and correct copy of which is attached hereto as Exhibit 2.

4. Counsel for Mr. Jasper has attempted in good faith to resolve the issues raised by the SEC's inadequate response to Request No. 2 without court action. On July 9, 2009, Steven M. Bauer, counsel for Mr. Jasper, sent a letter to Mark P. Fickes, counsel for the SEC, requesting that the SEC reconsider its response to Mr. Jasper's Document Request No. 2, specifically the SEC's refusal to disclose notes, memos, and documents relating to its meetings and communications with Mr. Gifford. Mr. Bauer also stated that he was available to discuss further, and that if the SEC would not change its position Mr. Jasper would file a motion to compel a further response. *See* Exhibit 40, attached hereto. On July 16, 2009, counsel for Mr. Jasper received a letter from Mr. Fickes stating that the SEC would not produce statements made by Mr. Gifford to SEC staff during investigation of this case. Mr. Fickes also stated that the SEC would not argue that Mr. Jasper failed to satisfy his obligation to meet and confer with regard to such issues. *See* Exhibit 9, attached hereto. In that letter, and again in email correspondence on October 2, 2009 regarding setting the date for this motion to be heard, Mr. Fickes threatened to bring sanctions against Mr. Jasper for bringing this motion. *See* Exhibit 10, attached hereto.

5. The response to Request No. 2 reflected in Exhibit 2 is improper for the reasons set forth in the Memorandum of Points and Authorities filed herewith.

6. Attached hereto as Exhibit 3 is a true and correct copy of a document

1

CASE NO. CV 07-6122 JW (HRL)
TOUGH DECL. ISO JASPER'S MOTION TO COMPEL
RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 entitled "U.S. Securities and Exchange Commission: Litigation Release No. 20381," dated December 4, 2007, which is available on the SEC's website.

7. Attached hereto as Exhibit 4 is a true and correct copy of the complaint filed in *Securities and Exchange Commission v. Maxim Integrated Products, Inc. and John F. Gifford*, Civil Action No. CV 07-6121, filed in this Court on December 4, 2007.

8. Attached hereto as Exhibit 5 is a true and correct copy of the SEC's privilege log, which it produced with its response to Mr. Jasper's First Set of Requests for Production, on or about July 3, 2008.

9. Attached hereto as Exhibit 6 is a true and correct copy of a February 18, 2009 letter from Erin Schneider, counsel for the SEC, to Mr. Bauer.

10. Attached hereto as Exhibit 7 is a true and correct copy of selected pages from the SEC's Enforcement Manual.

11. Attached hereto as Exhibit 8 is a true and correct copy of the transcript of the February 24, 2009 hearing on the SEC's Motion For Protective Order.

12. Attached hereto as Exhibit 9 is a true and correct copy of a July 16, 2009 letter from Mr. Fickes to Mr. Bauer.

13. Attached hereto as Exhibit 10 is a true and correct copy of an October 2, 2009 email exchange between Mr. Fickes and Mr. Bauer.

14. Attached hereto as Exhibit 11 is a true and correct copy of a September 29, 2009 letter from Mr. Bauer to Mr. Fickes.

15. Attached hereto as Exhibit 12 is a true and correct copy of a September 30, 2009 letter from Mr. Fickes to Mr. Bauer.

16. Attached hereto as Exhibit 13 are true and correct copies of three press releases by Maxim Integrated Products, Inc. dated May 23, 2006, June 7, 2006, and July 3, 2006. These press releases are available on, and were downloaded from, Maxim's website.

17. Attached hereto as Exhibit 14 is a true and correct copy of the information contained on the *Wall Street Journal's* website located at *http://online.wsj.com/public/resources/documents/info-optionsscore06-full.html* as it appeared on

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. CV 07-6122 JW (HRL)
TOUGH DECL. ISO JASPER'S MOTION TO COMPEL
RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

1  September 14, 2009.

2        18.    Attached hereto as Exhibit 15 is a true and correct copy of a document
3  bearing bates numbers MXIM-SEC028749 to MXIM-SEC028754 which was identified in the
4  SEC's initial disclosures as having been produced by Maxim Integrated Products, Inc. to the
5  SEC on January 26, 2007.  Discovery has revealed that this documents was sent to the FASB on
6  or about January 30, 2003.

7        19.    Attached hereto as Exhibit 16 is a true and correct copy of a document
8  bearing bates numbers MXIM-SEC028763 to MXIM-SEC028764 which was identified in the
9  SEC's initial disclosures as having been produced by Maxim Integrated Products, Inc. to the
10 SEC on January 26, 2007.

11       20.    Attached hereto as Exhibit 17 is a true and correct copy of the SEC's
12 Initial Disclosures, served on or about March 21, 2008.

13       21.    Attached hereto as Exhibit 18 is a true and correct copy of selected pages
14 of the Form 10-K filed by Maxim Integrated Products, Inc. for the Fiscal Year Ended June 30,
15 2007.

16       22.    Attached hereto as Exhibit 19 is a true and correct copy of the SEC's
17 Response To Defendant Carl W. Jasper's First Set of Interrogatories, served on or about July 3,
18 2008.

19       23.    Attached hereto as Exhibit 20 is a true and correct copy of the SEC's
20 Supplemental Rule 26 Disclosures, served on or about August 5, 2009.  The SEC's supplemental
21 disclosures attached a declaration from Danielle Van Wert, counsel to Maxim's Special
22 Committee.  Ms. Van Wert's declaration is also attached hereto.

23       24.    Attached hereto as Exhibit 21 is a true and correct copy of a document
24 bearing bates numbers SEC 000020 to SEC 000026 which was produced by the SEC to Mr.
25 Jasper on or about July 3, 2008.

26       25.    Attached hereto as Exhibit 22 is a true and correct copy of a document
27 bearing bates number MXIM-SEC029717 which was identified in the SEC's initial disclosures
28 as having been produced by Maxim Integrated Products, Inc. to the SEC on January 26, 2007.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. CV 07-6122 JW (HRL)
TOUGH DECL. ISO JASPER'S MOTION TO COMPEL
RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

1   Also attached within Exhibit 22 is another version of that same note, which was marked as part
2   of Deposition Exhibit 216 during the deposition of Florence Malae, taken in the above-captioned
3   matter on September 3, 2009.

4       26.    Attached hereto as Exhibit 23 is a true and correct copy of a document
5   which was marked as Deposition Exhibit 159 in the deposition of Candace Flett, taken in the
6   above-captioned matter on June 18, 2009.

7       27.    Attached hereto as Exhibit 24 is a true and correct copy of selected pages
8   from the deposition of Florence Malae, taken in the above-captioned matter on September 3,
9   2009.

10      28.    Attached hereto as Exhibit 25 is a true and correct copy of the SEC's
11  Response To Defendant Carl W. Jasper's First Set of Requests for Admission, served on or about
12  September 29, 2009.

13      29.    Attached hereto as Exhibit 26 is a true and correct copy of selected pages
14  from the deposition of Andrew Cook, taken in the above-captioned matter on June 5, 2009.

15      30.    Attached hereto as Exhibit 27 is a true and correct copy of selected pages
16  from the deposition of Sheila Raymond, taken in the above-captioned matter on July 14, 2009.

17      31.    Attached hereto as Exhibit 28 is a true and correct copy of a document
18  bearing bates numbers SEC 000262 to SEC 000266 which was produced by the SEC to Mr.
19  Jasper on or about July 3, 2008.

20      32.    Attached hereto as Exhibit 29 is a true and correct copy of selected pages
21  from the deposition of Walter F. Brown, Jr., taken in the above-captioned matter on September
22  25, 2009.

23      33.    Attached hereto as Exhibit 30 is a true and correct copy of selected pages
24  from the deposition of Danielle Van Wert, taken in the above-captioned matter on September 25,
25  2009.

26      34.    Attached hereto as Exhibit 31 is a true and correct copy of a document
27  bearing bates numbers SEC 000027 to SEC 000046 which was produced by the SEC to Mr.
28  Jasper on or about July 3, 2008.  This document was marked "*CONFIDENTIAL*FOR

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CASE NO. CV 07-6122 JW (HRL)
TOUGH DECL. ISO JASPER'S MOTION TO COMPEL
RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

1  SETTLEMENT PURPOSES ONLY." The SEC's production contained several documents
2  marked with this designation.

3    35. Attached hereto as Exhibit 32 is a true and correct copy of the SEC's
4  Response To Defendant Carl W. Jasper's Second Set of Interrogatories, served on or about
5  October 27, 2008.

6    36. Attached hereto as Exhibit 33 is a true and correct copy of a September
7  18, 2008 letter from Risha N. Jamison, counsel for Mr. Jasper, to Mr. Fickes.

8    37. Attached hereto as Exhibit 34 is a true and correct copy of a September
9  25, 2008 letter from Mr. Fickes to Ms. Jamison.

10    38. Attached hereto as Exhibit 35 is a true and correct copy of the SEC's
11  Notice of Videotaped Deposition of John Gifford and attached subpoena, served on or about
12  September 24, 2008. It set the date for the deposition as January 29, 2009.

13    39. Attached hereto as Exhibit 36 is a true and correct copy of a January 7,
14  2009 email from David Friedman, counsel for Mr. Jasper, to David Siegel, counsel for Mr.
15  Gifford. I am informed that Mr. Gifford passed away on or about January 11, 2009.

16    40. Attached hereto as Exhibit 37 is a true and correct copy of a September
17  16, 2009 letter from Harry A. Mittleman to Mr. Bauer.

18    41. Attached hereto as Exhibit 38 is a true and correct copy of a September
19  23, 2009 letter from Robert B. Humphreys to Mr. Bauer.

20    42. Attached hereto as Exhibit 39 is a true and correct copy of a September
21  21, 2009 letter from Jerome M. Selvers to Mr. Bauer.

22    43. Attached hereto as Exhibit 40 is a true and correct copy of a July 9, 2009
23  letter from Mr. Bauer to Mr. Fickes.

24

25    I declare under penalty of perjury that the foregoing is true and correct. Executed
26  this 6th day of October, 2009 in San Francisco, California.

27

28          /s/
        Margaret A. Tough

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CASE NO. CV 07-6122 JW (HRL)
TOUGH DECL. ISO JASPER'S MOTION TO COMPEL
RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION