# Exhibit 33

**Risha N Jamison**
Direct Dial: (415) 395-8070
risha.jamison@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Dubai | Orange County |
| Frankfurt | Paris |
| Hamburg | Rome |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

File No. 043198-0005

September 18, 2008

**BY EMAIL**

Mark P. Fickes
Trial Counsel
U.S. Securities & Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2600
San Francisco, CA 94104

      Re:     *Securities and Exchange Commission v. Carl W. Jasper*, Case No. 07-6122

Dear Mark,

This is just a quick letter to confirm the main points of our meet and confer discussion on Tuesday, September 16, 2008.

As we discussed, we consider the SEC's responses to Mr. Jasper's First Set of Interrogatories to be incomplete and lacking in detail. As we understand the SEC's position, you believe that your responses provide sufficient detail in light of the more extensive information that you provided in the form of Rule 26 disclosures.

You plan to supplement certain of your interrogatory responses after Maxim restates its financials.

The SEC will provide a list of persons as requested in Interrogatory 1, part (c) in about a week.

The list of grants you provide in response to Interrogatory 1, part (a) currently represent the closed set of grant dates put at issue by the SEC in this matter.

Finally, as for Mr. Gifford's deposition, you plan to schedule it for as late in January as possible to accommodate Steve Bauer's trial schedule. We anticipate needing a full day to question Mr. Gifford as well.

Thank you for your time on Tuesday. If I have misstated the SEC's position on anything, please let me know.

Mark P. Fickes
September 18, 2008
Page 2

LATHAM&WATKINS LLP

Best regards,

Risha N. Jamison
of LATHAM & WATKINS LLP

# Exhibit 34



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**SAN FRANCISCO DISTRICT OFFICE**
**44 Montgomery Street**
**SUITE 2600**
**SAN FRANCISCO, CALIFORNIA 94104**

DIRECT DIAL: 415-705-8103
FAX NUMBER: 415-705-2501

September 25, 2008

*Via E-mail*

Risha N. Jamison
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

   *Re:*  *SEC v. Jasper, C 07-6122 JW*

Dear Risha:

  I write to respond to your September 18 correspondence concerning our meet and confer discussion of September 16. At this point in time, any preliminary analysis that we may have done regarding the "correct" measurement dates for backdated options are protected by the work-product doctrine. Maxim still has not issued its restatement reflecting what measurement dates the company deems appropriate. In short, you have asked for a judgment that would best be made through accounting and/or expert analysis, which we do not expect to have unless or until the accountants, or experts retained by the Commission, have completed their analyses. In addition, given the attempt at Maxim to cover up when grants were truly made, the Commission may not ever be able to ascertain the "true" date for the backdated grants. We also do not believe our case depends on making an affirmative contention as to what each measurement date should be. Consequently, we cannot say at this time whether we will supplement our interrogatory responses in this regard.

  The Commission will supplement its response to Interrogatory 1, part (c) soon. In the mean time, the following people either were involved or may have been involved in the option granting process for the backdated grants and will be identified in our supplemental response: Donna Dickinson, John Gifford, Tony Gilbert, Michaele Greaves, Alan Hale, Robyn Harris, Carl Jasper, Tiffany Keith (formerly Tiffany Jordan), Florence Malae, Sheila Raymond, Tim Ruehle, Erin Streetman, Sandy Wong, Candy Beers, Andy Cook, Kathleen Wilkes, and Deanna Xavier.

  You are correct that the list of grants identified in response to Interrogatory 1, part (a) represent all grants that we currently contend are backdated. If we learn through discovery that other grants were backdated, we will supplement our response accordingly.

  As for Mr. Gifford's deposition, we sent out the notice yesterday. His counsel has expressed a preference for February 2009. We will consider that request and will consult with you and Mr. Bauer about rescheduling.

Risha N. Jamison
September 25, 2008
Page 2

      As we are on the topic of discovery, please let us know when Mr. Jasper's response to our document request will be complete.  In a May 29, 2008 letter, Steve Bauer asked whether the Commission sought discovery of: (1) the Special Committee report to the Maxim board, (b) documents underlying that report, (c) interview memos and notes relating to the investigation, and (d) documents and information relating to the settlement discussions.  In a follow up conversation, I believe that I indicated that if such documents were produced to the plaintiff in the Delaware derivative litigation based on the Court's determination that certain privileges had been waived, then the Commission would be interested in those documents too.  Please let me know whether you have produced these documents, intend to produce them or intend to withhold them.

Very truly yours,

/s/ Mark P. Fickes

# Exhibit 35

1 | MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal Bar No 178570)
2 |   fickesm@sec.gov
ROBERT L. TASHJIAN (Cal. Bar No. 191007)
3 |   tashjianr@sec.gov
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
4 |   schneidere@sec.gov

5 | Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
6 | 44 Montgomery Street, Suite 2600
San Francisco, California 94104
7 | Telephone: (415) 705-2500
Facsimile: (415) 705-2501

8 |

9 |                     UNITED STATES DISTRICT COURT

10 |                  NORTHERN DISTRICT OF CALIFORNIA

11 |                        SAN JOSE DIVISION

12 |

13 | SECURITIES AND EXCHANGE COMMISSION,   Case No.  C-07-6122-JW

14 |            Plaintiff,                **PLAINTIFF SECURITIES AND
                                         EXCHANGE COMMISSION'S NOTICE OF
15 |       v.                            VIDEOTAPED DEPOSITION OF JOHN
                                         GIFFORD**
16 | CARL W. JASPER,

17 |            Defendant.

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

## NOTICE OF VIDEOTAPED DEPOSITION

PLEASE TAKE NOTICE THAT pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, plaintiff Securities and Exchange Commission will take the deposition upon oral examination of John Gifford on Thursday, January 29, 2009, beginning at 9:00 a.m., at the offices of the United States Securities and Exchange Commission, 44 Montgomery Street, Suite 2600, San Francisco, CA 94104. A copy of the deposition subpoena is attached hereto and served herewith.

Please take further notice that the deposition will be recorded by stenographic, audio and videotape means and will take place before a certified shorthand reporter who is authorized to administer oaths.

DATED:          September 24, 2008

Mark P. Fickes
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

## CERTIFICATE OF SERVICE

I, Wendy Huang, am over 18 years of age and not a party to this action.  On September 24, 2008, I served a copy of: PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF VIDEOTAPED DEPOSITION OF JOHN GIFFORD (COPY OF SUBPOENA ATTACHED).

I served true and correct copies via U.S. Mail addressed to the following:

David Siegel, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Steven M. Bauer, Esq.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

John Potter, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

Patrick Doolittle, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

I declare under penalty of perjury that the statements made above are true and correct.

Executed in San Francisco, California on September 24, 2008.

Wendy Huang

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### for the NORTHERN DISTRICT OF CALIFORNIA

Securities and Exchange Commission,

                              Plaintiff,

    vs.                                                      **SUBPOENA IN A CIVIL CASE.**
                                                             CASE NUMBER:  C 07 6122 (JW)
Carl W. Jasper,

_____ Defendant.

     TO:     John Gifford
             c/o David Siegel, Esq.
             Irell &  Manella LLP
             1800 Avenue of the Stars, Suite 900
             Los Angeles, CA 90067

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Securities and Exchange Commission<br>44 Montgomery Street, Suite 2600<br>San Francisco, CA 94104 | 9:00 a.m.<br>January 29, 2009 |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects)

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*       Regional Trial Counsel<br>            Attorney for Plaintiff | DATE<br>September 24, 2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark P. Fickes             Securities and Exchange Commission
(415) 705-8103        44 Montgomery Street, Suite 2600, San Francisco, CA 94104

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| served | | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE<br>By prior arrangement, received by fax and by U.S. mail,<br>acknowledged by recipient, and returned to issuing party |
|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is no limited to, lost earnings and a reasonable attorney's fee.

(2) (A)  A person commanded to produce and permit inspection and copying of designated books  papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that , subject to the provisions of clause
(c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden
(B)  If a subpoena
(I)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit 36

**Friedman, David (SF)**

| | |
|---|---|
| **From:** | Friedman, David (SF) |
| **Sent:** | Wednesday, January 07, 2009 1:33 PM |
| **To:** | 'dsiegel@irell.com' |
| **Subject:** | Jack's Deposition |

David:

We need a date or dates for Jack's deposition. I relayed your message to the team, but feel that Jack's deposition is necessary. Please give us dates in February in which he is available.

Thanks,
Dave

**David M. Friedman**
**LATHAM & WATKINS** LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8238
Fax: +1.415.395.8095
Email: david.friedman@lw.com
http://www.lw.com

# Exhibit 37

## IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Facsimile No.: (310) 203-7199
Telephone No.:  (310) 277-1010
Office Services Ext.: 7698

This communication may contain confidential or privileged information and may constitute inside information. It is intended only for the addressee.  Any distribution, reading, copying, or use of this communication by anyone other than the addressee is strictly prohibited and may be unlawful.  If you received this in error, please notify us immediately by telephone, and return the original communication to us at the above address by mail.  You will be reimbursed for your reasonable expenses. Thank you.

|  |  |  |  |
|---|---|---|---|
| **Date:** | September 16, 2009 | | **VIA FACSIMILE** |
| **Facsimile No.:** | 415.395.8095 | **Sent by:** | |
| **Office Telephone No.:** | | **Reference No.:** | |
| **To:** | Steven Bauer, Esq. | | |
| **From:** | Harry A. Mittleman | **Received by:** | |
| **cc:** | | **Time:** | |
| **No. of Pages:**<br>(including cover page) | three (3) | | |

**Original will be sent via:**  ☐ Mail   ☐ E-mail   ☐ Pouch   ☐ Messenger   ☐ Overnight Courier   [ ] Will not be sent

0.0 01

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIM LE (310) 203-7199
WEBS TE: www.irell.com

WRITER'S DIRECT
TEL PHONE (310) 203-7141
FAX SIMILE (310) 203-7199
I mlilleman@irell.com

September 16, 2009

## VIA E-MAIL & FACSIMILE

Steven Bauer, Esq.
Latham & Watkins
505 Montgomery Street
Suite 2000
San Francisco CA 94111-6538
Fax: 1.415.395.8095
steven.bauer@lw.com

     Re:   Subpoena served on David Siegel, Esq. in re SEC v. Jasper

Dear Mr. Bauer:

    I am the general counsel of Irell & Manella LLP. I received a copy of a sul poena issued on behalf of Mr. Jasper seeking the deposition of my partner, David Siegel.

    The subpoena calls for Mr. Siegel to be deposed on September 21, 2009. As we discussed, that date is not convenient for Mr. Siegel or his counsel. I want to thank you for agreeing that the deposition will not go forward on that date.

    I am writing to explain why it would not be productive to take Mr. Siegel's deposition in this matter. I understand you are seeking testimony regarding an SEC interview where Mr. Siegel represented Jack Gifford. That interview took place two years ago. Mr. Siegel did not take notes during the interview, and he is not able at this date to clearly separate in his recollection what Mr. Gifford said to Staff in response to questions that day from what Mr. Gifford told him on numerous other occasions in a privileged context (Mr. Siegel represented Mr. Gifford in connection with the SEC investigation, related federal and state shareholder derivative suits, and a related investigation by the U.S. Attorney's Office and, during the course of the representation, Mr. Siegel had numerous privileged communications with Mr. Gifford). Mr. Gifford is now deceased and his estate has been substituted in as a named defendant in an ongoing related shareholder class action. Mr. Siegel is instructed by the estate to protect any claim of attorney-client privilege or attorney work product that may be asserted, and Mr. Siegel will not waive privilege.

    For these reasons, it would not be productive to take Mr. Siegel's deposition. I ask that you please reconsider the issue and agree to withdraw the subpoena.

2126142

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Steven Bauer, Esq.
September 16, 2009
Page 2


This letter is without waiver of all other rights and objections to the subpoena, all of
which are expressly preserved.

Sincerely,

Harry A. Mittleman

HAM

2126142

# Exhibit 38

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

## FAX TRANSMISSION

### September 23, 2009

| To | Company | Fax | Phone |
|----|---------|-----|-------|
| Steven Bauer | Latham & Watkins | 1.415.395.8095 | 1.415.395.8083 |

**From:** Robert Humphreys

**Total Pages:** 2

**Direct Dial:** 310.229.1031

**Re:** Deposition of Stephen A. Mansfield

**Message: Please see attached.**

---

684370 0001/011400                     Sender's email. rhumphreys@akingump.com        Sender's fax: 310 229.1001

Floor: LA-22134                         Secretary: Irossi                              Ext: 43840

☒ Return fax via Interoffice Mail       ☐ Hold fax for pickup                         Fax Operation Verification  _____

.

---

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address below

2029 Century Park East, Suite 2400 / Los Angeles, California 90067-3012 / 310 229.1000 / fax: 310 229.1001 / akingump.com

.

# AKIN GUMP
# STRAUSS HAUER & FELD L.L.P

━━━━━━━━━━ Attorneys at Law

**ROBERT B. HUMPHREYS**
310 229.1031/fax  310.229 3864
rhumphreys@akingump.com

September 23, 2009

VIA FACSIMILE AND REGULAR MAIL

Steven Bauer
Latham & Watkins
505 Montgomery Street, Suite 1900
San Francisco, CA 94111

    Re:  Deposition of Stephen A. Mansfield

Dear Mr. Bauer:

You have issued a deposition subpoena to Stephen A. Mansfield. You have indicated that the subpoena is seeking testimony limited to the actual words spoken during meetings between the SEC, our client, and/or his counsel. You contend that the precise words spoken during these meetings are not privileged, not protected by the attorney work product doctrine, and the appropriate subject of civil discovery. We disagree. Nonetheless, without waiving any rights or objections, all of which are expressly reserved, we ask that the deposition subpoena be withdrawn because it would be unproductive to take Mr. Mansfield's deposition.

Mr. Mansfield did not take notes during meetings with the SEC and does not recall what was said. As you know, the settlement at issue is almost two years old and this file has been closed for some time. Whatever vague and imprecise recollection that he has of meetings with the SEC is inextricably intertwined and commingled with memories of privileged and work product communications, of which he had many with his client. He cannot distinguish one from the other and so could not, consistent with his legal and ethical duties, provide any substantive responses to your questions.

Accordingly, there would be no point in taking Mr. Mansfield's deposition. We ask that the deposition subpoena be withdrawn.

Very truly yours,

Robert B. Humphreys

# Exhibit 39

**JEROME M. SELVERS, ESQ.**
**SONNENBLICK, PARKER & SELVERS, P.C.**
**4400 Route 9 South**
**Freehold, NJ 07728**
**(732) 431-1234**
**DIRECT FAX (732)-431-1037**

# FAX

TO:         Steven M. Bauer, Esq. – 415-395-8095
CC:         David Friedman, Esq.

FROM:    Jerome M. Selvers, Esq.

DATE       September 21, 2009

SUBJECT:  SEC v. Jasper:  Subpoenas

PAGES:     2    including cover page

NOTICE: The information contained in this facsimile message is ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION intended ONLY for the use of the individual or entity named herein. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the United States Postal Service. Thank you for your cooperation.

**LAW OFFICE**

**SONNENBLICK, PARKER & SELVERS**
A PROFESSIONAL CORPORATION

FREEHOLD EXECUTIVE CENTER
4400 ROUTE 9 SOUTH
FREEHOLD, N.J. 07728
(732) 431-1234

TELEFAX:
(732) 431-3994

GERALD N. SONNENBLICK
CHARLES R. PARKER
JEROME M. SELVERS*
CHAD N. CAGAN◆
JOHN A. RENTSCHLER
PETER G. LICATA*

*N.J., N.Y. BAR
◆N.J., FL. BAR

September 21, 2009

VIA TELEFAX – 415-395-8095
AND FIRST CLASS MAIL
Steven M. Bauer, Esq.
Latham & Watkins, LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538

Re:    SEC v. Jasper: Subpoenas

Dear Steve:

I spoke with David Friedman this morning concerning subpoenas served on Brad Brian, David Siegel and Stephen Mansfield for the purpose of securing their depositions in connection with their prior representation of Jack Gifford.

As you know, I represent the Estate of John F. Gifford, which through its personal representative, asserts all applicable privileges in connection with the above depositions. I would appreciate if, when scheduling the date(s) of the deposition(s), you would confer with me as well since it is my intention to attend the depositions on behalf of the Estate to protect the attorney/client privilege.

If you have any questions, please do not hesitate to call me.

Thank you.

Very truly yours,

JEROME M. SELVERS
FOR THE FIRM

epa

cc:    David Friedman, Esq. (via telefax)

86744

# Exhibit 40

505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Munich |
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |
| Moscow | |

July 9, 2009

**BY EMAIL**

Mark P. Fickes, Esq.
U.S. Securities & Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2600
San Francisco, CA 94104

Re:  *Securities and Exchange Commission v. Carl W. Jasper*, Case No. 07-6122
     Statements by Jack Gifford

Dear Mark,

When the Magistrate Judge granted the SEC's motion to block a Rule 30(b)(6) deposition to learn what statements Jack Gifford and his lawyers made to the SEC, he noted that he was not addressing a request for documents or an interrogatory response.  We think it is important for Mr. Jasper's defense that he discover the evidence concerning those statements.  Surely, what Maxim's one-man option committee said to the SEC about Maxim's options program – after being carefully prepared by his lawyers -- is relevant to this case and could lead to the discovery of admissible evidence.  We respectfully request that the SEC reconsider its refusal to disclose all notes, memos, and documents relating to its meetings and communications with Mr. Gifford or his representatives.  We also request that the SEC respond to our Interrogatory No. 9 that seeks nonprivileged facts about those interactions.

If the SEC decides to continue to withhold this information, please consider this letter our effort to confer on this issue before we seek a court order.  In particular, we will move the Court for an order requiring the SEC to respond fully to Mr. Jasper's Document Request No. 2:

All DOCUMENTS that refer to, relate to, or reflect any communications, discussions, statements, meetings, interviews, teleconferences involving YOU and John F. Gifford or any of his attorneys. This request is meant to include (but is not limited to) all notes and memoranda of statements by Mr. Gifford, notes of statements by his representatives, memoranda or communications referencing any such statements, documents exchanged or referred to in any discussions, and any PowerPoint presentations shown or provided to YOU by Mr. Gifford or his counsel.

L A T H A M & W A T K I N S LLP

We note that the SEC's privilege log contains at least three entries corresponding to our request, described as "Notes of interview of John Gifford."

We will also move to compel a response to Mr. Jasper's Interrogatory No. 9:

Describe in full all communications between the SEC and Jack Gifford, former CEO of MAXIM, or his representatives, from May 2006 to the present. This interrogatory specifically includes all oral statements, written presentations, correspondence and documents made or exchanged during the SEC investigation concerning Maxim's stock options and during settlement discussions with Mr. Gifford.

We thought that the SEC might be willing to answer an interrogatory to avoid any issues about redacting work product from an interview memo or notes.

In any event, the reasons for our requests are pretty straight-forward (and discussed in our conferences and briefs regarding the deposition request): We believe that statements made by Mr. Gifford and his representatives to the SEC are relevant to the subject matter of the lawsuit that the SEC brought, are reasonably likely to lead to discovery of admissible evidence, and may very well be admissible by themselves. Statements made by a third party are not SEC attorney work product, and there is a substantial need for this information since Mr. Gifford has passed away. One would also expect that those statements formed a basis for the charges the SEC brought against Mr. Gifford, so there is a waiver issue as well. Finally, we do not really understand why the SEC is being so secretive about Mr. Gifford's statements. You have disclosed everyone else's statements (as far as we know), so why not disclose what the one-man option committee said about granting options? Concealing his statements fuels speculation that there is something odd going on here.

I am available to discuss this further with you. Alternatively, if your position will not change, please let me know that and we will file our motion. Thank you.

Very truly yours,

Steven M. Bauer
of LATHAM & WATKINS LLP