United States District Court

For the Northern District of California

1

2          *E-FILED 01-25-2010*

3

4

5

6

7          NOT FOR CITATION

8     IN THE UNITED STATES DISTRICT COURT

9    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10          SAN JOSE DIVISION

11   SECURITIES AND EXCHANGE              No. C07-06122 JW (HRL)
     COMMISSION,
12                                        **ORDER DENYING DEFENDANT'S**
            Plaintiff,                    **MOTION TO COMPEL DOCUMENTS**
13
       v.
14                                        **[Re: Docket No. 70]**
     CARL W. JASPER,
15
            Defendant.
16   _____/

17          In this lawsuit, the Securities and Exchange Commission ("SEC" or "Commission")

18   alleges that defendant Carl Jasper participated in an illegal stock option backdating scheme and

19   submitted false financial statements during his tenure as Chief Financial Officer of Maxim

20   Integrated Products, Inc. ("Maxim").  The essence of the SEC's claims is that Jasper knowingly

21   failed to expense backdated options.  As part of its pre-litigation investigation, the SEC

22   interviewed John Gifford, Maxim's former Chief Executive Officer, now deceased.  This court

23   previously rejected Jasper's attempt to depose the SEC as to Gifford's interview.  (See May 26,

24   2009 Order, Docket No. 52).  Jasper now moves to compel the production of the SEC's notes of

25   that interview.[1]  The SEC opposes the motion, claiming that the notes are opinion work product.

26

27   _____

28        [1]     Jasper also sought the identification of documents shown to Gifford or his
     attorneys prior to or at Gifford's interview.  (See Mot. at 2).  At the motion hearing, the SEC
     agreed to do so.  Plaintiff now represents to this court that it has identified for Jasper the
     documents that were provided to Gifford and his attorneys either prior to or during the
     interview.  (See Docket No. 126).  Accordingly, this issue is deemed moot.

**United States District Court**
For the Northern District of California

1   Upon consideration of the moving and responding papers, as well as the arguments of counsel,

2   this court denies the motion.

3           "The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3),

4   protects 'from discovery documents and tangible things prepared by a party or his

5   representative in anticipation of litigation.'" In re Grand Jury Subpoena, 357 F.3d 900, 906 (9th

6   Cir.2004) (quoting Admiral Ins. Co. v. U.S. Dist. Court, 881 F.2d 1486, 1494 (9th Cir.1989)).

7   Nevertheless, the protection afforded by the doctrine is qualified and may be overcome if the

8   party seeking disclosure shows that the materials are otherwise discoverable under Fed. R. Civ.

9   P. 26(b)(1) and that "it has substantial need for the materials to prepare its case and cannot,

10  without undue hardship, obtain their substantial equivalent by other means." FED.R.CIV.P.

11  26(b)(3)(A)(i), (ii).  However, courts must protect against the disclosure of "opinion work

12  product" — that is, "the mental impressions, conclusions, opinions, or legal theories of a party's

13  attorney or other representative concerning the litigation." FED.R.CIV.P. 26(b)(3)(B).  "Under

14  Ninth Circuit law, such opinion work product is discoverable only if it is '*at issue* in the case

15  and the need for the material is compelling.'" SEC v. Roberts, 254 F.R.D. 371, 375 (N.D. Cal.

16  2008) (quoting Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir. 1992)).

17          The determination whether there has been a waiver of work product protection "requires

18  a court to balance competing interests: 'the need for discovery' with 'the right of an attorney to

19  retain the benefits of his own research.'" SNK Corp. of America v. Atlus Dream Entertainment

20  Co., Ltd., 188 F.R.D. 566, 571 (N.D. Cal. 1999) (quoting Handguards, Inc. v. Johnson &

21  Johnson, 413 F. Supp. 926, 932 (N.D. Cal. 1976)).  The issue of waiver is rooted in principles

22  of fairness.  SNK Corp., 188 F.R.D. at 571 ("Like with waiver of the attorney-client privilege . .

23  . fairness principles should be applied in considering whether work product immunity has been

24  waived.").

25          Here, this court finds that the SEC notes in question are work product, and Jasper fails to

26  convince that there has been a waiver.  He argues that the SEC put its work product at issue by

27  objecting to the admissibility of certain opinions expressed by one of Jasper's designated

28  experts, Daniel Gill.  Briefly stated, defendant believes that certain memos, alleged to have been

2

written by Gifford directing Jasper to expense backdated options, are phony.  Gill opines that the SEC's investigation as to the authenticity of those memos was inadequate.  It was not the SEC that put its work product at issue.  Rather, it was Jasper who chose to retain an expert to opine about certain matters that the Commission claims is work product.

Nor has Jasper shown a substantial need for the SEC's notes.  As stated above, and notwithstanding Gifford's death, Jasper previously failed to persuade this court that he needed to depose the SEC about Gifford's interview.  He now says that he has amassed evidence which, he claims, strongly indicates that certain memos allegedly written by Gifford are fake. He would like to see whether the SEC's notes reveal any information that might exonerate him. But Jasper has information that he claims casts doubt on the authenticity of the Gifford memos. He has not convincingly explained why that translates into a substantial need for the SEC's interview notes to cross-examine witnesses about Maxim's stock option practices or to find even more proof that the memos (and possibly other documents) reportedly written by Gifford are phony.  Although Jasper could not have foreseen Gifford's death, he had opportunity to seek discovery directly from Gifford.  The fact remains that even when Gifford was alive, defendant made virtually no attempt to obtain discovery from him and instead sought discovery of Gifford's statements from the SEC.  While the SEC's notes would no doubt be useful to Jasper, he has not managed to persuade this court that he has a need for the notes that outweighs plaintiff's interest in protecting its work product.

Although Jasper says that he is willing to accept a redacted version of the notes, the SEC contends that any facts that may be contained in the notes cannot be segregated from opinion work product.  (Leach Decl. ¶¶ 5-6; Schneider Decl. ¶¶ 5-6; Fortunato Decl. ¶¶ 5-6).  Without a greater showing of need, this court finds that discovery of the notes is not justified.  See Roberts, 254 F.R.D. at 383 (stating that "revelation of all the purely factual assertions elicited from an interviewee may reveal the questions asked and therefore the attorneys' mental

impressions and conclusions.").

SO ORDERED.

Dated:    January 25, 2010



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

4

1    5:07-cv-6122 Notice has been electronically mailed to:

2    Bill James Symes bsymes@foley.com, rbarcena@foley.com

3    Christopher William Johnstone chris.johnstone@lw.com, #sfdocket@lw.com,
     sara.higgins@lw.com

4
     David Michael Friedman david.friedman@lw.com, #sfdocket@lw.com, sara.higgins@lw.com
5
     Erin E. Schneider schneidere@sec.gov
6
     Heather Lynn Thompson heather.thompson@lw.com, #sfdocket@lw.com,
7    gina.tercero@lw.com, Judy.Thomason@lw.com

8    Judith L. Anderson andersonju@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov

9    Marc J. Fagel fagelm@sec.gov

10   Margaret Tough margaret.tough@lw.com, #sfdocket@lw.com

11   Mark Philip Fickes fickesm@sec.gov, alcairoe@sec.gov, dewingm@sec.gov,
     huangw@sec.gov, johnstonj@sec.gov, maguirep@sec.gov
12
     Risha Nickelle Jamison risha.jamison@lw.com, #sfdocket@lw.com
13
     Robert Lootfi Tashjian tashjianr@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov
14
     Robert S. Leach leachr@sec.gov, bukowskij@sec.gov
15
     Steven Mark Bauer steve.bauer@lw.com, #sfdocket@lw.com, doreen.griffin@lw.com,
16   jennifer.kolin@lw.com

17   Susan F. LaMarca lamarcas@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov

18   Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.
19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California