LATHAM & WATKINS LLP
   Steven M. Bauer (Bar No. 135067)
      steven.bauer@lw.com
   Robert E. Sims (Bar No. 116680)
      bob.sims@lw.com
   Margaret A. Tough (Bar No. 218056)
      margaret.tough@lw.com
   Danielle A. Lackey (Bar No. 252062)
      danielle.lackey@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095

Attorneys for Defendant
CARL W. JASPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>   v.<br><br>CARL W. JASPER,<br><br>      Defendant. | CASE NO. CV 07-6122 JW (HRL)<br><br>DEFENDANT CARL W. JASPER'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE HANDWRITTEN NOTES BY JOHN H. GIFFORD<br><br>(REDACTED)<br><br>Date:    March 22, 2010<br>Time:   11:00 a.m.<br>Place:   Courtroom 8, Fourth Floor<br>          Hon. James Ware |

## **NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE** that on March 22, 2010 at 11:00 a.m., or as soon thereafter as the matter may be heard, in the above entitled Court located at 280 1st St., San Jose, California 95112, Defendant Carl W. Jasper will and hereby does move the Court for an Order, pursuant to the Rules of Evidence, precluding the admission of Securities and Exchange Commission ("SEC") proposed trial Exhibit 165 and any other similar documents that the SEC offers that

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. CV 07-6122 JW (HRL)
DEFENDANT JASPER'S MOTION IN LIMINE TO
EXCLUDE GIFFORD HANDWRITTEN NOTES

1  contain handwritten notes by John H. Gifford.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

CASE NO. CV 07-6122 JW (HRL)
DEFENDANT JASPER'S MOTION IN LIMINE TO
EXCLUDE GIFFORD HANDWRITTEN NOTES

# MEMORANDUM

## I. INTRODUCTION

The SEC proposes to introduce at trial Exhibit 165, a document containing a handwritten note by Maxim CEO Jack Gifford. The Court should preclude it from doing so. After over a year of investigation and two years of litigation, the SEC has now conceded that certain notes written in CEO Jack Gifford's hand – documents that the SEC previously trumpeted in its complaint, press releases, and representations to the Court as evidence of Carl Jasper's fraudulent intent – cannot be authenticated. A parade of experts, lawyers, and witnesses expressed doubts about whether Gifford's notes were fabricated long before the SEC ever filed this case, and Maxim itself refused to consider any handwritten notes by Gifford in connection with its 2009 Restatement because the company believed them to be unreliable. While admittedly a bit late to the party, the SEC has apparently come around to the same view. Though Gifford's handwritten notes are referred to and even quoted in the complaint in this case, the SEC has represented to the Court that they cannot be authenticated and apparently has chosen not to offer any of these documents at trial. It does seek to offer Exhibit 165, however, and may offer other similar documents containing Gifford's handwritten.

Gifford died unexpectedly in early 2009. The SEC interviewed Gifford before his death, but will not reveal whether it even questioned him regarding the legitimacy of his handwritten notes. A number of witnesses familiar with his handwriting cannot attest to when or in what context Gifford put pen to paper, and there is strong evidence, including versions of his notes that are irreconcilable on their face, that a number of Gifford's handwritten notes were fabricated years after the transactions at issue in an effort to exonerate Gifford and cast blame on Jasper. These facts call the trustworthiness of every handwritten document that Gifford authored into question. In the absence of credible evidence that handwritten notes by Gifford were created contemporaneously with the transactions they purport to relate to, the Court should preclude their admission into evidence in this case. These documents are not business records or co-conspirator admissions.[1] Defendant Carl Jasper respectfully requests an Order from the Court

---

[1] See Defendant Jasper's Motion in Limine to Exclude Co-Conspirator Statements.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. CV 07-6122 JW (HRL)
DEFENDANT JASPER'S MOTION IN LIMINE TO
EXCLUDE GIFFORD HANDWRITTEN NOTES

precluding proposed Exhibit 165 and any other similar documents that the SEC seeks to offer containing handwritten notes by Jack Gifford.

## II. SUMMARY OF THE FACTS

The SEC charged Jasper with intentional securities fraud for his alleged participation in a years-long scheme to backdate stock options when he was the CFO of Maxim. Throughout this litigation, the SEC has alleged that Jasper was the individual most culpable at Maxim, and its evidence for this conclusion was a series of handwritten notes that Gifford purportedly gave Jasper instructing him to expense certain options, which Jasper ignored. As a result of the defense's investigation, it has now come to light that Gifford likely manufactured these "expensing" notes years after the fact. The defense has also uncovered evidence that the SEC was warned that Gifford's handwritten notes may have been fabricated. Instead of investigating these concerns, the SEC incorporated the handwritten notes into the very heart of its case against Mr. Jasper, citing to them in its Complaint, press release, and representations to Jasper and to the Court.[2]

In the face of the evidence that the Gifford "expensing" notes are likely false, the SEC is now apparently retreating from its previous positions and does not propose to introduce the notes at trial. The SEC is, however, seeking to rely on other, similar Gifford documents, but questions about the reliability of some of Gifford's handwritten statements cast doubt on them all.

## III. DISCUSSION

### A. Gifford's Handwritten Notes Are Inherently Unreliable

After over two years of pointing to Gifford's handwritten notes as the reason for its charging decisions in this case, the SEC now confirms that it "doesn't think" it can

---

[2] First Amended Complaint ("FAC") at ¶¶ 27, 29, 31, 33, attached as Exhibit DX-48 to the Declaration of Danielle A. Lackey in Support of Carl W. Jasper's Motion *in Limine* to Exclude Gifford Handwritten Notes. ("Lackey Decl. Re: Handwritten Notes MIL"). *Id.* at Ex. DX-49 (Litigation Release No. 20381); *id.* at Ex. DX-50 (Motion for Protective Order Hearing Tr.) at 15-16; *id.* at Ex. DX-51 (Reply Brief in Support of Motion for Protective Order) at 8; *id.* at Ex. DX-52 (Supplemental Response to Jasper's First Set of Interrogatories) (*see, e.g.,* Response to Interrogatories No. 4 at 20:15-16, No. 6 at 28:26-29:1, No. 7 at 35:16-18).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. CV 07-6122 JW (HRL)
DEFENDANT JASPER'S MOTION IN LIMINE TO
EXCLUDE GIFFORD HANDWRITTEN NOTES

authenticate the notes with statements Gifford made during his SEC interview.[3] Indeed, not a single one of the notes cited in the Complaint are included in the SEC's proposed trial exhibit list.[4] This comes as no surprise to Mr. Jasper. From the time the notes were first produced, they have been suspicious.

### 1. Gifford's Handwritten Notes Appear To Be Self-Exculpatory Fabrications

One of the Gifford notes exists in two distinct versions that are irreconcilable on their face. The first is a typed memo with a handwritten notation from Gifford reading "Hot! Carl – These options are approved."[5] The second version, on the identical typed memo, has an altogether different handwritten note: "Carl – I've made changes on the attached. Just use a $20/22 price. It's too late to do in Oct. It's an expense but it's OK."[6] The Magistrate Judge described the notes as follows:

> It's two copies of a typed memo from Gifford to Jasper ... and both of them purport to have a handwritten note by Gifford, but they are different notes. That's strange.[7]

The first has a fax header dated "Mar 03 03," and Florence Malae, Jasper's former assistant, testified that she sent this document to Tim Ruehle on that date in 2003.[8] In contrast, the second version, which includes the handwritten instruction to book an expense, has a fax header of "DEC-14-2006." Ms. Malae testified that she has no recollection of this latter version of the document.[9] Little possibility remains that Gifford could have written both notes contemporaneously with the transaction to which they refer. Based on its review of the discovery in this case, the defense has uncovered similar problems with all "expensing" notes that Gifford purportedly wrote.

Gifford's colleagues and employees at Maxim have consistently testified that they

---

[3] *Id.* at Ex. DX-53 (Motion to Compel Hearing Tr.) at 13:4-8.
[4] *Id.* at ¶ 2
[5] *Id.* at Ex. DX-54 (Dep. Ex. 158).
[6] *Id.* at Ex. DX-55 (Dep. Ex. 159).
[7] *Id.* at Ex. DX-50 (Motion To Compel Hearing Tr.) at 13.
[8] *Id.* at Ex. DX-56 (Malae Dep. Tr. 119:21-120:4).
[9] *Id.* at Ex. DX-56 (Malae Dep. Tr. 126:19-22).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CASE NO. CV 07-6122 JW (HRL)
DEFENDANT JASPER'S MOTION IN LIMINE TO
EXCLUDE GIFFORD HANDWRITTEN NOTES

never knew Gifford to recommend recording a stock expense, and that it would have been contrary to his nature do so.[10] Maxim's former stock option administrator confirmed that she could not recall ever receiving an instruction from Gifford to expense options.[11] Indeed, she expressed doubt about a particular "expensing" note, because she "just [didn't] see that Jack would have written on here an expense this option or whatever it says… It just seems out of character, totally out of character."[12] And the auditors of the Restatement – the people charged with reviewing all evidence associated with Gifford's decisions – came to the same conclusion. Their review of the documents led them to "disregard[] as a form of evidence" handwritten notes or *any* documents originating from Gifford because there was "concern as to whether it would have been reliable or not."[13] The Special Committee even retained an independent handwriting analyst to examine Gifford's handwritten notes, and his findings were "inconclusive" because he was unable to determine whether the notes were made at or about the time they were purported to have been.[14]

### 2. The SEC Failed to Investigate The Legitimacy of Gifford's Handwritten Notes

The unreliable nature of evidence containing Gifford handwritten notes should come as no surprise to the SEC; it has been on notice of these evidentiary failings since before this case began. Lead counsel for Maxim's Special Committee alerted the SEC to concerns about the Gifford notes in *February 2007*, seven months before the SEC interviewed Gifford and ten months before it filed charges against Jasper. At this meeting, and another several months later, counsel called the SEC's attention to the following five reasons to doubt the authenticity of the notes:[15]

- "[T]he notion of Mr. Gifford proposing that the company take an expense charge was very much at odds with what I had come to learn about Mr.

---

[10] *Id.* at Ex. DX-57 (Raymond Dep. Tr. 222:1-13; 223:4-13).
[11] *Id.* at Ex. DX-58 (Raymond Interview Tr. 129:22-131:21).
[12] *Id.*
[13] *Id.* at Ex. DX-59 (Angel Dep. Tr. 103:14-104:18).
[14] *Id.* at Ex. DX-60 (Van Wert Dep. Tr. 75:10-76:24).
[15] *Id.* at Ex. DX-61 (Brown Dep. Tr. 15:4-17:18; 19:5-16; 21:4-8).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CASE NO. CV 07-6122 JW (HRL)
DEFENDANT JASPER'S MOTION IN LIMINE TO
EXCLUDE GIFFORD HANDWRITTEN NOTES

Gifford's nature, that he was very opposed to expens[ing]."

- The Special Committee was never able to obtain the handwritten original versions of these notes, despite numerous requests.

- Gifford's handwriting – which was "known to have been very sloppy" – appeared suspiciously legible, as if he were writing for an audience.

- The notes were mostly written on separate pieces of paper, and "at least one witness had expressed concern that that was not consistent with [Gifford's] regular course of business."

- Concerns about the circumstances under which some of the notes were found.

In response to these words of caution, the SEC devoted only a "couple of minutes" to discussion of the notes, and never followed-up on the matter.[16] This is curious in light of the fact that the SEC was still investigating Gifford at that time, and Gifford's reputation as an opponent to stock option expensing preceded him. In 2003, he sent a six-page letter to the FASB arguing against expensing options, and later issued a press release describing option expensing as "bad accounting, a bad rule."[17]

As a final red flag about Gifford's handwritten statements, the SEC interviewed one of the purported recipients of a Gifford "expensing" note, Maxim's corporate counsel Tony Gilbert, several times prior to charging Jasper. The SEC sent him copies of two notes prior to his November 2007 interview, including the one ostensibly addressed to him.[18] Though the SEC has not disclosed the content of this interview, Gilbert offered sworn testimony later in the case that ███████████████████████████████████████████.[19] We can only assume that, if asked, Gilbert gave the same response to the SEC in 2007.

In light of the facial inconsistencies, dubious content, and Special Committee warnings about Gifford's handwritten notes, it would certainly have been reasonable for the SEC to confront Gifford with some difficult questions at his September 11, 2007 interview. Instead,

---

[16] *Id.* at Ex. DX-61 at Tr. 19:1-23.
[17] *Id.* at Ex. DX-62 (MXIM-SEC028763-64).
[18] *Id.* at Ex. DX-63 (SEC 001831-42).
[19] ███████████████████████

1 the "interview" was a mere conference call,[20] and the SEC did not even require that it take place
2 under oath. What is more, in order to secure the interview, the SEC broke with regular policy
3 and permitted Gifford to amend its "Queen for a Day" proffer. The standard terms read:

> With respect to any civil or administrative actions brought against
> you by the Commission or its staff, the Commission will not offer
> at any trial or other proceeding, any statements made by you at the
> Meeting, except with respect to false statements made at this
> Meeting evidencing obstruction of justice, perjury, or other
> violations of the law based upon the *inaccuracy or incompleteness*
> of the statements...[21]

8 In the agreement signed by Gifford, however, the SEC permitted him to cross out
9 the statement "or incompleteness,"[22] thereby eliminating any potential consequences for false
10 omissions.

### 3. The SEC Incorporated the Unreliable Evidence Into Its Pleadings

Rather than investigate the many warnings about Gifford's notes, the SEC time and time again incorporated the handwritten instructions into its claims. The December 2007 First Amended Complaint and press release announcing the filing of this case cite directly to Gifford's purported "expensing" instructions.[23] In February of 2009, the SEC explained its decision to charge Jasper with fraud:

> [T]he Commission alleged additional specific facts supporting its
> fraud allegations against [Jasper]. For example, the Commission
> alleges that Gifford instructed Jasper on at least four occasions to
> [a] record compensation expense in connection with certain of the
> backdated grants.[24]

---

[20] *Id.* at Ex. DX-65 (Fax dated September 11, 2007, SEC 001828-30) ("Terms of 9/11/07 Phone Meeting").

[21] *Id.* at SEC 001829 (emphasis added).

[22] *Id. See also Id.* at Ex. DX- 67 (Email dated September 10, 2007, SEC 001845-46) ("The staff is willing to strike the words 'or incompleteness' from the form proffer agreement for the meeting tomorrow").

[23] *Id.* at Ex. DX-48 (FAC), ¶¶ 27, 29, 31. "[I]n a handwritten note to Jasper, Maxim's CEO stated: 'I would like to use [a price from eight weeks ago] for our employees but we will have to expense the difference if it is material.' No compensation expense was recorded for any of Maxim's 'in-the-money' option grants." *Id.* at 33. *Id.* at Ex. DX-49 (Litigation Release No. 20381, dated December 4, 2007). In contrast to Mr. Gifford, who settled with the SEC pursuant to a pre-arranged agreement of approximately $800,000 in financial penalties, Mr. Jasper faces fraud charges, significant penalties, and a lifetime bar on continuing his career as a public company officer. *Id.*

[24] *Id.* at Ex. DX-51 (Reply Brief in Support of Motion for Protective Order) at 8

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

7

CASE NO. CV 07-6122 JW (HRL)
DEFENDANT JASPER'S MOTION IN LIMINE TO
EXCLUDE GIFFORD HANDWRITTEN NOTES

The SEC also represented to the Court in oral argument that the notes formed the basis of the its allegations against Carl Jasper:

> We allege that on certain occasions Mr. Gifford sent notes to Mr. Jasper saying 'We're late on getting this [] work done, you need to expense it. You need to take an expense charge.[25]

But now, after over two years of staking its position on the handwritten Gifford notes, the SEC has finally agreed with the suspicions raised by witnesses, auditors, and Special Committee lawyers. The SEC's motion for summary judgment made no mention of the Gifford notes. On November 17, 2009, the SEC was explicit: "[W]e don't think we can authenticate the notes with Mr. Gifford's statements at the interview."[26] And not one of the notes cited in the Complaint is listed in the SEC's proposed trial exhibit list to be used in its case against Carl Jasper.[27]

The strong evidence that a number of Gifford's handwritten notes were fabricated, the SEC's failure to investigate the concerns raised about these notes, and the SEC's willingness to make factual allegations in this case that it now concedes it cannot prove, all suggest that the Court should not admit into evidence any handwritten documents by Gifford that are offered for their truth unless there is independent evidence that the notes were drafted contemporaneously.

**B. The SEC's Concession That Some Notes Are False Calls Into Question The Authenticity of All Similar Documents**

The evidence that Gifford falsified the "expensing" instructions casts doubt on anything written in his hand. The driving principle behind all hearsay exceptions is reliability. The "general rule excluding hearsay" is subject to exception only "under circumstances supposed

---

[25] *Id.* at Ex. DX-50 (Motion for Protective Order Hearing Tr.) at 15:24-16:2. The SEC reiterated this position in its July 2009 supplemental interrogatory responses. *Id.* at Ex. DX-49 (Litigation Release No. 20381); *Id.* at Ex. DX-50 (Motion for Protective Order Hearing Tr.); *Id.* at Ex. DX-51 (Reply Brief in Support of Motion for Protective Order) at 8; *Id.* at Ex. DX-52 (*see, e.g.*, response to Interrogatories No. 4 at 20:15-16, No. 6 at 28:26-29:1, No. 7 at 35:16-18), and revised its Rule 26 disclosures in August in an apparent attempt to lay an evidentiary foundation for three of the notes. *Id.* at Ex. DX-68 (Van Wert Decl.), ¶ 12

[26] *Id.* at DX-53 (Motion to Compel Hearing Tr.) at 13:3-9.

[27] *Id.* at. ¶2.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

8

CASE NO. CV 07-6122 JW (HRL)
DEFENDANT JASPER'S MOTION IN LIMINE TO
EXCLUDE GIFFORD HANDWRITTEN NOTES

to furnish guarantees of trustworthiness."[28] A business record is said to bear "indicia of trustworthiness" if a witness with personal knowledge offers testimony that the document was made or transmitted at or near the time of the incident recorded, and kept in the course of regularly conducted business activity. *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1183 n. 4 (9th Cir 1988); *NLRB v. First Termite Control Co.*, 646 F.2d 424 (9th Cir. 1981). None of Gifford's handwritten statements fulfill these requirements. And even a co-conspirator statement must be made during the course and in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

"There is no more facile method of creating favorable evidence than writing a self-exculpatory note." *Lust v. Sealy, Inc.*, 383 F.3d 580, 588 (7th Cir. 2004). Fabricated evidence constitutes hearsay with "no warrants of reliability." *Id.* (excluding self-exculpatory and inconsistent notes by an employer that justified his otherwise unlawful behavior). Evidence must be excluded where the "*source* of information or the method or circumstances of preparation indicate a lack of trustworthiness." *In re Cirrus Logic Secs Litig.*, 946 F. Supp. 1446, 1469 (N.D. Cal. 1996) (emphasis added)(Internal citation omitted). The source of all handwritten Gifford documents is one and the same, and the proclivity to falsify records that informed his "expensing" notes cannot be separated from the remainder of his handwritten statements; they all lack the "indicia" of a trustworthy business record. *United States v. Bonallo*, 858 F. 2d 1427, 1436 (9th Cir. 1988) (altered records admissible as proof "that they were in fact altered," but would have been "unreliable" as a record of routine business).

The SEC acknowledges that it cannot authenticate the "expensing" notes by anything Gifford said during his SEC interview.[29] Yet he was the only person with knowledge of how the documents were "made or transmitted" and whether it was "at or near the time" of the incident recorded. *Beyene*, 854 F.2d at 1183 n. 4. With his death went the possibility of any percipient witness offering authenticating testimony about the notes. Though some company

---

[28] Adv. Comm. Note Fed. R. Evid. 802.

[29] Lackey Decl. Re: Handwritten Notes MIL Ex. DX-53 (Motion to Compel Hearing Tr.) at 13:3-9.

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

9

CASE NO. CV 07-6122 JW (HRL)
DEFENDANT JASPER'S MOTION IN LIMINE TO
EXCLUDE GIFFORD HANDWRITTEN NOTES

employees may be able to authenticate Gifford's handwriting, they cannot attest to the contemporaneity of these statements with the underlying events. For example, when one of Gifford's former administrative assistant was questioned about a Gifford "expensing" note, she identified his handwriting, but could not remember ever transcribing the note, and testified that she "wouldn't know" about specific documents.[30]

Similarly, Exhibit 165 is a typed communication that was printed in hard copy, and on which Gifford purportedly made a handwritten notation.[31] The underlying record reads:

> Jack, Brian Hood started on July 17th when Maxim stock closed at 76.125. Please approve Brian's stock option as of July 27th at a closing price of 63.5625.

Gifford's handwritten response states: "Rob/Carl – I have no idea how to do this. Do you." Gifford's administrative assistant authenticated Gifford's handwriting, but did not testify to the circumstances or timing of the document's creation.[32] The reliability of this document cannot be assured, because it –and all exhibits like it – suffer from the same defects as the dubious "expensing" notes. Without independent evidence that the note was drafted contemporaneously with the transaction at issue, it should be excluded.

## IV. CONCLUSION

For the foregoing reasons, Mr. Jasper respectfully requests that his motion *in limine* be granted, and that the Court issue an Order precluding the admission of Securities and Exchange Commission ("SEC") proposed trial exhibit 165 and any other similar documents that the SEC offers that contain handwritten notes by John F. Gifford.

Dated:  February 22, 2010                              Respectfully submitted,

---

[30] Lackey Decl. Re: Handwritten Notes MIL Ex. DX-69 (Flett Dep. Tr. 44:1-5).
[31] *Id.* at DX-70 (Dep. Ex. 165).
[32] *Id.* at DX-69 (Flett Dep. Tr. 134:25-137-10).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

CASE NO. CV 07-6122 JW (HRL)
DEFENDANT JASPER'S MOTION IN LIMINE TO
EXCLUDE GIFFORD HANDWRITTEN NOTES

| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| 2 | Steven M. Bauer |
|   | Robert E. Sims |
| 3 | Margaret A. Tough |
|   | Danielle A Lackey |
| 4 | |
| 5 | By _____/s/_____ |
|   | Danielle A. Lackey |
| 6 | Attorneys for Defendant |
|   | Carl W. Jasper |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

CASE NO. CV 07-6122 JW (HRL)
DEFENDANT JASPER'S MOTION IN LIMINE TO
EXCLUDE GIFFORD HANDWRITTEN NOTES