IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Securities and Exchange Commission,<br><br>      Plaintiff,<br>  v.<br>Carl W. Jasper,<br>      Defendant. | NO. C 07-06122 JW<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE ORDER DENYING MOTION TO COMPEL DOCUMENTS** |

On January 25, 2010, Magistrate Judge Lloyd issued an Order Denying Defendant's Motion to Compel Documents. (hereafter, "Order," Docket Item No. 128.) In that Order, Judge Lloyd found, in pertinent part, that pursuant to the work-product doctrine, the SEC is not required to produce its notes of an interview with John Gifford, the now deceased former CEO of Maxim Integrated Products, Inc. ("Maxim"). (Order at 1-2.)

Presently before the Court is Defendant Objections to Magistrate Order Denying Motion to Compel Documents. (hereafter, "Objections," Docket Item No. 129.) Defendant contends that the Order is contrary to law on the grounds, *inter alia*, that: (1) Gifford's statements to the SEC are relevant to the defense; (2) the notes of what Gifford actually said are not opinion work product; (3) Defendant has a substantial need for the notes because he cannot depose Gifford; and (4) the SEC waived any work-product protection by making "testimonial use" of the notes in seeking to exclude Defendant's expert Daniel Gill. (Objections at 6-13.)

A district court may modify a magistrate judge's ruling on a non-dispositive matter, such as an order to compel discovery, if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. §

636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). Pursuant to Civil Local Rule 72-2, the court may not grant a motion objecting to a Magistrate Judge's order without first giving the opposing party an opportunity to brief the matter.[1] See Civ. L.R. 72-2.

In his Order, Judge Lloyd specifically found that the SEC's notes of Gifford's interview are work product, and that the SEC had not waived any work-product protection. (Order at 2.) Judge Lloyd further found that the SEC did not put its work product at issue by seeking to exclude Defendant's expert, but that it was actually Defendant who put the work product at issue when he retained an expert to opine that the SEC's investigation into the authenticity of Gifford's handwritten memos was inadequate. (Id. at 3.) Judge Lloyd also determined that Defendant did not adequately show that his need to examine the notes outweighs the SEC's interest in protecting its work product, and that Defendant did not make sufficient effort to depose Gifford while he was alive. (Id.) Finally, Judge Lloyd found that the SEC could not simply provide a redacted version of the notes because the SEC has made a showing that any facts that may be contained in the notes cannot be segregated from opinion work product. (Id.)

The Court finds that Judge Lloyd's Order is not clearly erroneous or contrary to law. First, although it is undisputed that the contents of the Gifford interview notes may be relevant to the defense, that fact does not impact the analysis of whether the notes are "documents and tangible things prepared by a party or his representative in anticipation of litigation." In re Grand Jury Subpoena, 357 F.3d 900, 906 (9th Cir. 2004) (internal quotation omitted).

Second, as to Judge Lloyd's finding that the notes constitute work product, Defendant relies on Laxalt v. McClatchy[2] to support his contention that Judge Lloyd erred by taking at face value the SEC's claim that it cannot reasonably segregate any facts contained in the notes from opinion work product. (Objections at 7.) In Laxalt, the Court found that "a government attorney may not protect a

---

[1] Plaintiff has filed an Opposition to Defendant's Objection. (See Docket Item No. 100.)

[2] 116 F.R.D. 438 (D. Nev. 1987).

2

1  verbatim witness statement from disclosure . . . merely by including its text in a memorandum
2  prepared for use in litigation." 116 F.R.D. at 443. The Court finds Laxalt inapposite to the present
3  circumstances because there is no indication that the notes contain Gifford's verbatim statement
4  rather than merely paraphrased excerpts or the interviewer's impressions of Gifford's words.

5  Defendant also criticizes Judge Lloyd's reliance on SEC v. Roberts[3] for the proposition that
6  "revelation of all the purely factual assertions elicited from an interviewee may reveal the questions
7  asked and therefore the attorneys' mental impressions and conclusions." (Objections at 8.) While
8  Defendant contends that the Roberts court's use of the word "all" and its ultimate approval of
9  counsel's offer to produce a redacted version of the notes at issue distinguish that case from the case
10 here, the Court finds that the proposition for which Judge Lloyd quoted Roberts remains legally
11 sound and does not provide any basis on which to find legal error.

12 Third, Defendant contends that Gifford's death creates a sufficient need to overcome the
13 SEC's claim of work product protection. (Objections at 9.) However, none of the cases that
14 Defendant relies on to support his contention hold that a witness' death alone creates such a
15 substantial need. See United States v. Graham, 555 F. Supp. 2d 1046, 1051-52 (N.D. Cal. 2008); In
16 re Grand Jury Investigation, 599 F.2d 1224, 1231-32 (3d Cir. 1979); Copperweld Steel Co. v.
17 Demag-Mannesmann-Bohler, 578 F.2d 953, 963 n.14 (3d Cir. 1978). In each of those cases, the
18 unavailability of a witness was only one factor among several that each court took into consideration
19 when granting a motion to compel. Moreover, Defendant admits that it delayed its deposition of
20 Gifford for strategic reasons and does not deny that it had the opportunity to depose Gifford before
21 his death. Defendant provides no legal authority that would indicate that Judge Lloyd's
22 consideration of that missed opportunity was somehow improper.

23 Finally, the Court finds unpersuasive Defendant's contention that the SEC waived any work-
24 product protection of its Gifford interview notes by making "testimonial use" of them in seeking to
25 exclude Defendant's expert Daniel Gill. (Objections at 12-13.) Defendant admits that the SEC

---

[3] 254 F.R.D. 371, 383 (N.D. Cal. 2008).

3

objected to Mr. Gill's testimony on the ground that he "does not know what investigatory steps the Commission undertook to investigate the authenticity of the Gifford notes." (Objections at 13.) The Court finds no basis on which to conclude that Judge Lloyd committed error when he found that it was Defendant, through the testimony of his expert witness, who put the authenticity of the notes at issue. It is not unreasonable to conclude that the SEC's objection to Mr. Gill's testimony on the ground that he lacked any basis for his opinions regarding the adequacy of the SEC's investigation is not a testimonial use of work product.

The Court finds that Judge Lloyd's determinations that the Gifford interview notes constitute work product and that Defendant's need for the notes is insufficient to overcome any work-product protection were not clearly erroneous or contrary to law. Accordingly, the Court OVERRULES Defendant's Objections to Judge Lloyd's Order.

Dated: March 31, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bill James Symes bsymes@foley.com
Christopher William Johnstone chris.johnstone@lw.com
Danielle Andrea Lackey danielle.lackey@lw.com
David Michael Friedman david.friedman@lw.com
Erin E. Schneider schneidere@sec.gov
Heather Lynn Thompson heather.thompson@lw.com
Judith L. Anderson andersonju@sec.gov
Marc J. Fagel fagelm@sec.gov
Margaret Tough margaret.tough@lw.com
Mark Philip Fickes fickesm@sec.gov
Risha Nickelle Jamison risha.jamison@lw.com
Robert Lootfi Tashjian tashjianr@sec.gov
Robert S. Leach leachr@sec.gov
Steven Mark Bauer steve.bauer@lw.com
Susan F. LaMarca lamarcas@sec.gov

**Dated: March 31, 2010**               **Richard W. Wieking, Clerk**

                                                **By:    /s/ JW Chambers**
                                                     **Elizabeth Garcia**
                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California