IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Securities and Exchange Commission, | NO. C 07-06122 JW |
| Plaintiff, | **ORDER RE: MOTIONS *IN LIMINE*** |
| v. | |
| Carl Jasper, | |
| Defendant. | |

Presently before the Court are the parties' Motions *in Limine*. The Court considers the parties' Motions in turn.

**A.    Plaintiff's Motions *in Limine*** 

    **1.    Motion *in Limine* No. 1**

        **a.    Preclude Use of Evidence**

Plaintiff moves to preclude Defendant from introducing certain evidence regarding scienter and materiality on the ground that Defendant's invocation of the Fifth Amendment prevented Plaintiff from obtaining such evidence. (See Docket Item No. 134.) Plaintiff contends that the Court should not allow Defendant to present any evidence that was withheld from Plaintiff, which includes a letter outlining Maxim's treatment of certain stock option grants and an e-mail from Maxim's outside counsel. (Id.) Defendant responds that the referenced letters were available to both parties and was not withheld from Plaintiff. (See Docket Item No. 168.)

Only evidence that was actually shielded by a party's invocation of the Fifth Amendment should be barred. See SEC v. Zimmerman, 854 F. Supp. 896, 899 (N.D. Ga. 1993); SEC v.

1  Softpoint, Inc., 958 F. Supp. 846, 859 (S.D.N.Y. 1997); SEC v. Benson, 657 F. Supp. 1122, 1129
2  (S.D.N.Y. 1987); U.S. v. 4003-4005 5th Ave., Brooklyn, NY, 55 F.3d 78, 86 (2d Cir. 1995).

3      It is the Court's order that any evidence shielded from Plaintiff by Defendant's invocation of
4  the Fifth Amendment may not be introduced at trial. However, to the extent that the two letters
5  referenced above were not withheld from Plaintiff, they may be introduced once properly
6  authenticated. Accordingly, the Court DENIES Plaintiff's request to exclude the letter outlining
7  Maxim's treatment of certain stock option grants and the e-mail from Maxim's outside counsel.

8      **b.    Permit Adverse Inference**

9      Plaintiff moves to allow an instruction to the jury that it may draw an adverse inference
10 against Defendant based on his invocation of the Fifth Amendment privilege against self-
11 incrimination during the SEC investigation and during discovery. (See Docket Item No. 134.)
12 Plaintiff contends that the jury is entitled to draw an adverse inference because Defendant refused to
13 testify about his knowledge of how options at Maxim were priced and accounted for. (Id.)
14 Defendant responds that he asserted the Fifth Amendment as to each of Plaintiff's questions, and for
15 that reason it is not possible to draw any specific inferences from the invocation. (See Docket Item
16 No. 168.)

17     An adverse inference jury instruction about assertions of the Fifth Amendment is proper
18 when there is (1) substantial need for the information, (2) no less burdensome way of obtaining the
19 information, and (3) independent evidence of the fact about which the party refuses to testify.
20 Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 912 (9th Cir. 2008).

21     Here, Defendant has refused to testify about his knowledge with respect to how options were
22 priced, and only he can provide direct evidence of such knowledge. Further, there is independent
23 circumstantial evidence of Defendant's scienter, namely testimony from Maxim employees and
24 documents drafted by Defendant. Thus, the requirements set forth in Nationwide are satisfied.
25 Accordingly, the Court GRANTS Plaintiff's request for an adverse inference jury instruction.

26     In sum, the Court DENIES in part and GRANTS in part Plaintiff's Motion *in Limine* No. 1.

27
28

### 2. Motion *in Limine* No. 2

Plaintiff moves to exclude the following categories of evidence: (1) evidence or argument that Maxim's former (and now deceased) CEO's settlement with Plaintiff is inconsistent with the evidence in Plaintiff's case; (2) argument relating to Plaintiff's pretrial investigation in the case against Defendant; (3) argument that certain notes handwritten by Maxim's former CEO are false and that Plaintiff knew they were false when it filed the case against Defendant; (4) evidence or arguments about Plaintiff's prefiling investigation; (5) testimony by Plaintiff's attorneys and staff; (6) testimony by lawyers for Maxim's former CEO who have no first-hand knowledge about what happened at Maxim; and (7) partial opinions of the lawyer hired by Maxim to conduct its internal investigation. (See Docket Item No. 140.) Plaintiff contends that this evidence represents an attempt by Defendant to distract the jury and raise an issue that Plaintiff should be estopped from prosecuting the case. (Id. at 2-3.) Defendant responds that while the evidence may go towards an estoppel defense, the evidence represents a critical part of his defense on the merits, namely that the former CEO falsified documents to shift blame to Defendant. (See Docket item No. 171.)

The Court finds that the issues raised in the present Motion relate to how the evidence will be used at trial and not the admissibility or inadmissibility of the evidence. Accordingly, the Court DENIES Plaintiff's Motion *in Limine* No. 2 without prejudice to Plaintiff raising specific objections at trial in the event that Defendant attempts to argue or introduce such evidence.

### 3. Motion *in Limine* No. 3

Plaintiff moves to preclude the testimony of Defendant's expert, Daniel F. Gill, on the grounds that (1) he is unqualified, (2) his only opinions are legal conclusions as to the sufficiency of Plaintiff's investigation preceding this litigation, and (3) insufficient foundation has been offered for the admissibility of particular documents. (See Docket Item No. 135.) Defendant responds that his expert is qualified. (See Docket No. 169.)

Upon review, the Court finds that Defendant has presented sufficient evidence of Mr. Gill's qualifications to avoid exclusion. For example, Mr. Gill has twenty-eight years of investigative and forensic accounting experience. See Fed. R. Evid. 702, 703. Moreover, Plaintiff's contentions as to

3

1 Mr. Gill's methodology and opinions are more appropriately addressed through cross-examination
2 than a motion to exclude. Thus, the Court finds that exclusion is not warranted. Accordingly, the
3 Court DENIES Plaintiff's Motion *in Limine* No. 3 without prejudice to raising specific objections at
4 trial.

### 4. Motion *in Limine* No. 4

Plaintiff moves to exclude the testimony of Defendant's expert Daniel R. Fischel, on the ground that his opinions are unverifiable, based on unreliable data, and more likely to confuse than assist the jury. (See Docket Item No. 136.) Defendant responds that Mr. Fischel is a renowned expert in law and economics with substantial qualifications. (See Docket Item No. 175.)

Upon review, the Court finds that the parties' dispute goes to the weight, not admissibility of Mr. Fischel's opinions. See Fed. R. Evid. 702, 703. Plaintiff's contentions as to Mr. Fischel's methodology and opinions are more appropriately addressed through cross-examination than a motion to exclude. Thus, the Court finds that exclusion is not warranted. Accordingly, the Court DENIES Plaintiff's Motion *in Limine* No. 4 without prejudice to raising specific objections at trial.

### 5. Motion *in Limine* No. 5

Plaintiff moves to preclude or limit testimony from Defendant's expert Charles Lundelius, on the ground that this expert merely offers speculative opinion. Plaintiff contends that Mr. Lundelius never reviewed deposition transcripts of the two employees in Maxim's stocking administration department who performed the day-to-day work for the options granting process. (See Docket Item No. 137.) Defendant responds that Mr. Lundelius does not opine whether and how the process was actually performed and thus it was not necessary for him to review the employees' deposition transcripts. (See Docket Item No. 177.)

To the extent that Mr. Lundelius is offered as an expert on the GAAP, he will be permitted to testify in that area. However, to the extent that Mr. Lundelius never conducted a review of Maxim's procedure regarding options granting, he may not opine on whether Maxim's granting process complied with GAAP. Accordingly, the Court GRANTS in part and DENIES in part Plaintiff's Motion *in Limine* No. 5 without prejudice to raising further specific objections at trial.

4

**6.    Motion *in Limine* No. 6**

Plaintiff moves to preclude Defendant from questioning Howard Mulcahey, an economist retained by Plaintiff to provide expert testimony, about a 15 year-old lawsuit involving Mr. Mulcahey. (See Docket Item No. 138.) In that case, the Second Circuit affirmed a ruling which found Mr. Mulcahey liable for tortious interference with business relations. (Id.) Plaintiff contends that both the jury verdict against Mr. Mulcahey and the Second Circuit opinion are extrinsic evidence that should not be admitted into evidence. (Id. at 3.) Defendant represents that he does not intend to use this evidence but reserves the right to impeach Mr. Mulcahey's testimony in the event that Plaintiff's direct examination of Mr. Mulcahey brings the matter into question. (See Docket Item No. 167.)

Upon review, the Court finds that this Motion is governed by the ordinary rules of evidence and is raised prematurely considering Defendant's representation that he would not introduce such evidence unless Plaintiff brings the matter into question. See Fed. R. Evid. 402, 403, 608(b). Accordingly, the Court DENIES Plaintiff's Motion *in Limine* No. 6 as premature and without prejudice to renew in the event that Defendant attempts to improperly introduce evidence of Mr. Mulcahey's 15 year-old lawsuit.

**7.    Motion *in Limine* No. 7**

Plaintiff moves to exclude reference to the settlement between Plaintiff and John Gifford to support Defendant's case that he did not commit the violations charged by Plaintiff. (See Docket Item No. 139.) Defendant responds that Plaintiff's settlement terms with Gifford were made in public pleadings, not in a private settlement contract, and that he should be able to use the settlement documents to prove Plaintiff's prior inconsistent statements and challenge Gifford's credibility. (See Docket Item No. 173.)

To the extent that Plaintiff intends to introduce statements made by Gifford as part of its case- in-chief, Defendant will be allowed to reference the settlement to show bias. Accordingly, the Court DENIES Plaintiff's Motion *in Limine* No. 7 without prejudice to rasing specific objections at trial in the event that Defendant attempts to use the settlement to prove more than bias.

B. **Defendant's Motions** *in Limine*

1. **Motion** *in Limine* **No. 1**

Defendant moves to preclude Plaintiff from referring to, or submitting evidence of (1) Maxim's 10-K for the fiscal year ending June 24, 2006; (2) Maxim's Draft Restatement Memorandum; (3) Maxim's January 31, 2007, January 17, 2008, and September 30, 2008 press releases; and (4) the expert witness testimony of Albert Vondra to the extent it relies on Maxim's Restatement. (See Docket Item No. 143.) Defendant moves on the grounds that the Restatement is a negotiated compromise, applied accounting standards not in place at the time of the alleged offenses, and addresses stock grants that occurred prior to Defendant's assumption of the CFO position. (Id. at 1.) Plaintiff responds that the Restatement is a business record and admissible under the Federal Rules of Evidence. (See Docket Item No. 165.)

The business records exception of Federal Rule of Evidence 803(6) provides that a memorandum, report, record, or data compilation is not excluded by the hearsay rule if it is

> made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodial or other qualified witness, or by certification . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Restatements are business records. In re WorldCom, Inc. Securities Litigation, No. 02 Civ.3288, 2005 WL 375313, *6 (S.D.N.Y. Feb. 17, 2005).

Upon review, the Court finds that the documents may fall within the business records exception if properly authenticated. For example, the Restatement is a report made at or near the time of the accounting review by those with knowledge of Maxim's books. The circumstances of its creation do not indicate that it lacks trustworthiness. Thus, the Court finds no basis to grant an exclusion of the documents at this time. Further, to the extent that Defendant's sole ground for excluding the expert testimony of Mr. Vondra is based on the fact that he relied on the Restatement, it is denied. Accordingly, the Court DENIES Defendant's Motion *in Limine* No. 1 without prejudice to renew at trial once these documents are at issue.

6

### 2. Motion *in Limine* No. 2

Defendant moves to preclude Plaintiff's proposed trial exhibit 165 "and any other similar documents that the SEC offers that contain handwritten notes by John F. Gifford." (See Docket Item No. 144.) Plaintiff responds that the writing in exhibit 165 has been authenticated and the exhibit is admissible under Rules 803(1) and 803(3). (See Docket Item No. 163.)

Exhibit 165 is a typed communication that was printed in hard copy, and on which Gifford purportedly made a handwritten notation as follows: "Rob/Carl – I have no idea how to do this. Do you." Upon review, the Court finds that Exhibit 165 is admissible for at least the purpose of showing the recipient (Defendant's) state of mind. See Fed. R. Evid. 803. Additionally, Defendant has not specified which "other similar documents" he seeks to exclude. Thus, the Court finds no basis for excluding Plaintiff's proposed trial Exhibit 165 or "other similar documents" at this time. Accordingly, the Court DENIES Defendant's Motion *in Limine* No. 2.

### 3. Motion *in Limine* No. 3

Defendant moves to preclude any reference to, or adverse inference from, Defendant's invocation of his Fifth Amendment right to remain silent on the ground that Plaintiff cannot meet the standard for introducing such evidence. (See Docket Item No. 145.) Plaintiff responds that Defendant is the primary source of information as to Defendant's state of mind, and that the Court would be well within its discretion to allow an adverse inference. (See Docket Item No. 161.)

Consistent with its ruling on Plaintiff's Motion *in Limine* 1, Section B, the Court DENIES Defendant's Motion *in Limine* No. 3.

### 4. Motion *in Limine* No. 4

Defendant moves to preclude the introduction of certain electronic documents unless a proper foundation has been laid. (See Docket Item No. 146.) Plaintiff responds that it has provided adequate foundational evidence of each electronic document that it seeks to introduce, and that it plans to introduce some electronic records for non-hearsay purposes or under hearsay exceptions other than that for business records. (See Docket Item No. 164.)

The Court finds that Defendant's request is premature at this time. The Court will rule at the appropriate time as to whether the business records exception applies to any specific document Plaintiff seeks to introduce. Accordingly, the Court DENIES Defendant's Motion *in Limine* to Exclude Hearsay Statement without prejudice to Defendant raising specific objections at trial.

### 5.  Motion *in Limine* No. 5

Defendant seeks an Order precluding Plaintiff from introducing any co-conspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E) on the ground that the evidence cannot support a finding that a conspiracy existed between Defendant and any other Maxim employee. (See Docket Item No. 147.) Plaintiff responds that Defendant does not identify any evidence put forth by Plaintiff for which the sole basis for admissibility is Fed. R. Evid. 801(d)(2)(E), and that regardless, Plaintiff has put forth ample admissible evidence to make the necessary showing under Fed. R. 801(d)(2)(E). (See Docket Item No. 162.)

Fed. R. 801(d)(2)(E) provides that a statement is not hearsay if "[t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."

The Court finds that granting Defendant's Motion would require the Court to find that as a matter of law, Defendant did not have any co-conspirators. The Court is not willing to make such a sweeping determination in the context of an evidentiary ruling. Furthermore, the Motion is premature because Defendant does not identify any specific piece of evidence that Plaintiff seeks to introduce as a co-conspirator statement. See United States v. Martinez, 1993 U.S. App. LEXIS 22069. Accordingly, the Court DENIES Defendant's Motion *in Limine* No. 5.

Dated: March 31, 2010

JAMES WARE
United States District Judge

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bill James Symes bsymes@foley.com
Christopher William Johnstone chris.johnstone@lw.com
Danielle Andrea Lackey danielle.lackey@lw.com
David Michael Friedman david.friedman@lw.com
Erin E. Schneider schneidere@sec.gov
Heather Lynn Thompson heather.thompson@lw.com
Judith L. Anderson andersonju@sec.gov
Marc J. Fagel fagelm@sec.gov
Margaret Tough margaret.tough@lw.com
Mark Philip Fickes fickesm@sec.gov
Risha Nickelle Jamison risha.jamison@lw.com
Robert Lootfi Tashjian tashjianr@sec.gov
Robert S. Leach leachr@sec.gov
Steven Mark Bauer steve.bauer@lw.com
Susan F. LaMarca lamarcas@sec.gov

**Dated: March 31, 2010**          **Richard W. Wieking, Clerk**

　　　　　　　　　　　　　　　　　　　　　**By:    /s/ JW Chambers**
　　　　　　　　　　　　　　　　　　　　　　　　**Elizabeth Garcia**
　　　　　　　　　　　　　　　　　　　　　　　　**Courtroom Deputy**