IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Securities and Exchange Comm'n, | NO. C 07-06122 JW |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR STAY** |
| v. | |
| Carl W. Jasper, | |
| Defendant. | |

Presently before the Court is Carl W. Jasper's ("Defendant") Motion for Stay of Judgment Without Bond, or in the Alternative, With a Substitute Security, Pending Appeal. (hereafter, "Motion to Stay," Docket Item No. 332 (filed under seal).) Defendant moves for a stay without a bond on the ground that he cannot afford the Judgment or a bond. (Motion to Stay at 1.) The SEC responds that Defendant should be required to post a bond and provide an assurance that he shall not transfer any of his assets while the stay is pending.[1]

On April 23, 2010, a jury found Defendant, the former Chief Financial Officer of Maxim Integrated Products, Inc. ("Maxim"), liable for securities fraud, falsely certifying Maxim's periodic financial reports, and making false statements to Maxim's auditors. (See Docket Item No. 247.) On July 21, 2010, the Court entered Judgment and entered an Injunction in which the Court permanently enjoined Defendant from violating the federal securities laws, ordered him to pay a civil penalty of $360,000 and an additional $1,869,639 as forfeiture of bonuses and stock sales. (See Docket Item No. 300.) On November 5, 2010, the Court entered an Amended Judgment clarifying the terms of its Injunction. (See Docket Item No. 327.)

---

[1] (Securities and Exchange Commission's Opposition to Motion for Stay of Execution of Judgment Pending Appeal at 1, hereafter, "Opp'n," Docket Item, No. 334 (filed under seal).)

Under Federal Rule of Civil Procedure 62(d), an appellant may obtain a stay from enforcement of a judgment "by posting a supersedeas bond acceptable to the court." See Matter of Combined Metals Reduction Co., 557 F.2d 179, 193 (9th Cir. 1977). The posting of a bond, however, is not the only way to obtain a stay. Walnut Creek Manor, LLC v. Mayhew Ctr., LLC, No. C 07-5664 CW, 2010 U.S. Dist. LEXIS 22988, at *20 (N.D. Cal. Feb. 22, 2010). Rather, a district court has the inherent authority to stay the execution of a judgment without requiring that any bond be posted, or by requiring some alternate form of security. Id.; see also Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1367 (9th Cir. 1990) ("[A] district court may permit security other than a bond"); Am. Color Graphics v. Travelers Property Cas. Ins. Co., No. C 04-3518 SBA, 2007 U.S. Dist LEXIS 40600, at *3 (N.D. Cal. May 22, 2007).

Here, the Court finds that the SEC will not suffer any real prejudice from a stay but that enforcing the Judgment in full may prejudice Defendant. Accordingly, the Court finds it appropriate to stay execution of the Judgment pending appeal, provided that Defendant posts a supersedeas bond. The issue becomes what amount is appropriate. Defendant has submitted documentation that his liquid assets are minimal, and his total assets are not sufficient to cover the Judgment.[2] Defendant's most valuable asset is his home valued at $890,000. (Lackey Decl., Ex. A.) Upon review of the papers submitted, the Court finds that a bond in the amount of $110,000, along with a lien on Defendant's home, will provide sufficient security pending Defendant's appeal.

The SEC contends that, if the Court awards a stay, Defendant should be enjoined from transferring assets and required to provide the Commission with updates of his financial condition. (Opp'n at 1.) Thus, the Court further orders that Defendant: (1) make no transfer of any asset valued at over $1,500; and (2) provide the SEC with sworn financial statements every month to evidence his income and financial situation.

---

[2] (Declaration of Danielle A. Lackey in Support of Motion for Stay of Execution of Judgment Without Bond, or in the Alternative, With a Substitute Security, Pending Appeal, Ex. A, hereafter, "Lackey Decl.," Docket Item No. 333.)

Accordingly, the Court GRANTS in part and DENIES in part Defendant's Motion for a Stay. The stay is effective upon the Court's approval of a bond and lien posted by Defendant. On or before **December 20, 2010**, Defendant shall post a bond in the amount of $110,000 and evidence of a lien on Defendant's home with the SEC as the beneficiary.

Dated: December 15, 2010

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bill James Symes bsymes@foley.com
Christopher Benjamin Campbell christopher.campbell@lw.com
Christopher William Johnstone chris.johnstone@lw.com
Danielle Andrea Lackey danielle.lackey@lw.com
David Michael Friedman david.friedman@lw.com
Erin E. Schneider schneidere@sec.gov
Heather Lynn Thompson heather.thompson@lw.com
Judith L. Anderson andersonju@sec.gov
Marc J. Fagel fagelm@sec.gov
Margaret Tough margaret.tough@lw.com
Mark Philip Fickes fickesm@sec.gov
Risha Nickelle Jamison risha.jamison@lw.com
Robert E. Sims bob.sims@lw.com
Robert Lootfi Tashjian tashjianr@sec.gov
Robert S. Leach leachr@sec.gov
Steven Mark Bauer steve.bauer@lw.com
Susan F. LaMarca lamarcas@sec.gov

**Dated:  December 15, 2010**                    **Richard W. Wieking, Clerk**

                                                **By:   /s/ JW Chambers            **
                                                       **Elizabeth Garcia**
                                                       **Courtroom Deputy**