IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Securities and Exchange Comm'n, | NO. C 07-06122 JW |
| Plaintiff, | **ORDER SUSTAINING SEC'S OBJECTION TO DEFENDANT'S LODGED DEED OF TRUST** |
| v. | |
| Carl W. Jasper, | |
| Defendant. | |

Presently before the Court is the SEC's Objection to Carl W. Jasper's ("Defendant") Lodged Short Form Deed of Trust and Assignment of Rents. (hereafter, "Objection," Docket Item No. 346.) The SEC objects to Defendant's Deed of Trust on the grounds that it does not comply with the Court's prior Order. (Objection at 1.)

On April 23, 2010, a jury found Defendant, the former Chief Financial Officer of Maxim Integrated Products, Inc. ("Maxim"), liable for securities fraud, falsely certifying Maxim's periodic financial reports, and making false statements to Maxim's auditors. (See Docket Item No. 247.) On July 21, 2010, the Court entered Judgment and entered an Injunction in which the Court permanently enjoined Defendant from violating the federal securities laws, ordered him to pay a civil penalty of $360,000 and an additional $1,869,639 as forfeiture of bonuses and stock sales. (See Docket Item No. 300.) On December 15, 2010, the Court granted in part Defendant's Motion for a Stay of the Judgment pending his appeal, and ordered Defendant to post a bond in the amount of $110,000 and evidence of a lien on Defendant's home valued at $890,000 with the SEC as the beneficiary. (hereafter, "December 15 Order," Docket Item No. 340.) On January 4, 2011, Defendant submitted an Undertaking for an Appeal in the amount of $110,000 and a Deed of Trust in the principal sum of $250,000 on Defendant's house.

The Court finds that Defendant's Deed of Trust does not comply with the terms of the Court's December 15 Order. The Deed of Trust that Defendant submitted for only $250,000 is substantially less than the appraised value of Defendant's home. The Court's December 15, 2010 Order did not provide for a $250,000 lien, nor did Defendant ever request a $250,000 lien. (See Docket Item Nos. 332, 340.) Moreover, Defendant's current Deed of Trust leaves a substantial portion of the $2,229,639 Judgment unsecured.

Accordingly, the Court SUSTAINS the SEC's Objection and ORDERS that on or before **January 14, 2011**, Defendant shall lodge with the Court evidence of a revised deed of trust for the full value of his home.

Dated: January 7, 2011

JAMES WARE
United States District Chief Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bill James Symes bsymes@foley.com
Christopher Benjamin Campbell christopher.campbell@lw.com
Christopher William Johnstone chris.johnstone@lw.com
Danielle Andrea Lackey danielle.lackey@lw.com
David Michael Friedman david.friedman@lw.com
Erin E. Schneider schneidere@sec.gov
Heather Lynn Thompson heather.thompson@lw.com
Judith L. Anderson andersonju@sec.gov
Marc J. Fagel fagelm@sec.gov
Margaret Tough margaret.tough@lw.com
Mark Philip Fickes fickesm@sec.gov
Risha Nickelle Jamison risha.jamison@lw.com
Robert E. Sims bob.sims@lw.com
Robert Lootfi Tashjian tashjianr@sec.gov
Robert S. Leach leachr@sec.gov
Steven Mark Bauer steve.bauer@lw.com
Susan F. LaMarca lamarcas@sec.gov

**Dated: January 7, 2011**               **Richard W. Wieking, Clerk**

                                **By:    /s/ JW Chambers**
                                       **Elizabeth Garcia**
                                       **Courtroom Deputy**